UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CITY OF WARREN GENERAL EMPLOYEES' RETIREMENT SYSTEM,<br><br>*Plaintiff*,<br><br>v.<br><br>CELGENE CORP., INC., et al.,<br><br>*Defendants*. | Civil Action No. 18-4772 (JMV)(JBC)<br><br>**OPINION & ORDER** |
| CHARLES H. WITCHCOFF, Individually and on Behalf of All Others Similarly Situated,<br><br>*Plaintiff*,<br><br>v.<br><br>CELGENE CORP., INC., et al.,<br><br>*Defendants*. | Civil Action No. 18-8785 (JMV)(JBC) |

This matter comes before the Court by way multiple motions to appoint lead plaintiff and class counsel, in addition to motions to consolidate. D.E. 9, 10, 14, 17, 20, 21, 22, 23, 24 in Civ. No 18-4772; D.E. 10 in Civ. No. 18-8785. The Court reviewed the submissions made in support and in opposition, and considered the motions without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons stated below, the motion filed by Plaintiff AMF Pensionsförsäkring AB ("AMF"), D.E. 24 in Civ. No. 18-4772, is **GRANTED**. The remaining motions, D.E. 9, 10, 14, 17, 20, 21, 22, 23 in Civ. No. 18-4772 and D.E. 10 in Civ. No. 18-8785 are **DENIED**.

# INTRODUCTION

On March 29, 2018, Plaintiff City of Warren General Employees' Retirement System ("Warren") filed a class action complaint seeking remedies under the Securities Exchange Act of 1934 (the "1934 Act"). Warren alleged that Defendants Celgene Corporation ("Celgene") and certain Celgene officers made false statements that concealed adverse information and misled investors about Celgene's current and prospective business. Warren brought suit on behalf of all persons or entities who purchased Celgene common stock between September 12, 2016 and February 27, 2018. Warren Compl. ¶ 1, D.E. 1, No. 18-4772.

On May 3, 2018, Plaintiff Charles H. Witchcoff also filed a class action complaint under the 1934 Act against Celgene and certain Celgene executives, alleging that Celgene and certain Celgene executive officers made false statements concerning Celgene's current and long-term financial outlook. Witchcoff brought suit on behalf of all persons and entities who purchased or acquired Celgene common stock between January 12, 2015 and February 27, 2018. Witchcoff Compl. ¶ 1, No. 18-8785.

On May 29, 2018, ten separate motions were filed in the Warren case and one was filed in the Witchcoff matter; each sought to consolidate the two cases, and appoint a lead plaintiff and class counsel. D.E. 9, 10, 13, 14, 17, 21, 22, 23, 24 in Civ. No. 18-4772; D.E. 10 in Civ. No. 18-8785. By June 18, 2018, however, every movant except AMF had withdrawn its motion or filed a notice of non-opposition to AMF's motion. D.E. 25, 26, 27, 29, 30, 31, 32, 33, 34 in Civ. No. 18-4772; D.E. 11 in Civ. No. 18-8785. As a result, only AMF's motion remains. D.E. 24, 35 in Civ. No. 18-4772.

## MOTION TO CONSOLIDATE

The Private Securities Litigation Reform Act ("PSLRA") provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," a court must decide the motion to consolidate before appointing a lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(ii). Accordingly, the Court will address this issue first.

Pursuant to Federal Rule of Civil Procedure 42(a), cases may be consolidated if they involve "a common question of law or fact." Here, the two suits at issue rely on the same public statements and reports regarding Celgene's pipeline products, name similar defendants, and assert claims arising out of § 10(b) (and the corresponding Rule 10b-5) and § 20(a) of the 1934 Act. The two matters clearly involve common questions of law and fact, and consolidation will promote efficiency and avoid unnecessary costs or delay. *See, e.g., Garcia v. Intelligroup, Inc.*, No. 04-4980, 2015 WL 6074922, at *2 (D.N.J. Aug. 10, 2015) (consolidating securities class actions because the cases arose from the same set of facts, and "[e]ach of the Related Actions [was] filed pursuant to various provisions of the federal securities law, and name[d] the same or similar defendants"). As a result, AMF's motion to consolidate is **GRANTED**.

## MOTION TO APPOINT LEAD PLAINTIFF

Pursuant to the PSLRA, a court must "appoint as lead plaintiff the member or members of the purported class that the Court determines to be the most capable of adequately representing the interests of the class members." 15 U.S.C. § 78u–4(a)(3)(B). Further, courts "adopt a presumption that the most adequate plaintiff" is the person or group of persons that "has the largest financial interest in the relief sought by the class; and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* § 78u–4(a)(3)(B)(iii). In deciding a motion to appoint a lead plaintiff, a court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a),

"and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification." *Sapir v. Averback*, No. 14-7331, 2015 WL 858283, at *2 (D.N.J. Feb. 26, 2015) (citing *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 924 (3d Cir. 1992)). The presumption may be rebutted if the presumptively lead plaintiff "will not fairly and adequately protect the interests of the class; or is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u–4(a)(3)(B)(iv).

AMF is the presumptive lead Plaintiff here. AMF allegedly lost $25,072,826 as a result of Celgene's material misstatements and omissions. AMF maintains that this is the largest known financial interest in the relief sought by the class (AMF's Br. at 7-8), and no other party that filed a motion to be appointed lead plaintiff asserted that it lost a comparable amount. *See* D.E. 35 in Civ. No. 18-4772. Moreover, AMF also satisfies the requirements of Rule 23(a) based on the information currently available. Namely, AMF, like other members of the proposed class, seeks to recover the losses it allegedly incurred as a result of Defendants' misrepresentations and omissions. In addition, given its substantial financial losses, it is interested in vigorously pursuing the claims asserted against Defendants. *See* AMF Br. at 8-10. Consequently, AMF satisfies the typicality and adequacy requirements of Rule 23(a). Finally, no party has made any argument suggesting that AMF will not fairly and adequately protect the class interests, or that it would be subject to any unique defenses. Consequently, AMF's motion to be appointed lead plaintiff is **GRANTED**.

## MOTION TO APPOINT LEAD COUNSEL

The PSLRA also states that "[t]he most adequate plaintiff shall, subject to the approval of court, select and retain counsel to represent the class." 15 U.S.C. § 78u–4(a)(3)(B)(v). In this instance, AMF has selected and retained Kessler Topaz Meltzer & Check LLP ("Kessler Topaz")

4

to serve as Lead Counsel, and Carella Byrne Cecchi Olstein Brody & Agnello, PC ("Carella Byrne") and Seeger Weiss, LLP ("Seeger Weiss") to serve as Co-Liaison Counsel for the class. AMF's Br. at 10. Kessler Topaz specializes in prosecuting complex class actions and is currently serving as lead or co-lead counsel in several securities class actions. Carella Byrne and Seeger Weiss also have substantial experience litigating class actions. *Id.* As a result, AMF's motion to appoint lead counsel is **GRANTED**.

## CONCLUSION & ORDER

For the foregoing reason, and for good cause shown,

IT IS on this 26th day of September, 2018

**ORDERED** that AMF Pensionsförsäkring AB's motion to appoint lead plaintiff, for consolidation of related actions, and approval or selection of counsel (D.E. 24 in Civ. No. 18-4772) is **GRANTED**; and it is further

**ORDERED** that the securities class actions filed as Civil Action Nos. 18-4772 and 18-8785 shall be consolidated for all purposes including trial under Civil Action No. 18-4772, and shall bear the following caption:

| IN RE CELGENE CORPORATION, INC. SECURITIES LITIGATION | Civil Action No. 18-cv-4772 (JMV) (JBC) |
|---|---|

All papers filed in connection with the Consolidated Action need only be filed in Civil Action No. 18-4772; and it is further

**ORDERED** that AMF Pensionsförsäkring AB is appointed as lead plaintiff, and it is further

5

**ORDERED** that Kessler Topaz Meltzer & Check LLP is appointed lead counsel, and Carella Byrne Cecchi Olstein Brody & Agnello, PC along with Seeger Weiss, LLP will serve as Co-Liaison Counsel for the class; and it is further that

**ORDERED** that lead counsel shall be generally responsible for coordinating the activities of plaintiffs' counsel in the Consolidated Action, including the following:

(1) Coordinate the briefing and argument of motions;

(2) Coordinate the conduct of discovery proceedings;

(3) Coordinate the examination of witnesses in depositions;

(4) Coordinate the selection of counsel to act as a spokesperson at pretrial conferences;

(5) Call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

(6) Coordinate all settlement negotiations with counsel for defendants;

(7) Coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required;

(8) Receive and disseminate Court orders and notices; and

(9) Supervise any other matters concerning the prosecution; resolution or settlement of the action; and it is further

**ORDERED** that lead counsel is designated as the spokesperson for plaintiffs with respect to all substantive communications with the Court and with opposing counsel. No motion, request for discovery, or other pretrial proceeding shall be initiated or filed by any plaintiff without the approval of lead counsel, so as to prevent duplicative pleadings or discovery by plaintiffs; and it is further

**ORDERED** that the pending motions filed at D.E. 9, 10, 14, 17, 20, 21, 21, 22, and 23 in Civil Action No. 18-4772 and D.E. 10 in Civil Action No. 18-8785 are hereby **DENIED** as either voluntarily withdrawn or due to non-opposition to AMF Pensionsförsäkring AB's motion.

_____
John Michael Vazquez, U.S.D.J.