**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **IN RE CELGENE CORPORATION SECURITIES LITIGATION** : : : : : : : : | Hon. John Michael Vazquez<br>Civil Action No. 18-4772<br><br>**PRETRIAL SCHEDULING ORDER** |

**THIS MATTER** having come before the Court for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on May 18, 2020; and for good cause shown:

**IT IS on this 18th day of May, 2020,**

**ORDERED THAT:**

### I.   DISCLOSURES

1. Fed. R. Civ. P. 26 disclosures have already been completed.

### II.   DISCOVERY

2. Defendants shall have until **6/11/2020** to conduct discovery pertaining to class certification.

3. Fact discovery is to remain open through **6/20/2021**. No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

4. The parties may serve interrogatories limited to **twenty-five (25)** single questions. Such interrogatories, and initial requests for production of documents, as well as initial requests for admissions shall be served by **9/15/2020** and shall be responded to by **11/1/2020**.

5. The parties shall be limited to **twenty (20)** depositions. No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. *See* Fed. R. Civ. P. 32(d)(3)(A). No instruction not to answer shall be given unless a privilege is implicated.

6. Any discovery dispute shall be brought to the Court's attention in the first instance by letter or by telephone conference call immediately after the parties' good faith attempt to resolve the dispute has failed. *See* L. Civ. R. 16.1(f)(1).

7. No discovery motion or motion for sanctions for failure to provide discovery shall be made without prior leave of Court.

8. Any unresolved discovery disputes (other than those that arise during depositions) must be brought before the Court no later than **11/18/2020**. The Court will not entertain applications concerning discovery matters, informally or otherwise, after this date and any objection will be deemed to have been waived. If an unresolved dispute arises at a deposition, then the parties shall contact the Chambers of the Undersigned for assistance during the deposition.

### III.   DISCOVERY CONFIDENTIALITY ORDERS

9. Any proposed confidentiality order agreed to by the parties must be submitted by **8/1/2020** and must strictly comply with Fed. R. Civ. P. 26(c) and L. Civ. R. 5.3. *See also Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994); *Glenmede Trust Co. v. Thompson*, 56 F.3d 476 (3d Cir. 1995). Any such order shall be filed electronically under the designation **"Confidentiality Order."** *See* L. Civ. R. 5.3(b).

10. Any disputes over the entry of a discovery confidentiality order should be raised with the Undersigned pursuant to L. Civ. R. 37.1 following a good faith effort to meet and confer. *See* L. Civ. R. 5.3(b)(5); L. Civ. R. 37.1. <u>The absence of a discovery confidentiality order is not a sufficient basis to withhold discovery.</u> Pending the entry of a discovery confidentiality order and/or during the pendency of any dispute relating to the entry of a discovery confidentiality order, discovery shall proceed on a temporary attorney's eyes only basis.

### IV.   FUTURE CONFERENCES

11. A telephone status conference shall be held before the undersigned on **8/14/2020 at 10:00 A.M.** Counsel for Plaintiff is directed to initiate the call to (973) 776-7700. If the conference is going to be conducted via dial-in, the parties are instructed to call Chambers once everyone is on the line and provide the dial-in information at that time. Dial-in numbers will not be accepted prior to the conference. The parties are to submit a joint status letter no later than **8/10/2020**, itemizing the issues counsel would like to discuss in the upcoming conference

12. The Court may from time to time schedule conferences as may be required, either *sua sponte* or at the request of a party.

13. Counsel should be prepared to discuss settlement at every conference with the Court. The senior attorney in charge of the case must attend all settlement conferences and client(s) with full settlement authority are required to appear in-person at the conference. In cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make the final decision regarding settlement will be the person available for the conference.

14. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of the Court, even with consent of all counsel.

15. A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action. Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

## V.   EXPERTS

16. All affirmative expert reports shall be delivered by **8/16/2021**. Any such report shall be in the form and content as required by Fed. R. Civ. P. 26(a)(2)(B).

17. All responding expert reports shall be delivered by **9/30/2021**. Any such report shall be in the form and content as described above.

18. All reply expert reports shall be delivered by **11/15/2021**. Any such report shall be in the form and content as described above.

19. All expert discovery shall be completed by **12/30/2021**.

## VI.   MOTIONS

20. Defendants' opposition to class certification motion and accompanying rebuttal expert report shall be filed by **6/25/2020**.

21. Following receipt of Defendants' opposition, Plaintiffs shall have until **7/15/2020** to depose Defendants' expert witness(es) pertaining to class certification.

22. Lead Plaintiff's reply brief in further support of class certification and accompanying reply expert report shall be filed by **7/31/2020**.

23. Any motion to add new parties, whether by amended or third-party complaint, must be filed not later than **6/30/2021**.

24. Any motion to amend the pleadings must be filed not later than **6/30/2021**.

25. Any party intending to file a dispositive motion must first seek leave of the Court by way of a letter application.  Any such letter application may not be filed prior to the completion of discovery and must be filed no later than 30 days after discovery closes.  All calendar or dispositive motions, if permitted, shall comply with L. Civ. R. 7.1(b) and 78.1.

26. Dispositive motions, if any, shall be filed by **a date to be determined**.

## VII.   FINAL PRETRIAL CONFERENCE

27. A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(e) at **a date and time to be assigned**.

28. Pursuant to paragraphs 14 and 15 of this Court's form of Final Pretrial Order, all pretrial submissions must be served upon the Court **forty-eight (48) hours** prior to the final pretrial conference.

29. All counsel are directed to assemble at the office of Plaintiff's counsel not later than ten (10) days before the pretrial conference to prepare the proposed Final Pretrial Order in the form and content required by the Court, as well as the required pretrial submissions consisting of agreed-upon jury instructions, voir dire questions, verdict sheet, trial briefs and a neutral statement of the case to be read to the jury panel, all of which must be submitted **forty-eight (48) hours** before the final pretrial conference.  Plaintiff's counsel shall prepare the Pretrial Order and shall submit it to all other counsel for approval.

30. With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination.

31. The original of the Final Pretrial Order shall be delivered to Chambers not later than **forty-eight (48) hours** before the pretrial conference, along with all pretrial submissions and trial briefs.  All counsel are responsible for the timely submission of the Pretrial Order and submission.

32. **FAILURE TO FOLLOW THIS ORDER WILL RESULT IN SANCTIONS PURSUANT TO Fed. R. Civ. P. 16(f) and Fed. R. Civ. P. 37.**

 s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**