**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE CELGENE CORPORATION SECURITIES LITIGATION | Case No. 18-cv-04772 (JMV) (JBC) |

**STIPULATED ~~[PROPOSED]~~ PROTOCOL GOVERNING REMOTE DEPOSITIONS**

**I.   SCOPE**

1.  The procedures and protocols outlined herein shall govern any deposition in the above-referenced Action, whether party or nonparty, that is conducted via video or internet video conference technology, and where the witness and one or more examining attorneys are in different physical locations at the time of the deposition ("Remote Deposition").

2.  Unless otherwise agreed, all fact-witness depositions in this Action shall be conducted as a Remote Deposition. This agreement does not limit the Parties' right to seek relief from the Court if, at any time, they (or either one of them) determine that the provisions of this Protocol should be vacated.

3.  As used in this Protocol, the term "Deposition Participants" means all persons attending a Remote Deposition and includes, as applicable: (i) one or more of Plaintiff's counsel; (ii) one or more of Defendants' counsel; (iii) counsel for any third party subpoenaed for deposition; (iv) the witness; (v) the witness's counsel; (vi) in-house counsel for any party or third party subpoenaed for deposition; (vii) the court reporter; (viii) the videographer; (ix) an interpreter, if necessary; and (x) any other participant(s) agreed upon by the Parties.

4.  For Remote Depositions, oaths may be administered to the witness on the record at the start of the deposition or via an affidavit signed by the witness. Such an affidavit or remote swearing-in shall satisfy Federal Rules of Civil Procedure 28 and 30(b)(5) and have the same force

and effect as if the oath had been administered in person, and is deemed to be an ongoing and continuing obligation to provide testimony in a truthful, complete, and honest manner under the penalty of perjury.

5. For the avoidance of doubt, the Parties agree that any available court reporter authorized to administer oaths in the state of New York or New Jersey may administer oaths and provide court-reporting services for Remote Depositions in this Action, even if the deponent is located in a state other than New York or New Jersey.

6. The Parties agree that video-recorded Remote Depositions may be used at a trial or hearing to the same extent that an in-person deposition may be used at a trial or hearing. The Parties shall not assert that any testimony or video recording of such testimony during a Remote Deposition is inadmissible in any court or in connection with this Action solely on the ground that the testimony was obtained through a Remote Deposition, and shall not object to the other Party's use or introduction of any such content in this Action solely on that basis. Nothing in this paragraph is intended to limit or waive any Party's right to object to such testimony or any video recording of such testimony on any other basis.

## II. REMOTE DEPOSITION PLATFORM

7. At least seven (7) days prior to any Remote Deposition, the examining party shall provide the Deposition Participants with the name and contact information of the court-reporting service that will host and record the Remote Deposition (the "Remote Deposition Vendor") and provide a general description of how the Deposition Participants will access the Remote Deposition.

8. Remote Depositions will be hosted by the Remote Deposition Vendor's remote-deposition platform. Hosting and co-hosting privileges will not be given to any Deposition Participant, aside from the Remote Deposition Vendor's personnel assigned to the proceeding.

9. The party noticing a Remote Deposition will instruct the Remote Deposition Vendor to register Deposition Participants for the Remote Deposition in advance of the deposition, based upon a list of Deposition Participants to be provided by the Parties at least three (3) days in advance of the deposition. Only Deposition Participants registered by the Remote Deposition Vendor will be permitted to enter the Remote Deposition, which will require a password.

10. Prior to the commencement of any Remote Deposition, the deposition witness may participate in a training with the Remote Deposition Vendor to familiarize himself or herself with the Remote Deposition Vendor's remote-deposition platform. Counsel for the witness may attend this training. Any Deposition Participant may request a separate training from the Remote Deposition Vendor prior to the commencement of a Remote Deposition.

11. Prior to a Remote Deposition, all Deposition Participants must make reasonable efforts to ensure that they: (i) have sufficient internet bandwidth to participate in the Remote Deposition; (ii) minimize any technical or other issues that may impair or interrupt their ability to participate in the Remote Deposition; and (iii) have tested the equipment that will be used to conduct the Remote Deposition and/or are sufficiently familiar with the Remote Deposition Vendor's remote-deposition platform. The witness shall also make reasonable efforts to ensure that he or she has a suitable location for the deposition, including a quiet, well-lit, indoor location with a neutral background.

12. Prior to a Remote Deposition, any Deposition Participant may request that the Remote Deposition Vendor arrange for virtual break-out rooms. Only those individuals registered for a particular virtual break-out room will be permitted into the virtual break-out room, with the exception of the Remote Deposition Vendor's technical personnel, as necessary.

13. Prior to or during a Remote Deposition, any Deposition Participant other than the witness may request from the Remote Deposition Vendor access to RealTime transcription for use during the deposition.

14. The only recording of the Remote Deposition, whether audio or visual, will be through the Remote Deposition Vendor, which will record the Remote Deposition using appropriate technological means. The Parties and Deposition Participants may not use any other means, whether audio or visual, to record the Remote Deposition. The Parties will instruct the Remote Deposition Vendor to record only when the deposition is on the record.

15. The Parties agree that the fact that a deposition took place remotely, and was recorded remotely, is not a sufficient independent basis to prevent the recording of the Remote Deposition from being admitted at trial with the same effect as the recording of an in-person deposition.

16. At least one (1) business day prior to the commencement of a Remote Deposition, deposing counsel must circulate an email to the all registered Deposition Participants setting forth an alternative conference call number for all Deposition Participants to utilize in the event that technical issues prevent them from communicating within the Remote Deposition Vendor's remote-deposition platform. This conference call number will also be added to the remote-deposition platform's chat window at the commencement of the Remote Deposition for all to use in the event of a disruption in the Remote Deposition Platform.

17. To host a Remote Deposition, a Remote Deposition Vendor must have implemented adequate security measures to ensure the confidentiality of the Remote Deposition, including video and audio feeds, and exhibits. These security measures include using tools such as a "virtual waiting room," which allows the court reporter to admit only individuals authorized

to attend the deposition, and disabling the "record feature" in the remote-deposition platform for the witness and all Deposition Participants.

18. The Parties agree to confer in good faith regarding the start time for depositions. Unless otherwise agreed to by the Parties or ordered by the Court, Remote Depositions shall be conducted during normal business hours within the witness's local time zone and shall be subject to the aggregate time limitations set forth in Federal Rule of Civil Procedure 30(d)(l). If a party believes that more than seven (7) hours on the record will be required to fairly examine a witness, or if technical difficulties impede the examining attorney's ability to fairly examine the witness in seven (7) hours on the record, the Parties agree to meet and confer about whether additional time should be allocated for that deposition. If the witness has restrictions on the length of time he or she may sit for a Remote Deposition, the witness's counsel shall notify counsel for the noticing party in advance of the Remote Deposition so that the Parties may confer on a schedule to complete the deposition.

### III. EXHIBITS

19. Any document that may be used as an exhibit during a Remote Deposition shall be transmitted to the following individuals in hardcopy ("Exhibit Recipients"); 1 copy to the witness; 1 copy to each Lead Counsel; 1 copy to second-chair counsel for the opposing party (for a total of 2 copies to the opposing party's counsel); 1 copy to any other recipient agreed upon by the Parties.

20. The hard copies of any documents shall be transmitted in sealed envelopes delivered via FedEx or similar carrier at least the day before the Remote Deposition. Each Exhibit Recipient shall provide a mailing address at least seven (7) days in advance of the Remote Deposition.

21. Other than the examining attorney, all Exhibit Recipients agree that they will not open the sealed envelopes or otherwise access such documents unless and until specifically

requested to do so by the examining attorney. The witness must open all sealed envelopes for the first time on camera.

22. All Exhibit Recipients agree that they will not open, unseal, or otherwise access any documents that are not introduced as exhibits during a Remote Deposition, and will return all such documents to the examining attorney in their original sealed envelopes immediately following the conclusion of the Remote Deposition.

23. The Parties agree to use all reasonable efforts to comply with the above provisions regarding the use of hardcopy exhibits. However, to the extent the examining attorney identifies one or more documents that he or she may use as exhibits that have not been transmitted as hardcopies to the Exhibit Recipients, the examining attorney may introduce no more than six (6) of these exhibits electronically, through the Remote Deposition Vendor's remote-deposition platform, or through any other means agreed to by the Parties. The foregoing limitation on the number of electronic exhibits does not apply to any document for which the examining attorney has good cause to introduce electronically. "Good cause" includes, but is not limited to, documents produced in native format, documents produced in color, documents which are illegible or difficult to read in printed form, and documents produced less than thirty (30) days prior to the deposition. That a witness was provided with an electronic copy of an exhibit, and not a hardcopy of such exhibit, during a Remote Deposition shall not be an independent basis to object to the admissibility of that exhibit at trial.

## IV. DEPOSITION CONDUCT

24. Each party's counsel (and counsel for the witness, if applicable) shall designate one attorney to be the primary speaker during the Remote Deposition (each a "Lead Counsel"). All other Deposition Participants, aside from the witness and Remote Deposition Vendor's personnel, as necessary, must set their audio on "mute" when the deposition is on the record. In addition, any

Deposition Participant whose audio is not set to "mute" when the deposition is on the record shall enable "do not disturb" settings for all applications not in use on their electronic devices, including but not limited to text message and e-mail notifications.

25. During the deposition examination, the witness shall not be permitted to engage in private communications with any person, including any Deposition Participant, in any manner that is not recorded in the same manner as the deposition itself (i.e., no emails, text messages, or any other type of electronic or in-person communication). Any Deposition Participant may make reasonable requests for recesses as is customary in non-remote depositions, which shall generally be granted as is customary in non-remote depositions. During any break in the deposition examination, the witness's counsel may communicate with the witness via telephone, email, or any other means of communication allowable under the Federal Rules of Civil Procedure and local rules. If a Deposition Participant becomes aware of any private conversations occurring within the deposition or in contravention of this Protocol, he or she will immediately alert the conversing parties.

26. Unless and only if instructed to do so by the Remote Deposition Vendor's personnel, the witness shall not put his or her videoconferencing window on mute or turn off his or her video camera when the deposition is on the record.

27. The deposition shall not commence until all Lead Counsel have joined the electronic "room" in which the deposition will take place. Each party has the right to be present on video and to have clear audio. Once the deposition begins, if a Lead Counsel becomes disconnected from the deposition, either from the audio feed, video feed, or both, that fact shall be noted on the record as soon as the parties become aware, and the deposition must immediately be suspended until that attorney has re-joined the deposition and has full access to both audio and video. The suspended time will not count against the applicable time limitations for depositions.

Any portion of the deposition that has been transcribed while a Lead Counsel is absent or experiencing technical difficulties shall, upon the request of Lead Counsel, be re-read upon the resolution of the technical difficulty and that Lead Counsel must be given an opportunity to object to any questions or answers that occurred in his or her absence. The court reporter or videographer will provide a telephone number for use by the attendees to inform the court reporter or videographer if a Lead Counsel becomes disconnected or is otherwise experiencing technical difficulties.

28. In the event that a witness's camera stops working (or there are similar technical issues), deposing counsel shall have the right to decide whether to continue to conduct the Remote Deposition solely via telephone or to resume the deposition, either in person or remotely, at a later date or time, subject to the requirements of the Federal Rules of Civil Procedure. Any decision by deposing counsel to continue with an examination by telephone only shall not be cause for taking a second examination of the witness.

29. If at any time the court reporter or videographer indicates that he or she is unable to effectively transcribe or record the deposition due to technical difficulties, the deposition shall be paused and the parties will attempt to resolve those issues. The suspended time will not count against the applicable time limitations for depositions. If the issues cannot be resolved to the satisfaction of the court reporter or videographer, the deposition shall be suspended.

30. If persistent technical issues prevent a Remote Deposition from proceeding, the Parties agree to cooperate in good faith to reschedule the deposition as soon as is practically feasible.

31. Only the court reporter, the videographer, the witness's counsel, and in-house counsel are permitted to be in the same physical location as the witness during a Remote Deposition. No other individuals are permitted to be in the same room as the witness during a

Remote Deposition. If the witness's counsel or in-house counsel intends to be in the same physical location as the witness during a Remote Deposition, he or she must provide notice to counsel for the noticing party no later than seven (7) days prior to the start of the Remote Deposition.

32. If the witness's counsel or in-house counsel is present in the same physical location as the witness during a Remote Deposition, such counsel shall either: (i) separately log into the remote deposition platform so that all Deposition Participants can both see and hear them; or (ii) ensure that a camera view is maintained at the witness's physical location that includes the witness, the witness's counsel and/or in-house counsel.

33. Each Deposition Participant will make best efforts to conduct the Remote Deposition in a manner that allows deposing counsel to fully ask questions, all defending counsel to fully make any objections and fully ask any redirect questions, witnesses to complete their answers, and the court reporter to accurately transcribe the deposition, being mindful of audio delays and related challenges inherent in any video-conferencing platform.

34. All Parties shall act in good faith to fulfill the letter and spirit of this Remote Deposition protocol. In the event that any issues in connection with a Deposition Participant or these Remote Deposition Protocols cannot be resolved consensually, subject to the Court's availability, the Parties shall have the right to seek a telephonic hearing with the Court on an expedited basis.

Dated: February 1, 2021

By: /s/ *Lawrence S. Lustberg*

Lawrence S. Lustberg
Kate E. Janukowicz
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310

Dated: February 1, 2021

By: /s/ *Andrew L. Zivitz*

**KESSLER TOPAZ**
 **MELTZER & CHECK, LLP**
Andrew L. Zivitz
Matthew L. Mustokoff
Joshua E. D'Ancona

Telephone: (973) 596-4500
Facsimile: (973) 596-0545

Robert C. Micheletto
Nina Yadava
**JONES DAY**
250 Vesey Street
New York, New York 10281
Telephone: (212) 326-3690
Facsimile: (212) 755-7306

*Attorneys for Defendants*

Margaret E. Mazzeo
Nathan A. Hasiuk
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Lead Counsel for Lead Plaintiff
and the Class*

**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO P.C.**
James E. Cecchi
Donald A. Ecklund
5 Becker Farm Road
Roseland, NJ  07068
Telephone: (973) 994-1700
Facsimile: (973) 994-1744

**SEEGER WEISS, LLP**
Christopher A. Seeger
55 Challenger Road
6th Floor
Ridgefield Park, NJ 07660
Telephone: (973) 639-9100
Facsimile: (973) 584-9393

*Co-Liaison Counsel for Lead Plaintiff
and the Class*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Salvatore J. Graziano
Adam H. Wierzbowski
Adam D. Hollander
Brenna D. Nelinson
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1448

*Additional Counsel for the Class*

IT IS SO ORDERED.

Dated: 2\3\2021

_____
Hon. James B. Clark, III
United States Magistrate Judge

11