**Not For Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| *In re* CELGENE CORPORATION SECURITIES LITIGATION | Civil Action No. 18-4772<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on Defendants' partial appeal of Magistrate Judge James B. Clark's February 24, 2022 Letter Order ("Feb. Order") granting Plaintiff's motion for leave to file an amended complaint. D.E. 180. Defendants' motion to stay pending resolution of the appeal is also pending. D.E. 181. The Court reviewed all submissions[1] and considered the appeal and motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, Defendants' appeal is **DENIED,** and the motion to stay is **DENIED as moot.**

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The Court incorporates by reference its factual discussions from the motion to dismiss and class certification opinions in this matter. *See* D.E. 75 ("MTD Opinion"); 114 ("Class Certification Opinion" or "Class Cert. Opinion"). As a result, the Court briefly reviews relevant facts here and discusses certain additional facts in the analysis section below.

---

[1] For this Opinion & Order, the Court refers to Defendants' brief in support of their appeal as "Defs. Br." (D.E. 102-2); Plaintiff's opposition as "Plf. Opp." (D.E. 104); and Defendants' reply brief as "Defs. Reply" (D.E. 194).

This class action concerns allegations of securities fraud. Lead Plaintiff AMF Pensionsforsakring, AB ("AMF" or "Plaintiff") asserts that Defendant Celgene Corporation ("Celgene") and several of its key officers and/or employees engaged in fraud under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.*, and Rule 10b-5 due to material misstatements and omissions as to two drugs in Celgene's pipeline, Otezla and Ozanimod. With respect to Ozanimod, Plaintiff alleges that certain Defendants misrepresented when Celgene would file a New Drug Application ("NDA") with the United States Food and Drug Administration ("FDA") and failed to disclose the discovery of a Metabolite that could impact FDA approval. This appeal pertains to alleged misrepresentations and omissions about the Ozanimod NDA and the Metabolite in Celgene's corporate filings with the SEC, press releases, and quarterly earnings call presentations. The statements at issue are not attributed to any Individual Defendant.

On September 26, 2018, this Court consolidated two related cases, appointed AMF as the Lead Plaintiff, and appointed class counsel. D.E. 36. AMF filed the Second Amended Complaint ("SAC") on February 27, 2019, alleging (i) violations of Section 10(b) of the Exchange Act and Rule 10b-5 against all Defendants; and (ii) violations of Section 20(a) of the Exchange Act against some of Celgene's key employees. D.E. 57. On February 8, 2019, Defendants filed a motion to dismiss the SAC pursuant to Federal Rule of Civil Procedure 12(b)(6) and the Private Securities Litigation Reform Act of 1995 ("PSLRA"). D.E. 52. The Court dismissed Plaintiff's Section 20(a) claim and narrowed the Section 10(b) and Rule 10b-5 claim. D.E. 75, 76. As to the Section 10(b) and Rule 10b-5 claim, the Court determined that many categories of alleged misrepresentations and omissions were not actionable. But the Court concluded that Plaintiff plausibly pled that Defendants Scott A. Smith, Philippe Martin, and Terrie Curran made certain actionable misstatements about Otezla and Ozanimod and had the requisite scienter. Accordingly,

Plaintiff stated a Section 10(b) and Rule 10b-5 claim as to these Defendants. The Court also noted that scienter is imputed to Celgene for these Defendants' actionable misstatements and omissions. MTD Opinion at 46 n.28. As a result, Plaintiff stated a Section 10(b) and Rule 10b-5 claim as to Celgene, through Smith, Martin, and Curran. The Court, therefore, partially granted Defendants' motion and dismissed Plaintiff's Section 10(b) and Rule 10b-5 claim as to all Defendants except Smith, Martin, Curran, and Celgene.[2] In partially granting Defendants' motion to dismiss, the Court granted Plaintiff leave to file an amended pleading. The Court stated that if Plaintiff failed to file an amended complaint within thirty days, the claims that were dismissed through the MTD Opinion would be dismissed with prejudice. D.E. 76. Plaintiff did not file an amended complaint within the thirty-day deadline.

Plaintiff subsequently filed a motion to certify a class, D.E. 90, which the Court granted, D.E. 114, 115. Plaintiff then filed a motion for leave to file an amended complaint. D.E. 135, 136. Judge Clark granted Plaintiff's motion to amend on February 24, 2022, D.E. 173, and Plaintiff filed the Third Amended Consolidated Class Action Complaint ("TAC") on March 1, 2022, D.E. 175. This appeal followed. D.E. 180. Defendants also filed a motion to stay their obligation to answer or otherwise respond to the TAC pending resolution of their appeal.[3] D.E. 181. Plaintiff opposes both motions. D.E. 186, 189.

## II.   APPEAL STANDARD

A magistrate judge may hear and determine any non-dispositive pretrial matter pursuant to 28 U.S.C. § 636(b)(1)(A). A district court may only reverse a magistrate's decision on these

---

[2] Curran's liability only pertains to Plaintiff's allegations about Otezla, which are not at issue in this appeal.

[3] On March 23, 2022, Judge Clark entered an order staying Defendants' obligation to respond to the TAC, in light of the pending motion to stay. D.E. 192.

matters if it is "clearly erroneous or contrary to law." *Id.*; Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). A district court's review of a dispositive order is *de novo*. *Wag Acquisition, LLC v. Gattyán Grp. S.à.r.l.*, No. 14-2832, 2020 WL 5105194, at *2 (D.N.J. Aug. 31, 2020). A motion for leave to amend is a non-dispositive motion. *Patel v. Meridian Health Sys., Inc.*, 666 F. App'x 133, 136 (3d Cir. 2016). Accordingly, the Court applies the clearly erroneous standard.

"[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). Under this standard, a district court "will not reverse the magistrate judge's determination even if the court might have decided the matter differently." *Bowen v. Parking Auth. of City of Camden*, No. 00-5765, 2002 WL 1754493, at *3 (D.N.J. July 30, 2002). A decision is contrary to law "if the magistrate judge has misinterpreted or misapplied applicable law." *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998).

### III. ANALYSIS

At issue on appeal are Plaintiff's new factual allegations to establish Smith's liability for Celgene's corporate statements about Ozanimod, pursuant to *Janus Capital Group, Inc. v. First Derivative Traders*, 564 U.S. 135 (2011).[4] *See* Feb. Order at 3-4. Plaintiff argued that these allegations also establish liability for Celgene by imputing scienter to the corporation and pursuant to the doctrine of corporate scienter. Plf. MTA Br. at 24-27. In opposing the motion to amend,

---

[4] In the amendment, Plaintiff also (1) asserted an additional false statement by Curran about Otezla, and (2) conformed the pleadings to evidence developed in discovery. *See* Plf. MTA Br. at 4. Defendants do not challenge Judge Clark's decisions as to these amendments.

4

Defendants countered that this category was futile because it is premised on allegations that the Court previously dismissed with prejudice. Defs. MTD Opp. at 5-9.

A motion to amend is governed by Federal Rule of Civil Procedure 15(a)(2). *See* Fed. R. Civ. P. 15(a)(2). Motions for leave to amend pursuant to Rule 15(a)(2) are liberally granted absent (1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure to cure deficiencies, (4) undue prejudice to the opposing party, or (5) futility of the amendment. *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).

Judge Clark determined that "Plaintiff's proposed new allegations regarding Celgene's corporate statements appear to present two different, non-futile bases for liability." Feb. Order at 7. First, Judge Clark noted that Plaintiff's proposed amendment is based on information that Plaintiff learned through discovery. Judge Clark explained that "[i]f a private securities case proceeds past the pleadings stage against a corporation and discovery reveals individual culpability, a plaintiff may seek permission to amend the complaint to assert claims against individual defendants." *Id.* at 8 (quoting *Winer Family Trust v. Queen*, 503 F.3d 319, 337 (3d Cir. 2007)). Second, Judge Clark concluded Plaintiff adds "extensive additional allegations" such that Plaintiff's representation that Celgene is liable through the corporate scienter doctrine is not clearly futile. *Id.*

Defendants argue that Judge Clark failed to consider that Smith's liability is premised on alleged corporate misrepresentations that this Court previously dismissed. Defendants continue that because these statements were dismissed with prejudice after Plaintiff did not file an amended

5

pleading, Plaintiff cannot base its new claims on these statements. Defendants conclude that Plaintiff's proposed amendments in this category are futile and Judge Clark's ruling is clearly erroneous. Defs. Br. at 6-7.

Defendants' position that this Court previously dismissed the corporate statements is incorrect. Judge Clark correctly concluded that this Court did not address specific alleged misstatements in the MTD Opinion. Feb. Order at 6-7. In the MTD Opinion, the Court first addressed Plaintiff's alleged material misrepresentations and omissions by drug and then by the type of statement, as a group. The Court did not consider every single alleged misrepresentation or omission. Rather, it grouped statements together categorically. *See, e.g.*, MTD Opinion at 35-39 (discussion of alleged Ozanimod misrepresentations and omissions). The Court then discussed the scienter requirement for a securities fraud claim and concluded that Plaintiff only sufficiently pled scienter for certain Defendants. *Id.* at 40-46. With respect to Plaintiff's Ozanimod allegations, the Court explained that after Celgene discovered the Metabolite, Defendants' failure to discuss the Metabolite and its impact on the NDA timing were actionable half-truths. MTD Opinion at 38-39. Thus, Defendants may be liable for statements that fall into this category. This includes statements from Celgene's SEC filings, press releases, and investor presentations, even if they are not directly attributed to Smith or Martin. Defendants did not seek to dismiss these statements categorically, nor did the Court make any such finding.

In fact, the Court cited two of Celgene's SEC filings that were not attributed to Smith or Martin when explaining which types of statements were actionable. *See, e.g.*, MTD Opinion at 39 (citing SAC ¶¶ 463, 465). Those paragraphs of the SAC address SEC filings signed by Kellogg and Alles. *See* SAC ¶¶ 463, 465. Yet, the Court also determined that Plaintiff failed adequately

to plead scienter for either of these Defendants. MTD Opinion at 45. But the Court concluded that the statements, and others like it, were actionable (provided that scienter was sufficiently pled).

Similarly, in opposing Plaintiff's motion to certify a class, Defendants also argued that the actionable statements were limited to those specifically addressed in the MTD Opinion. The Court, however, explained that "Defendants' argument is based on an incorrect reading of the [MTD] Opinion." Class Cert. Opinion at 12. The Court observed that its discussion of actionable statements only used examples. *Id.* at 13 ("[T]hey are not the *only* actionable statements." (emphasis in original)). Accordingly, Plaintiff's allegations were not dismissed with prejudice.

Defendants argue that the Court's decision in *Schwab Capital Trust v. Celgene Corporation* supports their argument that the corporate misrepresentations were dismissed in the instant matter. Defs. Br. at 8-10. The plaintiffs in *Schwab* were members of the *In re Celgene* class but opted out to pursue a separate lawsuit against Defendants. Thus, the plaintiffs' allegations in *Schwab* "mirror" Plaintiffs' allegations here. *Schwab Cap. Trust v. Celgene Corp.*, Civ. No. 20-374, MTD Opinion at 2, D.E. 18 (D.N.J. Mar. 22, 2021). In fact, "the vast majority" of the complaint in *Schwab* is copied from the SAC. *Id.*

Defendants rely on the discussion of the doctrine of corporate scienter from *Schwab*. Defs. Br. at 8. Specifically, the Court concluded that assuming the corporate scienter doctrine applied, Plaintiffs failed to plead facts that would justify imputing scienter to Celgene through its corporate statements. *Schwab* MTD Opinion at 20. But as is clear from its name, the doctrine of corporate scienter addresses scienter. The fact that the Court concluded that Celgene did not have scienter in *Schwab* is a different issue than whether Celgene's underlying statements amount to actionable misstatement or omissions. Moreover, the Court has not substantively addressed the corporate scienter doctrine in this matter.

7

In sum, the alleged corporate misstatements were not previously dismissed with prejudice. Consequently, Plaintiff's new theories in the TAC are not futile. Judge Clark, therefore, did not err in granting Plaintiff's motion to amend. Finally, because the Court is affirming Judge Clark's decision, Defendants' motion to stay is denied is moot.

## IV. CONCLUSION

For the reasons stated above, and for good cause shown,

**IT IS** on this 1st day of June, 2022,

**ORDERED** that Defendants' appeal (D.E. 180) is **DENIED**; and it is further

**ORDERED** that the Court **AFFIRMS** Judge Clark's February 24, 2022 Letter Order; and it is further

**ORDERED** that Defendants' motion to stay (D.E. 181) is **DENIED as moot**.

                                                                                       _____
John Michael Vazquez, U.S.D.J.