UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

*In re* CELGENE CORPORATION
SECURITIES LITIGATION

Civil Action No. 18-4772

**ORDER**

**John Michael Vazquez, U.S.D.J.**

Presently pending before this Court is Defendants' motion for summary judgment (D.E. 244). The Court considered the parties submissions (D.E. 233, 245-49, 251-57) and heard oral argument on the motion via videoconferencing on September 7, 2023. For the reasons set forth on the record and for good cause shown,

IT IS on this 8th day of September, 2023,

**ORDERED** that Defendants' motion for summary judgment (D.E. 244) is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that summary judgement is **DENIED** as to Ms. Curran's statements (April and July 2017); and it is further

**ORDERED** that summary judgment is **DENIED** as to Mr. Martin's statement (October 2017); and it is further

**ORDERED** that summary judgment is **GRANTED** as to Mr. Smith's statements (April, July, and October 2017); and it is further

**ORDERED** that the Court **DENIES without prejudice** Defendants' motion with respect to liability as to Celgene Corporation.  Defendants are granted leave to reraise this issue with United States District Judge to whom this matter is reassigned;[1] and it is further

**ORDERED** that summary judgment is otherwise **DENIED**.

_____
John Michael Vazquez, U.S.D.J.

---

[1] As noted on the record, the Court did not view this issue as being central to the parties' arguments. To be sure, Defendants raised the issue in their moving brief.  D.E. 245 at 61-66.  And the Court endeavored to have an addendum opinion on the issue.  However, upon conducting further research, the Court does not believe that it would be fair or equitable to the parties to rush a decision on a relatively complex issue.  This is particularly so because it is not entirely clear to the Court which other statements, documents, or information are being contested.  "Because corporations 'do not have their own state of mind,' corporate liability for securities fraud under Section 10(b) and Rule 10b-5 must flow from the corporation's agents." *Roofer's Pension Fund v. Papa*, No. 16-2805, 2023 WL 5287783, at *16 (D.N.J. Aug. 17, 2023) (quoting *Smallen v. W. Union Co.*, 950 F.3d 1297, 1312 (10th Cir. 2020)).  But precisely how this is done has not been squarely addressed by the Third Circuit.  *See id.* at *16-18 (acknowledging that the Third Circuit has not accepted or rejected a corporate scienter theory and discussing various approaches to imputing corporate scienter that may apply at summary judgment).  In the Court's view, additional briefing on this issue would be extremely helpful to its resolution.