# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.
## COUNSELLORS AT LAW

---

**5 BECKER FARM ROAD**
**ROSELAND, N.J. 07068-1739**
**PHONE (973) 994-1700**
**FAX (973) 994-1744**
**www.carellabyrne.com**

October 30, 2024

Honorable Michael E. Farbiarz, U.S.D.J.
Frank R. Lautenberg U.S. Post Office & Courthouse
2 Federal Square
Newark, New Jersey 07102

      Re: *In re Celgene Corp. Securities Litigation*, Case No. 2:18-cv-04772-MEF-JBC

Dear Judge Farbiarz:

      We, along with Lead Counsel, represent Lead Plaintiff AMF Pensionsförsäkring AB and the Class. In response to Your Honor's October 29, 2024 Order (D.E. 338), we write to confirm that Plaintiff does not believe that there is any claim asserted in this action that has yet to be addressed in the Court's orders on summary judgment. Specifically, Plaintiff does not contend that Defendants Terrie Curran or Philippe Martin are individually liable under Section 10(b) as "makers" of any corporate statements regarding Ozanimod issued by Celgene Corporation during the Class Period, including those that were the subject of the parties' summary judgment briefing and addressed in the Court's September 4, 2024 Opinion. *See* D.E. 310.

      As Plaintiff argued at summary judgment, and as will be set forth in the parties' joint pretrial order, Plaintiff will present evidence at trial that Defendant Curran and Scott Smith were involved in and responsible for the drafting, review, approval and/or issuance of Celgene's corporate statements regarding Ozanimod. Consistent with the Court's orders on summary judgment, D.E. 310; D.E. 331, at trial, Plaintiff will seek to establish that Defendant Celgene is liable for its October 2017 corporate Ozanimod statements based on the scienter of Defendant Curran, and that Defendant Celgene is liable for its January and February 2018 corporate Ozanimod statements based on the scienter of Defendant Curran and Mr. Smith. In addition, consistent with Judge Vazquez's order on summary judgment, D.E. 271, Plaintiff will seek to establish that Defendant Martin is individually liable for his October 28, 2017 statement regarding Ozanimod and that Defendant Celgene is liable for that statement under the doctrine of *respondeat superior*; and that Defendant Curran is individually liable for her April 27, 2017 and July 27, 2017 statements regarding Otezla and that Defendant Celgene is liable for those statements under the doctrine of *respondeat superior*. *See* D.E. 75 at 46 n.28 ("[A] corporation is liable for statements by employees who have apparent authority to make them.") (citing *Inst. Invs. Grp. v. Avaya, Inc.*, 564 F.3d 242, 252 (3d Cir. 2009)).

      Since each of Plaintiff's claims has already been the subject of one of the Court's prior summary judgment orders or addressed in the parties' stipulation regarding the April 2017 corporate statements (D.E. 298), and there are no additional claims alleged in the Third Amended Complaint that have yet to be addressed, Plaintiff does not believe there is a need for any further stipulations or orders regarding the scope of Plaintiff's claims. If Your Honor prefers that the parties submit a stipulation to this effect, we are happy to do so.

October 30, 2024
Page 2

We thank Your Honor for the Court's attention to this matter.

Respectfully submitted,

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO

/s/ *James E. Cecchi*

James E. Cecchi