**CARELLA, BYRNE, CECCHI,**
    **BRODY & AGNELLO, P.C.**
James E. Cecchi
Donald A. Ecklund
5 Becker Farm Road
Roseland, NJ 07068
Telephone: (973) 994-1700
Facsimile: (973) 994-1744

**SEEGER WEISS LLP**
Christopher A. Seeger
55 Challenger Road
6th Floor
Ridgefield Park, NJ 07660
Telephone: (973) 639-9100
Facsimile: (973) 679-8656

*Co-Liaison Counsel for Lead Plaintiff and the Class*

**KESSLER TOPAZ MELTZER**
    **& CHECK, LLP**
Matthew L. Mustokoff
Jamie M. McCall
Margaret E. Mazzeo
Nathan A. Hasiuk
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Lead Counsel for Lead Plaintiff and the Class*

**BERNSTEIN LITOWITZ BERGER**
    **& GROSSMANN LLP**
Salvatore J. Graziano
Adam H. Wierzbowski
Robert F. Kravetz
Aasiya Mirza Glover
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1448

*Additional Counsel for the Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE CELGENE CORPORATION SECURITIES LITIGATION | Case No. 2:18-cv-04772 (MEF) (JBC) CLASS ACTION MOTION DAY: July 7, 2025 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**LEAD PLAINTIFF'S MOTION TO EXCLUDE**
**SPECIFIC OPINIONS AND TESTIMONY OF DR. BRIAN REISETTER**

## <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ...................................................................................................1

LEGAL STANDARD ..............................................................................................2

ARGUMENT ...........................................................................................................2

CONCLUSION .........................................................................................................7

# <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                  **Page(s)**

*Crowley v. Chait*,
   322 F. Supp. 2d 530 (D.N.J. 2004) ..........................................................................6

*Gallatin Fuels, Inc. v. Westchester Fire Ins. Co.*,
   410 F. Supp. 2d 417 (W.D. Pa. 2006)........................................................................2

*Holley v. Gilead Scis., Inc.*,
   2023 WL 2469632 (N.D. Cal. Feb. 27, 2023) ..........................................................3

*I-Mab Biopharma v. Inhibrx, Inc.*,
   2024 WL 4581539 (D. Del. Oct. 21, 2024) ............................................................3, 5

*MF Glob. Holdings Ltd. v. PricewaterhouseCoopers LLP*,
   232 F. Supp. 3d 558 (S.D.N.Y. 2017) .......................................................................4

*Oracle Am., Inc. v. Hewlett Packard Enter. Co.*,
   2018 WL 6511146 (N.D. Cal. Dec. 11, 2018)...........................................................3

*Orbital Eng'g, Inc. v. Buchko*,
   578 F. Supp. 3d 727 (W.D. Pa. 2022)......................................................................2, 4

*S.E.C. v. Lipson*,
   46 F. Supp. 758 (N.D. Ill. 1998) ................................................................................6

*S.Y. v. Roman Catholic Diocese of Paterson*,
   2024 WL 1231333 (D.N.J. Mar. 21, 2024) ...............................................................6

*SEC v. Ambassador Advisors, LLC*,
   576 F. Supp. 3d 250 (E.D. Pa. 2021) .........................................................................4

*In re Seroquel Prods. Liab. Litig*,
   2009 WL 3806436 (M.D. Fl. July 20, 2009) .............................................................5

*Shire Viropharma Inc. v. CSL Behring LLC*,
   2021 WL 1227097 (D. Del. Mar. 31, 2021) ............................................................3, 5

*Sommerfield v. City of Chicago*,
   254 F.R.D. 317 (N.D. Ill. 2008)..................................................................................6

*United States v. Fallon*,
   61 F.4th 95 (3d Cir. 2023) ................................................................6

*Wolfe v. McNeil-PPC, Inc.*,
   881 F. Supp. 2d 650 (E.D. Pa. 2012) ................................................2

**STATUTES AND RULES**

Fed. R. Evid. 401 ................................................................1, 7

Fed. R. Evid. 403 ................................................................1, 7

Fed. R. Evid. 702 ................................................................1, 7

## **INTRODUCTION**

Lead Plaintiff AMF Tjänstepension AB ("AMF"), respectfully moves the Court to exclude certain of the opinions and expert testimony offered by Defendants' expert, Dr. Brian Reisetter, under Federal Rules of Evidence 401, 403, and 702.[1]

An expert witness may not opine on the state of mind of a party or another person, including what that person meant or how they felt when they made a public statement to investors. Here, Dr. Reisetter offers two impermissible opinions concerning the state of mind of Defendant Terrie Curran:

**(1)** an opinion that Curran "saw early signs of demand" and was "comfortable" with early signs of demand in connection with Otezla's performance (*see* Tr. 182:11-183:09).

**(2)** an opinion surmising what Curran intended to reference in her alleged misstatements to investors in April 2017 and July 2017 (*see* Report ¶¶ 92, 112; Tr. 193:3-194:14; 204:13-25).

Because such opinions clearly implicate Curran's state of mind or beliefs, they are inadmissible.

---

[1] "PX" refers to the exhibits attached to the accompanying Omnibus Declaration of James E. Cecchi; all references to "¶" or the "Report" are to PX 25, the Expert Report of Dr. Reisetter dated August 12, 2022, and to "Tr." are to PX 26, the transcript of the deposition of Dr. Reisetter, dated September 23, 2022. Unless otherwise stated, all internal citations omitted and all emphasis added.

## **LEGAL STANDARD**

"[E]xpert testimony regarding the state of mind of defendants . . . is inadmissible." *Wolfe v. McNeil-PPC, Inc.*, 881 F. Supp. 2d 650, 661-62 (E.D. Pa. 2012). Defendants' state of mind "'is not a proper subject for expert testimony' because it is 'a classic jury question'" that does not require any specialized knowledge. *Orbital Eng'g, Inc. v. Buchko*, 578 F. Supp. 3d 727, 734 (W.D. Pa. 2022) (collecting cases). "An expert simply is not in any better position than the jury to assess another's subjective intent." *Gallatin Fuels, Inc. v. Westchester Fire Ins. Co.*, 410 F. Supp. 2d 417, 423 (W.D. Pa. 2006).

## **ARGUMENT**

Dr. Reisetter impermissibly opines on Curran's statement of mind regarding two subjects.

*First*, when asked at his deposition whether certain information "ma[d]e it more or less likely Otezla would meet its 2017 revenue forecast," Dr. Reisetter testified as follows:

> What I'm providing is evidence that ***Ms. Curran saw early signs of demand – signals of demand*** in Japan and Europe. . . . Accelerated uptake in Europe and strong early signs of demand in Japan ***that she felt comfortable***, which are items outside of U.S. sales of Otezla.

Tr. at 182:6-183:09. Dr. Reisetter's Report similarly described these trends as "signs of success" that provided validation "consistent with Ms. Curran's statement during

2

that [April 27, 2017 earnings] call" that Plaintiff alleges materially misrepresented Otezla's performance. Report ¶ 83, § 5.1.

Dr. Reisetter's opinions as to what Ms. Curran "saw," or what "she felt comfortable" with, Tr. at 182:6-183:09, are impermissible expert opinions that "delve[] into [a party's] subjective thought processes and motivations." *Shire Viropharma Inc. v. CSL Behring LLC*, 2021 WL 1227097, at *6 (D. Del. Mar. 31, 2021) (excluding expert opinions concerning how plaintiff "viewed," "considered," and "expected" prospects for drug's success); *see, e.g.*, *I-Mab Biopharma v. Inhibrx, Inc.*, 2024 WL 4581539, at *2-3 (D. Del. Oct. 21, 2024) (excluding expert opinions concerning what defendant "believed," "kn[ew]" and "realize[d]" as improper state-of-mind evidence). These state of mind opinions "offer[] no more than the drawing of an inference from the facts of the case," a function reserved for the jury. *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, 2018 WL 6511146, at *3 (N.D. Cal. Dec. 11, 2018); *Holley v. Gilead Scis., Inc.*, 2023 WL 2469632, at *4 (N.D. Cal. Feb. 27, 2023) (state of mind evidence "impermissibly invade[s] the province of the jury").

*Second*, Dr. Reisetter offers impermissible opinions concerning what Curran meant to say in her alleged misstatements to investors during Celgene's April 2017 and July 2017 earnings calls. Plaintiff alleges that on April 27, 2017, Curran misrepresented Otezla's Q1 2017 performance when she told investors that "Otezla continues to grow market share." Final Pretrial Order (ECF No. 363, "PTO"))

3

§ IV.A.7. [at 40-43]. Dr. Reisetter opines that when Curran stated that "Otezla continued to grow market share," she did not mean growth *in Q1 2017*, but *between January 2015 and March 31, 2017*. Report ¶ 92. Dr. Reisetter offers similar opinions concerning Curran's July 27, 2017 statements to investors, which misrepresented Otezla's Q2 2017 performance, as alleged by Plaintiff. *See* PTO § IV.A.9. [at 46-50]. For example, Dr. Reisetter opines that in referencing Otezla's growth, Curran was referring to Otezla's performance between *January 2015 and June 2017*, not the drug's performance in *Q2 2017*. Report ¶ 112. Dr. Reisetter reiterated these same opinions regarding Curran's statements during the April and July 2017 earnings calls at his deposition. *See* Tr. at 193:3-194:14; 204:13-25.

These opinions, which relate to a clear factual dispute, are inadmissible. Dr. Reisetter may not, under the guise of expert testimony, seek to interpret what Curran was referencing or intended to communicate through her statements to investors, or otherwise tell the jury how these statements should be evaluated.[2] Under settled law, experts are precluded from offering opinions that "assess another's subjective

---

[2] Nor may Dr. Reisetter opine as to how *investors* would have interpreted Curran's disclosures. *See SEC v. Ambassador Advisors, LLC*, 576 F. Supp. 3d 250, 259-60 (E.D. Pa. 2021) (expert opinion as to how the jury should evaluate defendants' disclosures inadmissible); *MF Glob. Holdings Ltd. v. PricewaterhouseCoopers LLP*, 232 F. Supp. 3d 558, 577 (S.D.N.Y. 2017) (testimony to "what market participants did or did not understand" is "impermissible speculation," which courts must preclude).

intent," *Buchko*, 578 F. Supp. 3d at 734, just as Reisetter proposes to do by opining on what timeframe of Otezla's growth he believes Curran was referencing in her alleged misstatements.

Nor may Dr. Reisetter bolster this opinion by relying on Otezla market share charts that, as he claims, he understood Curran was referencing when she made the alleged misstatements. *See* Report ¶ 92 n.221, ¶ 112 n.280. As courts have repeatedly explained, the prohibition against improper state-of-mind evidence applies not only to opinions that "divine[] a party's intent" as if the expert were a "mind-reader[]," *Inhibrx, Inc.*, 2024 WL 4581539, at *2—but also to opinions that "involve[] an impermissible attempt to infer from the contents of [a party's] documents what [the party] must have been thinking or intending." *Shire Viropharma Inc.*, 2021 WL 1227097, at *6. Such opinions, like Reisetter's here, equally "improperly usurp the role of the jury to draw reasonable inferences from the evidence." *Id.* "[I]t is one thing for an expert to testify . . . to explain and compare information in [the challenged] materials to other evidence—and quite another matter for an expert witness to render an ***opinion concerning what a drug company intended or sought to achieve*** through the use of those [challenged] materials. The latter are proper subjects for closing argument, not expert testimony." *In re Seroquel Prods. Liab. Litig*, 2009 WL 3806436, at *8 (M.D. Fl. July 20, 2009).

Not only does Dr. Reisetter cross the line into state-of-mind territory, but

much of his "opinions" do no more than recap Curran's deposition testimony. This too requires no expertise. *See, e.g.*, *S.Y. v. Roman Catholic Diocese of Paterson*, 2024 WL 1231333, at *6 (D.N.J. Mar. 21, 2024) (excluding portions of expert report that "merely provide a narrative of Plaintiff's deposition testimony" and "impermissibly bolster Plaintiff's deposition testimony, given that it is exclusively the trier of fact's role to weigh the credibility of the record evidence") (collecting cases); *S.E.C. v. Lipson*, 46 F. Supp. 758, 763 (N.D. Ill. 1998) ("Expert testimony may not be used merely to repeat or summarize what the jury independently has the ability to understand."). If Defendants want to introduce evidence about what Curran intended to communicate through her alleged misstatements, they can call her to testify—they cannot use Dr. Reisetter as a mouthpiece for her testimony. *See, e.g.*, *Crowley v. Chait*, 322 F. Supp. 2d 530, 553-54 (D.N.J. 2004) (excluding expert opinion "opining on the credibility or consistency of testimony," and "summariz[ing] the facts and the depositions of others"); *Sommerfield v. City of Chicago*, 254 F.R.D. 317, 326 (N.D. Ill. 2008) (expert could not "testify for the purpose of vouching for the truth of what" another witness told him—"of becoming in short [the other expert's] spokesperson").

*Lastly*, even if Dr. Reisetter's opinions had any minimal probative value (they do not), allowing a highly-credentialed expert like Reisetter to introduce opinions touching upon key issues of falsity and scienter presents a clear danger of undue

6

prejudice and jury confusion. *United States v. Fallon,* 61 F.4th 95, 109-10 (3d Cir. 2023) (excluding impermissible evidence regarding a defendant's good faith beliefs under Rule 403). Accordingly, these opinions should also be excluded pursuant to Rule 403.

## **<u>CONCLUSION</u>**

For all these reasons, Plaintiff respectfully requests that the Court grant its motion to exclude Dr. Reisetter's expert opinions described above.

Dated: April 7, 2025

*/s/ James A. Cecchi*
**CARELLA, BYRNE, CECCHI,
    BRODY & AGNELLO, P.C.**
James E. Cecchi
Donald A. Ecklund
5 Becker Farm Road
Roseland, NJ 07068
Telephone: (973) 994-1700
Facsimile: (973) 994-1744

**SEEGER WEISS LLP**
Christopher A. Seeger
55 Challenger Road
6th Floor
Ridgefield Park, NJ 07660
Telephone: (973) 639-9100
Facsimile: (973) 679-8656

*Co-Liaison Counsel for Lead Plaintiff
and the Class*

Respectfully submitted,

**KESSLER TOPAZ MELTZER &
CHECK, LLP**
Matthew L. Mustokoff (admitted *pro
hac vice*)
Jamie M. McCall (admitted *pro hac
vice*)
Margaret E. Mazzeo
Nathan A. Hasiuk
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Lead Counsel for Lead Plaintiff and the
Class*

**BERNSTEIN LITOWITZ BERGER
    & GROSSMANN LLP**
Salvatore J. Graziano (admitted *pro hac
vice*)
Adam H. Wierzbowski (admitted *pro
hac vice*)
Robert F. Kravetz (admitted *pro hac
vice*)
Aasiya Mirza Glover (admitted *pro hac
vice*)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1448

*Additional Counsel for the Class*