# CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.
### COUNSELLORS AT LAW

May 7, 2025

Honorable Michael E. Farbiarz, U.S.D.J.
Frank R. Lautenberg U.S. Post Office & Courthouse
2 Federal Square
Newark, New Jersey 07102

           **Re:** *In re Celgene Corp. Securities Litigation*, Case No. 2:18-cv-04772-MEF-JBC

Dear Judge Farbiarz,

      Pursuant to the Court's May 1, 2025 Order, AMF Tjänstepension AB ("AMF") respectfully seeks leave to amend the Third Amended Complaint ("TAC"). A proposed Fourth Amended Complaint ("FAC") and redline comparing the FAC to the TAC are attached as Exhibits 1 and 2.

      The FAC adds a single allegation—that AMF asserts claims on behalf of itself and its subsidiary, AMF Fonder AB ("Fonder"), which assigned its claims in this action to AMF. *See* Ex. 1 ¶ 40; ECF 354-8 ("Assignment"). This allegation is a formality, as AMF has always asserted claims "on behalf of [itself] and all other members of the Class," TAC ¶¶ 473, 488, and has been appointed as Class Representative to represent all members of the certified Class. ECF 114 at 25-26. Since "[t]he facts as to Ozanimod and Otezla are, to an extent, overlapping and intertwined," ECF 403, and all Class members "assert the same claims . . . due to the same allegedly wrongful conduct by Defendants—that Defendants made material misrepresentations and omissions regarding Ozanimod and Otezla," ECF 114 at 9, AMF may continue to represent all Class members, regardless of the timing of its purchases during the Class Period. *See, e.g.*, *In re Urban Outfitters, Inc., Sec. Litig.*, 2016 WL 1043014, at *2 n.2 (E.D. Pa. Feb. 29, 2016) (no requirement that plaintiff purchase after every alleged misstatement if there is "an alleged common scheme"); *In re Alstom SA Sec. Litig.*, 253 F.R.D. 266, 273-74, 277 (S.D.N.Y. 2008) (same).

      Nevertheless, because Defendants have raised a "standing question" (ECF 403), AMF seeks leave to amend the TAC to include a reference to the Assignment. As reflected in the PSLRA certification attached to the proposed FAC, Fonder purchased Celgene stock after *every* alleged misstatement. Ex. 1 at Ex. A. If allowed, the amendment will remove any supposed doubts about AMF's standing or continuing ability to represent the Class. *See In re Herley Indus. Inc. Sec. Litig.*, 2009 WL 3169888, at *6 (E.D. Pa. Sept. 30, 2009) ("A valid assignment gives a plaintiff standing to pursue an assignor's claims[.]"); *Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1065 (9th Cir. 2015), *as amended on denial of reh'g and reh'g en banc* (Apr. 28, 2015) ("post-complaint assignment from a party that clearly had standing" gave class representative standing).

      While the deadline for amending pleadings has passed, there is "good cause" to allow this limited amendment. Fed. R. Civ. P. 16(b)(4). As Defendants have acknowledged, questions as to AMF's standing only arose "following the Court's [September 4, 2024] summary judgment rulings on the pre-October Ozanimod statements." ECF 352-1 at 20; *see* ECF 310. Only then did AMF have reason to obtain the Assignment and seek leave to amend. Under these circumstances, the current motion "could not have been filed prior to the deadline lapsing, no matter [AMF's] efforts, which is exactly what Rule 16 requires." *SG Equip. Fin. USA Corp. v. Kimball Elecs., Inc.*, 2021

Hon. Michael E. Farbiarz, U.S.D.J.
Page 2

WL 1143378, at *2 (E.D. Pa. Mar. 25, 2021); *see Gov't Emps. Ins. Co. v. Yoo*, 2019 WL 13536629, at *1 (D.N.J. Nov. 5, 2019) (Rule 16(b)(4) satisfied where "despite its diligence, [party] could not reasonably have met the scheduling order deadline").

Once good cause is established, "it is up to the Court's sound discretion under Rule 15(a)([2]) to 'freely give leave when justice so requires.'" *SG Equip.*, 2021 WL 1143378, at *2; *see Mullin v. Balicki*, 875 F.3d 140, 149-50 (3d Cir. 2017) (leave to amend should be freely given absent "undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by amendments previously allowed; prejudice to the opposing party; and futility"). "[P]rejudice to the non-moving party is the touchstone" under Rule 15. *Id.*

Here, AMF acted diligently by promptly obtaining the Assignment following the Court's September 4, 2024 Order, notifying Defendants, and informing the Court that it was "prepared to take whatever action the Court requires (if any) to give effect to the assignment." ECF 354 at 40. In the interim, despite Defendants' questions about its standing, AMF continued its vigorous prosecution of this case, including by preparing the Final Pretrial Order (ECF 363) and filing pretrial motions (ECF 377-393), many of which exclusively concern Ozanimod. As soon as the Court directed AMF to "decide how they wish to proceed" (ECF 403), it filed the instant motion.

Defendants cannot claim prejudice as a result of the amendment. Undue prejudice requires that the opposing party be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered." *Live Face on the Web, LLC v. Control Grp. Media Co., Inc.*, 2016 WL 3476265, at *3 (E.D. Pa. June 27, 2016). The proposed FAC does not name any new parties, assert new claims, or expand the Class Period, *see* Ex. 2, and Defendants have already made their arguments concerning the Assignment. *See* ECF 352-1 at 20-21. Moreover, the parties have agreed that AMF will produce discovery concerning Fonder's transactions and make a representative of Fonder available for a deposition no later than 60 days before trial. As such, allowing the amendment will have no impact on the trial schedule.

The proposed FAC is not futile. The claims in the TAC have survived multiple summary judgment motions, and the FAC asserts the same claims.[1] Nor is there any question the Assignment is valid. *See Wallach v. Eaton Corp.*, 837 F.3d 356, 371 (3d Cir. 2016) (an assignment that is "both written and express . . . is valid"); *compare id.* at 371 n.17 (text of assignment) *with* ECF 354-8.

In the alternative, AMF seeks leave to file the proposed FAC as a supplemental pleading under Rule 15(d). The Court "may, on just terms, permit a party to serve a supplemental pleading setting out any . . . event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d); *see Northstar*, 779 F.3d at 1044, 1048 ("parties may cure standing deficiencies through supplemental pleadings"). For the reasons above, allowing a supplemental pleading to give effect to the Assignment will not delay resolution of this case or prejudice Defendants in any way. *See Medeva Pharma Ltd. v. Am. Home Prods. Corp.*, 201 F.R.D. 103, 104 (D. Del. 2001) ("Leave to supplement should be granted if it will promote the just disposition of the case, will not cause undue prejudice or delay and will not prejudice the rights of any parties.").

---

[1] The FAC only alleges statements sustained by the Court's summary judgment rulings. *See* ECF 271, 298, 306, 310, 331, 350. The FAC does not assert a §10(b) claim against Scott A. Smith.

Respectfully submitted,

CARELLA, BYRNE, CECCHI,
BRODY & AGNELLO, P.C.

*/s/ James E. Cecchi*
JAMES E. CECCHI