**CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.**
James E. Cecchi
Donald A. Ecklund
5 Becker Farm Road
Roseland, NJ 07068
Telephone: (973) 994-1700
Facsimile: (973) 994-1744

**SEEGER WEISS LLP**
Christopher A. Seeger
55 Challenger Road
6th Floor
Ridgefield Park, NJ 07660
Telephone: (973) 639-9100
Facsimile: (973) 679-8656

*Co-Liaison Counsel for Lead Plaintiff and the Class*

**KESSLER TOPAZ MELTZER & CHECK, LLP**
Matthew L. Mustokoff
Jamie M. McCall
Margaret E. Mazzeo
Nathan A. Hasiuk
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Lead Counsel for Lead Plaintiff and the Class*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Salvatore J. Graziano
Adam H. Wierzbowski
Robert F. Kravetz
Aasiya Mirza Glover
Alexander Noble
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1448

*Additional Counsel for the Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE CELGENE CORPORATION SECURITIES LITIGATION | Case No. 2:18-cv-04772 (MEF) (JBC)<br><br>CLASS ACTION<br><br>MOTION DAY: July 7, 2025 |

## LEAD PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF <u>DR. BRIAN REISETTER</u>

## <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ..................................................................................................1

ARGUMENT .......................................................................................................2

I.    Dr. Reisetter Provides Improper State of Mind Testimony as to What Defendant Curran Meant to Convey to Investors, as Well as the Meaning of an SEC Disclosure ......................................................................2

II.   Dr. Reisetter Impermissibly Bolsters Curran's Deposition Testimony...........5

III.  Defendants' Counterarguments Are Unavailing .............................................8

CONCLUSION ...................................................................................................11

# TABLE OF AUTHORITIES

**CASES**                                                                                                          **Page(s)**

*In re Apple Inc. Secs. Litig.*,
    2023 WL 4556765 (N.D. Cal. July 17, 2023) .........................................................7

*Arlanxeo Canada, Inc. v. Kaydon Ring & Seal, Inc.*,
    2025 WL 964258 (M.D. Pa. Mar. 31, 2025) .........................................................10

*In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.*,
    2000 WL 876900 (E.D. Pa. June 20, 2000)...........................................................2

*Gallatin Fuels, Inc. v. Westchester Fire Ins. Co.*,
    410 F. Supp. 2d 417 (W.D. Pa. 2006).....................................................................3

*Jakobovitz as Trustee of Lite Trust I v. PHL Variable Ins. Co.*,
    645 F. Supp. 3d 95 (E.D.N.Y. 2022) ....................................................................11

*Krys v. Aaron*,
    112 F. Supp. 3d 181 (D.N.J. 2015)........................................................................9

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
    299 F. Supp. 3d 430 (S.D.N.Y. 2018) ...................................................................4

*In re Merck Mumps Vaccine Antitrust Litig.*,
    685 F. Supp. 3d 280 (E.D. Pa. 2023).....................................................................9

*In re Mirena*,
    169 F. Supp. 3d 396 (S.D.N.Y. 2016) ................................................................8, 9

*Orbital Eng'g, Inc. v. Buchko*,
    578 F. Supp. 3d 727 (W.D. Pa. 2022)..................................................................10

*R.D. v. Shohola, Inc.*,
    2019 WL 3801455 (M.D. Pa. Aug. 13, 2019) .......................................................7

*In re Rezulin Prods. Liab. Litig.*,
    309 F. Supp. 2d 541 (S.D.N.Y. 2004) ...................................................................3

*S.Y. v. Roman Catholic Diocese of Paterson*,
    2024 WL 1231333 (D.N.J. Mar. 21, 2024) ...........................................................5

*Schall v. Suzuki Motor of Am., Inc.*,
2020 WL 1162193 (W.D. Ky. Mar. 10, 2020) ....................................................9

*SEC v. Ambassador Advisors, LLC*,
576 F. Supp. 3d 250 (E.D. Pa. 2021).............................................................5, 7

*SEC v. Tourre*,
950 F. Supp. 2d 666 (S.D.N.Y. 2013) ................................................................4

*In re Suboxone (Buprenorphine Hydrochloride and Naloxone) Antitrust
Litig.*,
2020 WL 6887885 (E.D. Pa. Nov. 24, 2020) ..........................................2, 4, 9, 10

*Sumotext Corp. v. Zoove, Inc.*,
2021 WL 4988024 (9th Cir. Oct. 27, 2021) ................................................10, 11

*United States v. 275.81 Acres of Land*,
2013 WL 989956 (W.D. Pa. Mar. 13, 2013) ....................................................11

*Victaulic Co. v. ASC Engineered Sols., LLC*,
2022 WL 17250376 (D. Del. Nov. 28, 2022)....................................................11

**OTHER AUTHORITIES**

Fed. R. Evid. 403 ....................................................................................11

## INTRODUCTION

As Plaintiff's Motion[1] demonstrates, Dr. Brian Reisetter may not opine as to what Defendant Terrie Curran "saw" regarding "early signs of demand" for Otezla in the first quarter of 2017, whether she was "comfortable" with that information, or whether she intended her challenged statements to refer to a multi-year period (instead of a quarterly period) when characterizing Otezla's market share during two earnings calls.

While Dr. Reisetter may explain or analyze data beyond the ken of a lay juror, the Court should not permit him to parrot Curran's deposition testimony about what she intended to convey to investors, or to opine that Curran's deposition testimony is "consistent with" her public statements. *See, e.g.*, ¶92. Such impermissible testimony not only necessarily opines on Curran's intent, but also improperly attempts to bolster Curran's testimony through the imprimatur of an expert. Likewise, Dr. Reisetter's opinions as to the meaning of information shown in a simple line graph do not require or apply any specialized knowledge, rendering

---

[1] "Mot." refers to the "Memorandum of Law in Support of Lead Plaintiff's Motion to Exclude Specific Opinions and Testimony of Dr. Brian Reisetter," ECF No. 389-2. "Opp." refers to Defendants' Opposition to the Motion, ECF No. 423. "PX" refers to the exhibits attached to the Declaration of James E. Cecchi in Support of Lead Plaintiff's Pretrial Motions, ECF No. 392. All references to "¶" or the "Report" are to PX 25, the Expert Report of Dr. Reisetter dated August 12, 2022, and to "Tr." are to PX 26, the transcript of the deposition of Dr. Reisetter, dated September 23, 2022. Unless otherwise stated, all internal citations are omitted and all emphasis is added.

inadmissible his opinion that the chart is "consistent with" Curran's "observations" to investors.

Because Defendants fail otherwise to establish a basis for the admissibility of Dr. Reisetter's challenged opinions, the Court should grant the Motion.

## **ARGUMENT**

While Plaintiff certainly intends to "contest Dr. Reisetter's qualifications" and to "challenge the bulk" of his testimony through cross-examination at trial, Opp. at 1, including as to the purported "accuracy" of his opinions, *id.* at 5, the Motion seeks to exclude two specific opinions. Mot. at 1. As set forth herein, the challenged opinions improperly opine on Curran's state of mind, impermissibly bolster her deposition testimony, and will not assist the jury.

**I.     Dr. Reisetter Provides Improper State of Mind Testimony as to What Defendant Curran Meant to Convey to Investors, as Well as the Meaning of an SEC Disclosure**

"The question of intent is a classic jury question and not one for experts." *In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.*, 2000 WL 876900, at *9 (E.D. Pa. June 20, 2000). Experts may not testify about another party's intent because (i) they are not qualified to do so, *id.*, and (ii) such testimony does not assist the trier of fact. *See, e.g.*, *In re Suboxone (Buprenorphine Hydrochloride and Naloxone) Antitrust Litig.*, 2020 WL 6887885, at *11 (E.D. Pa. Nov. 24, 2020).

Defendants concede that, as Dr. Reisetter testified, he is unqualified to opine on Curran's state of mind, and on what Curran "was referring to" when she spoke to investors. Opp. at 9-10 (citing Curran Dep. Tr. 193:3-194:14, 204:13-25). They further acknowledge Dr. Reisetter's testimony confirming that he is not seeking to offer any opinions about Curran's mental state or getting "into [Curran's] mind." Opp. at 9. That should end their attempts to salvage the two specific opinions that Plaintiff rightfully seeks to exclude. Yet Defendants maintain that Dr. Reisetter should be allowed to offer an opinion incorporating Curran's deposition testimony regarding her state of mind and what she meant to convey to investors. Their arguments fail.

As an initial matter, Defendants themselves characterize Dr. Reisetter's testimony about Curran's level of "comfort" as a "gaffe" that "he immediately corrected" because he did not intend to offer "an opinion on internal feelings." Opp. at 7. Given that concession, Dr. Reisetter should not be able to offer that testimony or any similar testimony characterizing Curran's "internal feelings"—such as "what he believes [Curran] 'thought', 'believed', or 'felt'." *Gallatin Fuels, Inc. v. Westchester Fire Ins. Co.*, 410 F. Supp. 2d 417, 423 (W.D. Pa. 2006). "Inferences about the intent or motive of parties or others lie outside the bounds of expert testimony." *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 541, 546-47 & n.38 (S.D.N.Y. 2004) (excluding, *inter alia*, testimony regarding what the defendant

3

"decided to focus on," why a defendant took certain actions, and the "motive and intent" of witnesses).

Neither may Dr. Reisetter opine as to how Curran interpreted market share data (i.e., what she "saw" in the data that led her to make the alleged misstatement), nor suggest how investors would have interpreted the disclosures. Those are classic state of mind opinions that do not help the trier of fact. *See, e.g.*, *SEC v. Tourre*, 950 F. Supp. 2d 666, 681 (S.D.N.Y. 2013) (prohibiting expert from testifying as to party's "objective" in choosing assets, whether public materials disclosed a particular fact, and "how the disclosures would be interpreted"); *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 299 F. Supp. 3d 430, 490 (S.D.N.Y. 2018) (precluding testimony as to "the traders' actual motives and states of mind" and "opinions") (citing cases).

Dr. Reisetter's testimony that he did not intend to opine on Curran's state of mind or "internal feelings" (Opp. at 9-10), does not resolve the issue. What matters is whether the testimony, in fact, reflects an improper state of mind opinion, which is the case here. *See, e.g.*, *In re Suboxone*, 2020 WL 6887885, at *11 (finding that expert's opinions resulted in improper state of mind testimony despite defendant's representation that expert would not do so).

## II.    Dr. Reisetter Impermissibly Bolsters Curran's Deposition Testimony

Contrary to Defendants' arguments (Opp. at 12-14), Dr. Reisetter's acceptance of Curran's deposition testimony as to what the "charts show" (Opp. at 6), is also improper because it "would serve no purpose but to impermissibly bolster that evidence," including Curran's testimony about what she meant to convey about it. *SEC v. Ambassador Advisors, LLC,* 576 F. Supp. 3d 250, 259 (E.D. Pa. 2021).

Defendants' claim that Dr. Reisetter can parrot Curran's deposition testimony—which is itself *about her intent and what she meant to convey to investor*—is meritless. As Judge Padin held in *S.Y. v. Roman Catholic Diocese of Paterson*, expert testimony regurgitating a party's deposition testimony, including as to what a witnesses "knew," "impermissibly bolster[s]" that testimony "given that it is exclusively the trier of fact's role to weigh the credibility of the record evidence." 2024 WL 1231333, at *6 (D.N.J. Mar. 21, 2024) (citing cases). Thus, an expert like Dr. Reisetter may not "simply take [Curran] at [her] word" and provide an "uncritical recitation of Defendants' evidence." *Ambassador Advisors*, 576 F. Supp. 3d at 261-62.

Defendants are wrong in arguing that Dr. Reisetter's opinion about the charts is the "exact same" type of analysis that Dr. Stomberg performed. Opp. at 10-11. Dr. Stomberg reviewed numerous internal company documents regarding Otezla's market share in the first and second quarters of 2017 and, applying his specialized

experience, provided detailed analysis of that data. ECF No. 395-13 at ¶¶134-136, 171-78. As one example, Dr. Stomberg analyzed company data and prepared a chart demonstrating that Otezla's market share was largely flat or decreasing throughout 2017:



Figure 37 Data Underlying July 2017 Market Share Presentation[262]

*Id.* at ¶173 & Fig. 36.

Dr. Reisetter certainly could have provided a similar, straightforward analysis of *data* regarding Otezla's market share over a quarterly or multi-year period. But in the paragraphs of Dr. Reisetter's report cited by Defendants (¶¶92, 112), he did not examine any "data." Opp. at 13. Instead, he simply looked at a chart, stated that the chart showed that Otezla's market share increased over a 2.5 year period, and opined that what was depicted in the chart was consistent with Curran's testimony about what she intended to convey to investors. ¶¶92, 112. This testimony, which

incorporates and bolsters a classic state of mind opinion, will not assist the trier of fact. *Ambassador Advisors,* 576 F. Supp. 3d at 259 (excluding opinion as to how it would be "appropriate" to evaluate the defendants' disclosures); *R.D. v. Shohola, Inc.*, 2019 WL 3801455, at *2 n.2 (M.D. Pa. Aug. 13, 2019) ("While [an expert's] recitation of [the] factual testimony may add a certain academic cachet to this evidence, it is not proper expert testimony.").

Finally, to the extent that Defendants claim Dr. Reisetter may testify to *what the chart itself depicted* regarding Otezla's market share (Opp. at 6), they are also mistaken. While an expert like Dr. Reisetter may help the jury understand underlying company data, the cited paragraphs of Dr. Reisetter's report (¶¶92, 112) contain only Dr. Reisetter's characterization that a line graph was "consistent with Ms. Curran's observations made during the earnings call with respect to market share." ¶92; *see also id.* ¶112 ("the chart covered the period from January 2015 to June 2017 and showed that market share grew from approximately 10 percent in January 2015 to 21.7 percent in June 2017"). Such testimony does not assist the trier of fact and is inadmissible. *See, e.g., Ambassador Advisors*, 576 F. Supp. 3d at 259 ("[The expert] may not offer an opinion as to how the jury should evaluate the disclosure documents in this case"); *see also In re Apple Inc. Secs. Litig.*, 2023 WL 4556765, at *5 (N.D. Cal. July 17, 2023) ("'It . . . does not take any special competence, for example, to

read pertinent public documents (e.g., prospectuses, press releases, and recorded statements) to determine whether certain risks were conveyed to the public.'").

## III.    Defendants' Counterarguments Are Unavailing

Defendants' counterarguments do not compel a different result. In fact, they confirm that the Court should exclude the challenged opinions.

*First*, Defendants claim that Dr. Reisetter's reliance on Curran's deposition testimony about her state of mind does not result in a "state of mind" opinion. Opp. at 8. But the cases they cite do not support their argument.

For example, in *In re Mirena IUD Prods. Liab. Litig.* (Opp. at 8), the court recognized that "an expert's testimony on the 'intent, motives or states of mind of corporations, regulatory agencies and others' is inadmissible." 169 F. Supp. 3d 396, 479-80 (S.D.N.Y. 2016). The court *specifically excluded* an opinion that the defendant's product lead "seemed *concerned* about maintaining timelines," *id.*, which is the same type of impermissible opinion that Dr. Reisetter expressed at his deposition. The court did not permit any state of mind testimony—it instead allowed the experts to "explain and opine on documents or communications between Bayer and the FDA and on public filings relating to Mirena"—*i.e.*, about the FDA's *expressly-stated* rationale as to why it struck certain language on a safety label, but

8

not about what language the FDA "would have hypothetically accepted or rejected" as this would constitute "impermissible state of mind" testimony. *Id.* at 473-74.[2]

Here, Defendants similarly do not seek to use Dr. Reisetter's testimony to analyze contemporaneous documents that would assist the understanding of a lay juror. Rather, Dr. Reisetter's challenged testimony about what Curran "saw," her level of "comfort," or what she intended to convey to investors during the Class Period seeks to bolster Curran's *post-hoc* deposition testimony about what "she was referring to" during an earnings call years earlier. That is impermissible. For example, in *In re Suboxone*, the court excluded an opinion from an expert who "simply recite[d] statements by" witnesses about their good faith, holding that while the observations of those witnesses "may potentially be introduced through their individual testimony, the jury must be free to draw its own conclusion about the

---

[2] The other two decisions Defendants cite are also inapposite. In *In re Merck Mumps Vaccine Antitrust Litig.*, the court allowed an FDA regulatory expert to consider the regulatory history and opine on "*the process* by which the FDA would review GSK's application," finding that an opinion as to the agency's potential actions did not implicate the agency's motive or intent. 685 F. Supp. 3d 280, 310-11 (E.D. Pa. 2023). In *Schall v. Suzuki Motor of Am., Inc.*, the district court permitted an expert to opine on what the defendants "knew or should have known" based on documents, which the court claimed did not implicate motive or state of mind. 2020 WL 1162193, at *5 (W.D. Ky. Mar. 10, 2020). That unpublished decision from the Western District of Kentucky contradicts established law holding that an expert may not opine on what a party "should have known, or should have done, under various circumstances." *See Krys v. Aaron*, 112 F. Supp. 3d 181, 203-04 (D.N.J. 2015) (citing cases); *see also In re Mirena*, 169 F. Supp. 3d at 474 ("Dr. Hixon may not opine on what type of label the FDA would have hypothetically accepted or rejected, as this is impermissible state of mind testimony.").

import of those observations." 2020 WL 6887885, at *11. Likewise, Defendants cannot backdoor Curran's testimony about her state of mind through Dr. Reisetter in this case.

***Second***, Defendants cite several cases they claim permit an expert to rely on deposition testimony to supply "background" information. Opp. at 11, 13. But none of those decisions permit the type of testimony offered here—an expert's recitation of a party's self-serving testimony *about her intent* and an opinion that her statements were "consistent with" that intention. For example, in *Orbital Eng'g, Inc. v. Buchko* (Opp. at 11), the Court squarely rejected an expert's testimony "based on his conclusions about [the defendant's] state of mind in carrying out his duties as COO." 578 F. Supp. 3d 727, 734 (W.D. Pa. 2022). As the court explained: "'An expert simply is not in any better position than the jury to assess another's subjective intent.'" *Id.* The so-called "background discussions" cited by Defendants in their briefing (Opp. at 11), related to information that the expert used in constructing and applying his methodology and had nothing to do with the defendant's intent. *Id.*

Likewise, in *Arlanxeo Canada, Inc. v. Kaydon Ring & Seal, Inc*. (Opp. at 11), the Court permitted a defense expert to review testimony in offering a rebuttal opinion in a products liability case "concern[ing] the root cause analysis and *scientific method* applied by [the plaintiff's expert] to the compressor shutdowns." 2025 WL 964258, at *12 (M.D. Pa. Mar. 31, 2025). And in *Sumotext Corp. v. Zoove,*

10

*Inc.*, the expert reviewed case materials in opining on the *relevant market* in an antitrust case. 2021 WL 4988024, at *2 (9th Cir. Oct. 27, 2021). Neither case involved expert testimony on what a party intended to convey in making a challenged disclosure to investors, let alone that the party's testimony was "consistent with" a public disclosure.[3]

**Third**, Defendants have no answer as to why the proffered testimony would not violate Rule 403. Defendants, not Plaintiff, have the burden to demonstrate why the irrelevant evidence is not substantially outweighed by the danger of undue prejudice or jury confusion. *United States v. 275.81 Acres of Land*, 2013 WL 989956, at *7 (W.D. Pa. Mar. 13, 2013). "[P]utting an expert's imprimatur" on an expert opinion invoking the state of mind or intent of a party, or on the expert's "mere personal belief as to the weight of the evidence," would "cause [the plaintiff] 'unfair prejudice' and, thus, should also be excluded under Rule 403." *Victaulic Co. v. ASC Engineered Sols., LLC*, 2022 WL 17250376, at *8 (D. Del. Nov. 28, 2022).

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court grant its Motion to exclude Dr. Reisetter's expert opinions described above.

---

[3] Further, the "background testimony" in *Jakobovitz as Trustee of Lite Trust I v. PHL Variable Ins. Co.*, was information about the life insurance industry that has no application to this case. 645 F. Supp. 3d 95, 115-16 (E.D.N.Y. 2022) (listing general topics covered in the "background" sections).

Dated: June 20, 2025

*/s/ James E. Cecchi*
**CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.**
James E. Cecchi
Donald A. Ecklund
5 Becker Farm Road
Roseland, NJ 07068
Telephone: (973) 994-1700
Facsimile: (973) 994-1744

**SEEGER WEISS LLP**
Christopher A. Seeger
55 Challenger Road
6th Floor
Ridgefield Park, NJ 07660
Telephone: (973) 639-9100
Facsimile: (973) 679-8656

*Co-Liaison Counsel for Lead Plaintiff and the Class*

Respectfully submitted,

**KESSLER TOPAZ MELTZER & CHECK, LLP**
Matthew L. Mustokoff (*pro hac vice*)
Jamie M. McCall (*pro hac vice*)
Margaret E. Mazzeo
Nathan A. Hasiuk
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Lead Counsel for Lead Plaintiff and the Class*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Salvatore J. Graziano (*pro hac vice*)
Adam H. Wierzbowski (*pro hac vice*)
Robert F. Kravetz (*pro hac vice*)
Aasiya Mirza Glover (*pro hac vice*)
Alexander Noble (*pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1448

*Additional Counsel for the Class*

12