# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.
**COUNSELLORS AT LAW**

September 18, 2025

**<u>VIA ECF</u>**
Honorable James B. Clark, U.S.M.J.
Martin Luther King Building and U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

**Re:** *In re Celgene Corp. Securities Litigation*, **Case No. 2:18-cv-04772-MEF-JBC**

Dear Judge Clark:

      We represent Lead Plaintiff Tjänstepension AB ("Lead Plaintiff") and the Class in this matter.

      During the September 17, 2025 conference call with the Court, Your Honor asked Class counsel for their views regarding a consolidated "phase one" trial that would also try the unique claim brought by the opt-out plaintiffs in *Schwab Capital Trust v. Celgene Corp.*, No. 20-cv-03754 ("*Schwab*") which is based on a September 2016 statement by Celgene's former Chief Operating Officer (the "September 2016 Opt-Out Claim"). As we explained, Class counsel has not been given access to the deposition testimony and exhibits or expert reports in the *Schwab* action and, therefore, we cannot meaningfully inform our position regarding consolidation of all liability issues in a "phase one" trial.

      Following yesterday's conference, Defendants' counsel told us that they were **only** willing to provide Class counsel with two fact witness deposition transcripts and related exhibits from the *Schwab* action, **but nothing else**. It is our understanding that in addition to these two fact witness depositions, there were seven other depositions taken in the case. These include the depositions of a **third** fact witness and six experts, including three experts on issues related to liability and damages for the September 2016 Opt-Out Claim. These experts are Stan Louie (plaintiffs' expert on Otezla liability issues), Brian Reisetter (defendants' expert on Otezla liability issues), and Micah Officer (plaintiffs' loss causation/damages expert). As we expressed during the September 17 conference call, Class counsel needs to review the withheld deposition transcripts and expert reports to fairly and critically assess the potential impact of multiple fact and expert witnesses addressing multiple claims across different time periods. Access to this material is essential to evaluating whether, and how, a consolidated phase one trial could be structured to avoid jury confusion and minimize any prejudice to the Class from conflating distinct issues, witnesses, and damages models.

      Accordingly, Lead Plaintiff respectfully requests that the Court order Defendants to provide to Class counsel the additional deposition transcripts, exhibits, and expert reports from the *Schwab* action immediately so that Lead Plaintiff can fully assess the consolidation proposal and the parties can continue to meet and confer before providing their final positions on consolidation to the Court by October 1, as contemplated during the September 17 conference call.

      Respectfully Submitted,

      CARELLA BYRNE CECCHI

September 18, 2025
Page 2

                            BRODY & AGNELLO, P.C.

                            <u>/s/James E. Cecchi</u>
                            James E. Cecchi