# EXHIBIT 1

EXECUTION VERSION

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE CELGENE CORPORATION SECURITIES LITIGATION | Case No. 2:18-cv-04772 (MEF) (JBC) CLASS ACTION |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated as of November 4, 2025 (the "Stipulation") is entered into between (a) Court-appointed Class Representative AMF Tjänstepension AB ("Class Representative" or "Lead Plaintiff"), on behalf of itself and the Court-certified Class (defined below); and (b) defendant Celgene Corporation ("Celgene" or the "Company") and defendants Terrie Curran and Philippe Martin (collectively, the "Individual Defendants" and, together with Celgene, "Defendants" and, together with Class Representative, the "Parties"). This Stipulation embodies the terms and conditions of the settlement of the above-captioned action (the "Action"). Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, relinquish, waive, discharge, and dismiss with prejudice the Action and all claims asserted against Defendants therein, and all Released Plaintiff's Claims (defined below) as against all Defendants' Releasees.[1]

WHEREAS:

A.    The initial complaint in this Action was filed on March 29, 2018. ECF No. 1.

---

[1]    All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

EXECUTION VERSION

B.      On September 26, 2018, the Court appointed: (i) AMF Tjänstepension AB (then known as AMF Pensionsförsäkring AB) as Lead Plaintiff; (ii) Kessler Topaz Meltzer & Check, LLP as Lead Counsel for the putative class; and (iii) Carella Byrne Cecchi Olstein Brody & Agnello, PC (now known as Carella, Byrne, Cecchi, Brody & Agnello, PC) along with Seeger Weiss, LLP as Co-Liaison Counsel for the putative class.  ECF No. 36.  Bernstein Litowitz Berger & Grossmann LLP has served as Additional Counsel for the Class since the filing of the Amended Consolidated Class Action Complaint on December 10, 2018.  ECF No. 40.

C.      On February 27, 2019, Lead Plaintiff filed the Second Amended Consolidated Class Action Complaint (the "Second Amended Complaint"), which sets forth the claims of the Class, including claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") (15 U.S.C. §§ 78j(b), and 78t(a)), and SEC Rules 10b-5 (17 C.F.R. § 240.10b-5).  ECF No. 57.  The Second Amended Complaint alleged that during the period from January 12, 2015 through and including April 27, 2018, Defendants made materially false or misleading representations and omissions regarding certain Celgene products and product candidates, including the pharmaceutical drugs and drug candidates known as GED-0301, Otezla, and Ozanimod.    The Second Amended Complaint asserted that Defendants' alleged misrepresentations and omissions caused investors to purchase Celgene common stock at artificially inflated prices, and to suffer damages when the truth was revealed.

D.      On December 19, 2019, the Court granted in part and denied in part Defendants' motion to dismiss the Second Amended Complaint.  ECF Nos. 75, 76.

E.      On March 5, 2020, Defendants answered the Second Amended Complaint, denying Lead Plaintiff's claims and asserting various affirmative defenses.  ECF No. 83.

F.      On May 1, 2020, Lead Plaintiff filed a motion for class certification, along with an expert report in support prepared by Dr. David Tabak.  ECF Nos. 90, 90-1, 90-2.  On June 25, 2020, Defendants filed their opposition to Lead Plaintiff's motion for class certification, along with an expert report in support prepared by Dr. Paul Gompers.  ECF Nos. 95, 95-2.  On November 29, 2020, the Court granted Lead Plaintiff's motion for class certification, certifying the case as a class action on behalf of the Class defined in ¶ 1(i) below, and appointing Lead Plaintiff as Class Representative.  ECF Nos. 114, 115.

G.      On September 10, 2021, Class Representative filed an unopposed motion for Court approval of its proposed form and manner of providing notice to the Class of the pendency of the class action.  ECF No. 159.  On April 21, 2022, the Court entered an Order granting the motion (ECF No. 199) (the "Class Notice Order").

H.      From May 11, 2022, through July 27, 2022, the Court-approved Notice Administrator, JND Legal Administration mailed 751,520 postcard notices of pendency of the Action as a class action ("Postcard Class Notice") and 6,176 copies of the longer Class Notice to potential Class Members and nominees.  ECF No. 215 at ¶¶ 2-10.  Pursuant to the Class Notice Order, the Postcard Class Notice and Class Notice provided Class Members with the opportunity to request exclusion from the Class, explained that right, and set forth the deadline and procedures for doing so.  The Postcard Class Notice and Class Notice also informed Class Members that if they chose to remain a member of the Class, they would "be bound by all past, present, and future orders and judgments in the Action, whether favorable or unfavorable" and they "may not pursue a lawsuit on [their] own behalf with regard to any of the issues in the Action in connection with [their] purchase of Celgene common stock."  ECF No. 215 at 17; *see also id.* at 12.  The Class

Notice further informed potential members of the Class that they might not have the further opportunity to exclude themselves from the Class at the time of any settlement. *Id.* at 12.

I.      The deadline for requesting exclusion from the Class pursuant to the Class Notice was July 11, 2022. Attached hereto as Appendix A is a list of the persons and entities who requested exclusion from the Class pursuant to the Class Notice. *See* ECF No. 215 at 25-28.

J.      Fact discovery in the Action commenced in March 2020 and concluded in November 2022. Pursuant to detailed document requests and substantial negotiations, Defendants produced over 4.8 million pages of documents to Class Representative. Class Representative also produced more than 1,100 pages of documents to Defendants. Class Representative also served subpoenas on and negotiated document discovery with more than 10 third parties, including Ashfield Healthcare, the U.S. Food and Drug Administration, Morgan Stanley, Naxion, ICON, and Pharmaron ABS, Inc. In addition, the Parties conducted depositions of 21 fact witnesses, including Individual Defendants and other senior Celgene employees, and 10 expert witnesses. The Parties also served and responded to interrogatories and requests for admission and exchanged numerous letters concerning disputes between the Parties and with non-parties on discovery issues and litigated multiple discovery disputes.

K.      On April 21, 2023, Defendants moved for summary judgment. ECF Nos. 244-49. The Parties filed over 400 exhibits, and over 300 pages of statements of fact, in connection with the summary judgment motion. On September 8, 2023, the Court granted in part and denied in part Defendants' motion for summary judgment. ECF No. 271. On October 27, 2023, Defendants moved for partial summary judgment, and the motion was fully briefed on December 8, 2023. ECF Nos. 278, 282.

L.       The Parties participated in a two-day mediation session with Greg Danilow of Phillips ADR Enterprises on June 3 and 5, 2024, which did not result in a settlement.

M.      On July 23, 2024, the Court partially granted Defendants' second motion for summary judgment and ordered further briefing as to some issues.  ECF No. 306.  On October 10, 2024, the Court denied the remainder of Defendants' motion for summary judgment.  ECF No. 331.  On November 15, 2024, Defendants sought leave to file a motion pursuant to Fed. R. Civ. P. 12(c), which was denied on April 30, 2025.  ECF No. 402.  On November 21, 2024, Defendants moved to bifurcate the forthcoming trial by issue, and that motion was denied on May 1, 2025. ECF No. 403.

N.       On December 19, 2024, the Court held the final pretrial conference and entered the final pretrial order.  ECF No. 363.  On April 7, 2025, the Parties filed numerous *Daubert* motions and motions *in limine*.  ECF Nos. 377-99. The Parties' motions were fully briefed on June 20, 2025.

O.       On May 7, 2025, Class Representative sought leave to file an amended complaint to assert claims on behalf of its subsidiary, AMF Fonder AB, related to AMF Fonder AB's assignment of its claims in this Action to Class Representative.

P.       On August 25, 2025, the Court granted Class Representative leave to file a "narrow" further amended complaint (ECF No. 468) in order to add an allegation related to AMF Fonder AB's assignment of its claims in this Action to Class Representative, and on August 29, 2025, Class Representative filed the Fourth Amended Consolidated Class Action Complaint (the "Complaint").  ECF Nos. 467, 469.

Q.       On August 25, 2025, the Court granted Class Representative's motion to bifurcate trial into two phases for liability and individual damages.  ECF No. 468.

R.        Subsequently, on September 10, 2025, the Parties participated in an additional mediation session with former U.S. District Judge Layn Phillips and David Murphy, Esq., both of Phillips ADR Enterprises.  In advance of the mediation, the Parties exchanged comprehensive mediation statements attaching documents produced in discovery.  The mediation did not result in a settlement.  However, the Parties continued settlement discussions that were facilitated by Judge Phillips and Mr. Murphy.

S.        On September 25, 2025, the Parties reached an agreement in principle to settle the Action in return for a cash payment of $239,000,000, subject to the execution of a customary "long form" stipulation and agreement of settlement and related papers.

T.        This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

U.        Based upon their investigation and prosecution of the case, Class Representative and Class Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Class Representative and the other Class Members (defined herein), and in their best interests.  Based on Class Representative's direct oversight of the prosecution of this matter and with the advice of its counsel, Class Representative has agreed to settle and release the Released Plaintiff's Claims pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Class Representative and the other Class Members will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

V.        This Stipulation constitutes a compromise of all matters that are in dispute between the Parties.  Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation.  Each of the Defendants denies any

wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Defendant with respect to any claim or allegation of any fault or liability or wrongdoing or damages whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants expressly deny that Class Representative has asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Class Representative of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Class Representative (individually and on behalf of all other Class Members) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiff's Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiff's Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## <u>DEFINITIONS</u>

1.     As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)     "Action" means the securities class action *In re Celgene Corporation Securities Litigation*, Case No. 2:18-cv-04772 (MEF) (JBC) (D.N.J.) and includes all actions consolidated therein.

(b)    "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

(c)    "Authorized Claimant" means a Class Member who submits a Claim to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(d)    "Celgene" or the "Company" means Celgene Corporation.

(e)    "Claim" means a paper claim submitted on a Proof of Claim Form or an electronic claim that is submitted to the Claims Administrator.

(f)    "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 3 to Exhibit A, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

(g)    "Claimant" means a person or entity who or which submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

(h)    "Claims Administrator" means JND Legal Administration, the firm retained by Class Counsel and approved by the Court in connection with Class Notice, subject to the continuing approval of the Court, to provide all notices approved by the Court to potential Class Members and to administer the Settlement.

(i)    "Class" means the Class certified by the Court's Order dated November 25, 2020 (ECF No. 115). Specifically, the Class consists of all persons and entities who purchased the common stock of Celgene between April 27, 2017 and April 27, 2018, inclusive, and were damaged thereby. Excluded from the Class are: (i) Defendants; (ii) any directors and officers of Celgene during the Class Period and members of their Immediate Families; (iii) the subsidiaries, parents and affiliates of Celgene; (iv) any firm, trust, corporation or other entity in which Celgene has or had a controlling interest; and (v) the legal representatives, heirs, successors and assigns of any such

excluded party.  Also excluded from the Class are (i) the persons and entities who excluded themselves from the Class pursuant to the Class Notice as listed in Exhibit C to ECF No. 215 (attached hereto as Appendix 1); and (ii) if, and only if, the Court in its discretion requires an additional opportunity to request exclusion from the Class in connection with the Settlement, any additional persons and entities who request exclusion from the Class in connection with the Settlement ("Future Excluded Persons," as defined herein).

(j)      "Class Counsel" or "Lead Counsel" means Kessler Topaz Meltzer & Check, LLP.

(k)      "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(l)      "Class Member" means each person or entity who or which is a member of the Class.  For the avoidance of doubt, AMF Fonder AB is a Class Member.

(m)      "Class Notice" means the Notice of Pendency of Class Action dated May 11, 2022.

(n)      "Class Period" means the period between April 27, 2017 and April 27, 2018, inclusive.

(o)      "Class Representative" or "Lead Plaintiff" means AMF Tjänstepension AB, including in its role as assignee of claims from AMF Fonder AB pursuant to the "Assignment of Claims and Power of Attorney" entered into by and between AMF Tjänstepension AB and AMF Fonder AB on November 11, 2024.

(p)      "Complaint" means the Fourth Amended Consolidated Class Action Complaint filed by Class Representative in the Action on August 29, 2025.

(q)     "Court" means the United States District Court for the District of New Jersey.

(r)     "Defendants" means Celgene and the Individual Defendants.

(s)     "Defendants' Counsel" means Latham & Watkins LLP, Jones Day, and Gibbons P.C.

(t)     "Defendants' Releasees" means Defendants and Former Defendants, and any and all of their current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, divisions, joint ventures, and partnerships, and each of their respective current or former officers, directors, partners, trustees, trusts, members, contractors, auditors, principals, agents, managing agents, employees, insurers, reinsurers, and attorneys, in their capacities as such, as well as each of the Individual Defendant's and Former Defendants' Immediate Family Members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns.

(u)     "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 32 of this Stipulation have been met and have occurred or have been waived.

(v)     "Escrow Account" means an account maintained at The Huntington National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Class Counsel.

(w)     "Escrow Agent" means The Huntington National Bank.

(x)     "Escrow Agreement" means the agreement between Class Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(y)    "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs, or expenses, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(z)    "Former Defendants" means Mark J. Alles, Peter N. Kellogg, Nadim Ahmed, Peter Callegari, Jonathan Q. Tran, Jacqualyn A. Fouse, Charles H. Witchcoff, Robert J. Hugin, and Scott Smith.

(aa)    "Future Excluded Persons" means, if and only if the Court permits a second opportunity for Class Members to request exclusion from the Class, any persons and entities who exclude themselves by submitting a request for exclusion as directed in the Notice and whose requests are accepted by the Court.

(bb)    "Immediate Family Members" means as defined in 17 C.F.R § 229.404, Instructions 1(a)(iii) and 1(b)(ii), children, stepchildren, parents, stepparents, spouses, siblings,

mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, sisters-in-law and any persons (other than a tenant or employee) sharing the household.

(cc)     "Individual Defendants" means Terrie Curran and Philippe Martin.

(dd)     "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(ee)     "Liaison Counsel" means Carella, Byrne, Cecchi, Brody & Agnello, P.C. and Seeger Weiss, LLP.

(ff)     "Litigation Expenses" means the costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Class Representative directly related to its representation of the Class), for which Class Counsel intends to apply to the Court for payment from the Settlement Fund.

(gg)     "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court.

(hh)     "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Class Counsel in connection with: (i) providing notices to the Class of the Settlement (including, but not limited to, the costs associated with the Postcard Notice and Settlement Notice); and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

(ii)     "Parties" means Defendants and Class Representative, on behalf of itself and the Class.

(jj)    "Plaintiff's Counsel" means Class Counsel; Liaison Counsel; and additional counsel for the Class, Bernstein Litowitz Berger & Grossmann LLP.

(kk)    "Plaintiff's Releasees" means Class Representative and all other Class Members, and any and all of their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, divisions, joint ventures, and partnerships, and each of their respective current or former officers, directors, partners, trustees, trusts, members, contractors, auditors, principals, agents, managing agents, employees, insurers, reinsurers, and attorneys, in their capacities as such, as well as each of the individual Class Members' Immediate Family Members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns.

(ll)    "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Settlement Notice.  Any plan of allocation is not part of the Stipulation and Defendants' Releasees shall not have any responsibility or liability with respect thereto.  Any order or proceeding relating to the Plan of Allocation (or any other plan of allocation proposed in the Action and/or approved by the Court) shall not operate to terminate or cancel this Stipulation or affect the finality of the Judgment.

(mm)    "Postcard Notice" means the postcard notice, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be mailed and/or emailed to Class Members.

(nn)    "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Class.

(oo)    "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(pp)    "Released Claims" means all Released Defendants' Claims and all Released Plaintiff's Claims.

(qq)    "Released Defendants' Claims" means any and all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Action.  Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement.

(rr)    "Released Plaintiff's Claims" means all claims, demands, losses, rights and causes of action of every nature and description whatsoever, that have been or could have been asserted in this Action or could in the future be asserted in any forum, whether known claims or Unknown Claims (defined herein), whether foreign or domestic, whether arising under federal, state, common, or foreign law, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, by Class Representative or its related parties, or any other Class Member and their related parties, which: (i) arise out of, are based upon, or relate to in any way any of the allegations, acts, transactions, facts, events, matters, occurrences, representations, or omissions involved, set forth, alleged, or referred to, or asserted in the Action, or which could have been alleged in the Action, and (ii) arise out of, are based upon, or relate to in any way the purchase or acquisition of Celgene common stock during the class period alleged in the Second Amended Complaint filed on February 27, 2019 (ECF No. 57) (i.e., January 12, 2015 through April 27, 2018, inclusive).  Released Plaintiff's Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any derivative or ERISA claims; or (iii) any claims of any person or entity who or which is excluded from the Class.

(ss)    "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiff's Releasees.

(tt)    "Releases" means the releases set forth in ¶¶ 5-6 of this Stipulation.

(uu)    "Settlement" means the settlement between Class Representative and Defendants on the terms and conditions set forth in this Stipulation.

(vv)    "Settlement Amount" means $239,000,000 (Two Hundred Thirty-Nine Million) in cash to be paid to the Escrow Agent by wire transfer pursuant to ¶ 8 of this Stipulation.

(ww)    "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon and which may be reduced by payments or deductions as provided herein or by Court order.

(xx)    "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(yy)    "Settlement Notice" means the Notice of (I) Proposed Class Action Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 2 to Exhibit A, which is to be posted on the case website and mailed and/or emailed to Class Members upon request.

(zz)    "Summary Settlement Notice" means the Summary Notice of (I) Proposed Class Action Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 4 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(aaa)    "Taxes" means: (i) all federal, state, and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Class Counsel in connection with determining the amount

of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

(bbb) "Unknown Claims" means any Released Plaintiff's Claims which either Class Representative or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Class Representative and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Class Representatives or other Class Members may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiff's Claims, but Class Representative and each Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment have settled and released, fully, finally, and forever, any and all Released Plaintiff's Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Class Representative and

Defendants acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

(ccc)    "Website" means the website created specifically for the Action in connection with the Class Notice, www.CelgeneSecuritiesLitigation.com, on which the Settlement Notice and Claim Form, as well as other information related to the Settlement, will be posted.

## PRELIMINARY APPROVAL OF SETTLEMENT

2.    No later than November 1, 2025, Class Representative will move for preliminary approval of the Settlement, authorization to provide notice of the Settlement to the Class, and the scheduling of a hearing for consideration of final approval of the Settlement.  Concurrently with the motion for preliminary approval, Class Representative shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

3.    In connection with the motion for preliminary approval of the Settlement, the Parties agree to request that the Court not permit a second opportunity for Class Members to request exclusion from the Class.  However, the Settlement is not contingent on the Court's decision regarding whether or not a second opportunity to request exclusion shall be permitted.

## RELEASE OF CLAIMS

4.    The obligations incurred pursuant to this Stipulation are in consideration of: (a) the full and final disposition of the Action as against Defendants; and (b) the Releases provided for herein.  The Releases contained in this section were separately bargained for and are essential elements of the Settlement as embodied in this Stipulation.

**EXECUTION VERSION**

5.      In consideration of the payment of the Settlement Amount, upon final judicial approval of the Settlement, Class Representatives shall dismiss the Action with prejudice. Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Class Representative and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment or the Alternate Judgment, if applicable, shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiff's Claim (including, without limitation, Unknown Claims) against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any and all of the Released Plaintiff's Claims directly or indirectly against any of the Defendants and the other Defendants' Releasees.

6.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (including, without limitation, Unknown Claims) against Class Representative and the other Plaintiff's Releasees, and shall forever be barred and enjoined from prosecuting any and all of the Released Defendants' Claims directly or indirectly against any of the Plaintiff's Releasees.  This Release shall not apply to: (i) any person or entity who previously submitted a request for exclusion

from the Class in connection with Class Notice as set forth on Appendix 1 hereto; or (ii) any Future Excluded Persons.

7.      Notwithstanding ¶¶ 5-6 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

8.      In consideration of the full and complete settlement of the Released Plaintiff's Claims against Defendants and the other Defendants' Releasees, Defendants shall pay or cause to be paid the Settlement Amount into the Escrow Account no later than thirty (30) calendar days after preliminary approval of the Settlement.  Class Counsel will provide Defendants' Counsel with all information necessary to effectuate a transfer of funds to the Escrow Account, including: (1) wiring instructions on Class Counsel's firm's or bank letterhead that include the bank name and ABA routing number, account name and number, and (2) a signed Form W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be deposited.  Defendants shall have no obligation to pay any additional amounts beyond the Settlement Amount other than to pay for the costs of issuing and administering the CAFA notice, as provided in ¶ 20 below.

## USE OF SETTLEMENT FUND

9.      The Settlement Fund shall be used to pay: (a) any Taxes; (b) any reasonable Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any other costs and fees approved by the Court.  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 18-30 below.

**EXECUTION VERSION**

10.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  At the written direction of Class Counsel, the Escrow Account shall invest any funds in the Escrow Account exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a United States Treasury Fund or bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC"), or (b) secured by instruments backed by the full faith and credit of the United States Government.  The Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates.  Defendants and any other Defendants' Releasees shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Escrow Agent.  All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund.

11.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Class Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k) for the Settlement Fund.  Class Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  Defendants' Releasees shall not have any liability, obligation, or responsibility

20

for any such Taxes or the payment of such Taxes.  Upon written request, Defendants will provide to Class Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Class Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

12.    All Taxes shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by Class Counsel and without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Class Counsel, its agents, or anyone else with respect to the payment of Taxes, as described herein.

13.    The Settlement is not a claims-made settlement.  Upon the occurrence of the Effective Date, no Defendant, other Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount, shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claims submitted, the collective amount of Recognized Claims of Authorized Claimants (as defined in the Plan of Allocation), the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

14.    Prior to the Effective Date of the Settlement, Class Counsel may pay from the Escrow Account, without further approval from Defendants or further order of the Court, all reasonable Notice and Administration Costs actually incurred and paid or payable, up to seven hundred and fifty thousand dollars ($750,000).  Additional reasonable Notice and Administration Costs may be paid prior to the Effective Date of the Settlement upon order of the Court.  After the Effective Date of the Settlement, Class Counsel may pay from the Escrow Account, without further approval from Defendants or further order of the Court, all reasonable Notice and Administration Costs actually incurred and paid or payable.  Notice and Administration Costs shall include, without limitation, the actual costs of printing and mailing the Postcard Notice, Settlement Notice, and Claim Form, developing and updating the Website and posting the Settlement Notice and Claim Form, publishing the Summary Settlement Notice, reimbursements to nominee owners for searching and providing the names/addresses of Class Members for noticing or forwarding the Postcard Notice, Settlement Notice, and Claim Form directly to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all reasonable Notice and Administration Costs paid or incurred shall not be returned or repaid to Defendants, any of the other Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

15.    Class Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiff's Counsel to be paid solely from (and out of) the Settlement Fund.  Class Counsel will also apply to the Court for payment of Litigation Expenses, which may include a request for

reimbursement of Class Representative's costs and expenses directly related to its representation of the Class, to be paid solely from (and out of) the Settlement Fund. Class Counsel's application for attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Class Representatives other than what is set forth in this Stipulation.

16.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Plaintiff's Counsel within five (5) business days of the award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Plaintiff's Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final. Plaintiff's Counsel shall make the appropriate refund or repayment in full no later than (i) thirty (30) calendar days after Plaintiff's Counsel's receipt from the Court of notice of any order that reduces or reverses any award of attorneys' fees and/or Litigation Expenses, or (ii) fourteen (14) calendar days after receipt of appropriate payment instructions for the return of such funds, whichever is later. An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. Neither Class Representative nor Plaintiff's Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses. Plaintiff's Counsel's fee and expense application shall be treated by the Court separately from the fairness, reasonableness, and adequacy of this Stipulation and the associated Settlement. An award of attorneys' fees and/or Litigation

Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein.

17.    Defendants and other Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to any payment to Plaintiff's Counsel from the Settlement Fund and/or the allocation of an award of attorneys' fees or Litigation Expenses among Plaintiff's Counsel.  The attorneys' fees and Litigation Expenses that are awarded to Plaintiff's Counsel shall be payable solely from the Escrow Account.  No Defendant or other Defendants' Releasees shall have responsibility for payment of such fees or expenses beyond the obligation of Defendants to cause the Settlement Amount to be funded.

## NOTICE AND SETTLEMENT ADMINISTRATION

18.    As part of the Preliminary Approval Order, Class Counsel shall seek reappointment of JND Legal Administration ("JND") as the Claims Administrator.  JND was previously approved by the Court to serve as the administrator in connection with the dissemination of Class Notice. ECF No. 199.  The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Claims, under Class Counsel's supervision and subject to the jurisdiction of the Court.  None of the Defendants, nor any of the other Defendants' Releasees, shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Class Representative, any other Class Members, or Class Counsel in connection with the foregoing. Defendants and Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms

19.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Class Counsel shall cause the Claims Administrator to mail and/or email the Postcard Notice to those Class Members as may be identified through reasonable effort, including those previously identified in connection with Class Notice.  Class Counsel shall also cause the Claims Administrator to post the Settlement Notice and Claim Form on the Website and cause the Claims Administrator to have the Summary Settlement Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.

20.     No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.* ("CAFA").  Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice.  No later than seven (7) days before the Settlement Hearing, Defendants shall cause to be served on Class Counsel and filed with the Court proof of Defendants' compliance with the notice requirements of CAFA.

21.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Settlement Notice attached hereto as Exhibit 2 to Exhibit A, or in such other plan of allocation as the Court approves).

22.     The Plan of Allocation proposed in the Settlement Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court.  It is understood and agreed by the Parties that the Plan of Allocation is not a part of the Stipulation and is to be

considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceeding by the Court or any appellate court relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect or delay the finality of the Judgment or the Settlement.  Class Representative and Class Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action.  No Defendant, nor any other Defendants' Releasees, shall have any involvement with or liability, obligation, or responsibility whatsoever for the application of the Court-approved plan of allocation.

23.     Any Class Member who does not submit a valid Claim will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or the Alternate Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants and other Defendants' Releasees with respect to the Released Plaintiff's Claims in the event that the Effective Date occurs with respect to the Settlement.

24.     Class Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval.  No Defendant, nor any other Defendants' Releasees shall be permitted to review, contest, or object to any Claim, or any decision of the Claims Administrator or Class Counsel with respect to accepting or rejecting any Claim for payment.   Class Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

25.     For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit 3 to Exhibit A, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Class Counsel, in their discretion, may deem acceptable;

(b)     All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the notices.  Any Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court providing that such Class Member's Claim is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Defendants or other Defendants' Releasees with respect to any Released Plaintiff's Claim.  Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)     Each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)     Claims that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, or a lesser time period if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

26.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and

discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims.

27.    Class Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any unpaid administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

28.    Payment pursuant to the Class Distribution Order shall be final and conclusive against all Claimants. All Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants and other Defendants' Releasees with respect to any and all of the Released Plaintiff's Claims.

29.    No person or entity shall have any claim against Class Representative, Plaintiff's Counsel, the Claims Administrator, or any other agent designated by Class Counsel, or Defendants or other Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with this Stipulation, the plan of allocation approved by the Court, or any order of the Court. Class Representative and Defendants, and their respective counsel, and Class Representative's damages expert and all other Releasees shall have no liability whatsoever

for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

30.    All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.  All Class Members, other Claimants, and parties to the Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

31.    If the Settlement contemplated by this Stipulation is approved by the Court, Class Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION

32.    The Effective Date of the Settlement shall be deemed to occur on the first business day on which all of the following have occurred or been waived:

(a)    the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 2 above;

(b)    the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

(c)     Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

(d)     Class Representative has not exercised its option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e)     the Court has approved the Settlement as described herein, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment, or the Court has entered an Alternate Judgment and none of the Parties seeks to terminate the Settlement; and

(f)     the Judgment or Alternate Judgment has become Final.

33.     Upon the occurrence of all of the events referenced in ¶ 32 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

34.     If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Class Representative exercises its right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)     The Settlement and the relevant portions of this Stipulation shall be canceled and terminated;

(b)     Class Representative and Defendants shall revert to their respective positions in the Action as of September 25, 2025;

(c)     Neither Class Representative nor Defendants will use or rely on any statement, document, admission, or agreement concerning the Settlement and/or settlement discussions in the Action;

(d)     The terms and provisions of this Stipulation, with the exception of this ¶ 34 and ¶¶ 14, 16, 38, and 59 shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*; and

(e)     Within three (3) business days after joint written notification of termination is sent by Defendants' Counsel and Class Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon, and change in value as a result of the investment of the Settlement Fund, and any funds received by Class Counsel consistent with ¶ 16 above), less any reasonable Notice and Administration Costs actually incurred, paid, or payable and less any Taxes paid, due, or owing shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct).  In the event that the funds received by Class Counsel consistent with ¶ 16 above have not been refunded to the Settlement Fund within the three (3) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 16 above.

35.     It is further stipulated and agreed that Class Representative and Defendants shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date

upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Third Circuit or the Supreme Court of the United States; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Third Circuit or the Supreme Court of the United States, and the provisions of ¶ 34 above shall apply. However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

36.    In addition to the grounds set forth in ¶ 35 above, and only in the event that the Court provides a second opportunity for Class Members to request exclusion from the Class in connection with the Settlement, Defendants, provided they unanimously agree, shall have the right to terminate the Settlement in the event that Future Excluded Persons meet the condition in the Parties' confidential supplemental agreement ("Supplemental Agreement"), in accordance with the terms of that agreement. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Settlement Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless the Court otherwise directs or a dispute arises between the Parties concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court *in camera* and request that the Court afford it confidential treatment. Notwithstanding the foregoing, in the event that the Court requires disclosure to the Class of the Supplemental Agreement in whole or in part, the Parties will comply and will not void the Settlement on that basis. In the event that the Court does not provide for a

second opportunity for Class Members to exclude themselves from the Class in connection with the Settlement, Defendants will have no right to terminate the Settlement pursuant to this paragraph.

37.    Class Representative shall also have the option to terminate the Settlement in the event that the Settlement Amount has not been paid as provided for in ¶ 8 above, by providing written notice of the election to terminate to Defendants' Counsel. This remedy is not exclusive; Class Representative also has the option to enforce the terms of the Settlement, including Defendants' obligations under ¶ 8.

## NO ADMISSION OF WRONGDOING

38.    Neither this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Parties' mediations and subsequent Settlement, the communications and/or discussions leading to the execution of this Stipulation, nor any proceedings taken pursuant to or in connection with this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

       (a)    shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Class Representative or the validity or infirmity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees, or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil,

criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)    shall be offered against any of the Plaintiff's Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants or the other Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## **MISCELLANEOUS PROVISIONS**

39.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

40.    Defendants warrant that, as to the payments made or to be made on behalf of them, at the time of entering into this Stipulation and at the time of such payment they, or to the best of their knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.  This representation is made by each of the Defendants and not by their counsel.

41.    In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund within ten (10) business days by others, then, at the election of Class Representative, Class Representative and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the Releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the Action as provided in ¶ 34 above and any cash amounts in the Settlement Fund (less any Taxes paid, due, or owing with respect to the Settlement Fund and less any reasonable Notice and Administration Costs actually incurred, paid, or payable) shall be returned as provided in ¶ 34 above.

42.    The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Class Representative and any other Class Members against Defendants and the other Defendants' Releasees with respect to the

Released Plaintiff's Claims. Class Representative and Defendants agree that each has complied fully with the requirements of Rule 11 of the Federal Rules of Civil Procedure, and the proposed Judgment will contain a statement to reflect this compliance. The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process supervised and conducted by Judge Phillips and Mr. Murphy, and reflect that the Settlement was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

43. Any of Defendants and the other Defendants' Releasees may file this Stipulation and/or the Judgment from this Action in any other action brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim available at law or in equity.

44. The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of both Class Representative and Defendants (or their successors-in-interest).

45. The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

46. The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiff's Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or

such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Class Members.

47.    The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

48.    This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Class Representative and Defendants concerning the Settlement.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.

49.    This Stipulation and the Supplemental Agreement may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

50.    This Stipulation and the Supplemental Agreement shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

51.    The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate the Settlement shall be governed by the law of the State of New Jersey without regard to any principles of conflicts of laws, except to the extent that federal law requires that federal law govern.

52.    Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

**EXECUTION VERSION**

53.      This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

54.      All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.  Class Counsel is also expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which Class Counsel deems appropriate.

55.      Class Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

56.      Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

57.      If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

| If to Class Representative or Class Counsel: | KESSLER TOPAZ MELTZER & CHECK, LLP |
|---|---|

Attn:    Matthew L. Mustokoff
        Andrew L. Zivitz
        Jamie M. McCall
        Margaret E. Mazzeo
        Nathan A. Hasiuk
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Email: mmustokoff@ktmc.com
      azivitz@ktmc.com
      jmccall@ktmc.com
      mmazzeo@ktmc.com
      nhasiuk@ktmc.com

| If to Defendants or Defendants' Counsel: | LATHAM & WATKINS LLP |
|---|---|

Kevin M. McDonough
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: kevin.mcdonough@lw.com

-and-

LATHAM & WATKINS LLP
Andrew Clubok
Susan E. Engel
555 Eleventh Street, NW Suite 1000
Washington, DC 20004-1304
Telephone: (202) 637-2200
Email: andrew.clubok@lw.com
      susan.engel@lw.com

58.    Except as otherwise provided herein, each Party shall bear its own costs.

59.    Whether or not the Stipulation is approved by the Court and whether or not this Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts,

documents signed, and proceedings in connection with the Stipulation confidential, except where disclosure may be required by law.

60.    All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive the Settlement.  For the avoidance of doubt, this provision includes the obligation of each Party to return or destroy all documents or electronic data in its or its representatives' possession that the opposing Party produced to it in this Action in accordance with the Stipulation and Order Governing Electronic Discovery (ECF No. 102).  The Parties reserve all rights, and release none in this Stipulation, regarding any subsequent disclosure of their protected information by the opposing Party or its representatives.

61.    No opinion or advice concerning the tax consequences of the proposed Settlement to individual Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation.  Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of November 4, 2025.

EXECUTION VERSION

**KESSLER TOPAZ MELTZER**
  **& CHECK, LLP**

_____
        Matthew L. Mustokoff
Andrew L. Zivitz
Jamie M. McCall
Margaret E. Mazzeo
Nathan A. Hasiuk
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
Email: mmustokoff@ktmc.com
         jmccall@ktmc.com
         mmazzeo@ktmc.com
         nhasiuk@ktmc.com

*Class Counsel and Lead Counsel for Class*
*Representative*

**CARELLA, BYRNE, CECCHI,**
**BRODY & AGNELLO P.C.**
James E. Cecchi
Donald A. Ecklund
5 Becker Farm Road
Roseland, NJ 07068
Telephone: (973) 994-1700
Facsimile: (973) 994-1744
Email: jcecchi@carellabyrne.com
         decklund@carellabyrne.com

**SEEGER WEISS LLP**
Christopher A. Seeger
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Telephone: (973) 639-9100
Facsimile: (973) 679-8656
Email: cseeger@seegerweiss.com

*Liaison Counsel for Class Representative and the*
*Class*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

Salvatore J. Graziano
Adam H. Wierzbowski
Robert F. Kravetz
Aasiya Mirza Glover
Alexander Noble
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1448
Email: Salvatore@blbglaw.com
        Adam@blbglaw.com
        Robert.Kravetz@blbglaw.com
        Aasiya.Glover@blbglaw.com
        Alexander.Noble@blbglaw.com

*Additional Counsel for the Class*

**LATHAM & WATKINS LLP**

_____
        Kevin M. McDonough
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: kevin.mcdonough@lw.com

Andrew Clubok
Susan E. Engel
555 Eleventh Street, NW Suite 1000
Washington, DC 20004-1304
Telephone: (202) 637-2200
Email: andrew.clubok@lw.com
        susan.engel@lw.com

Michele D. Johnson
650 Town Center Drive 20th Floor
Costa Mesa, CA 92626-1925
Telephone: (714) 540-1235
Email: michele.johnson@lw.com

EXECUTION VERSION

**JONES DAY**
Nina Yadava
Rajeev Muttreja
Sarah D. Efronson
250 Vesey Street
New York, NY 10281
Telephone: (212) 326-3690
Email: nyadava@jonesday.com
        rmuttreja@jonesday.com
        sefronson@jonesday.com

**GIBBONS P.C.**
Lawrence S. Lustberg
Kate E. Janukowicz
One Gateway Center
Newark, NJ 07102-5310
Telephone: (973) 596-4500
Email: llustberg@gibbonslaw.com
        kjanukowicz@gibbonslaw.com

*Counsel for Defendants*

#3794683

# APPENDIX 1

# EXCLUSION REQUESTS

| | |
|---|---|
| 1. | Jeannette Mondou<br>Voisins le Bretonneux<br>France |
| 2. | Nicholas E. Smaby &<br>Sofie Grace Boyer<br>Michigan |
| 3. | Leonard DeStefano &<br>Eileen DeStefano<br>Drexel Hill, PA |
| 4. | Aline H. Rolaff Revocable Trust<br>UAD 11/30/1995<br>First Hawaiian Bank (Trustee)<br>Honolulu, HI |
| 5. | Maryanne T. Harris<br>Mashpee, MA |
| 6. | Jeffrey A. Hays<br>Edmond, OK |
| 7. | Margaret L. Rodeghero TTEE<br>Margaret L. Rodeghero Trust<br>UA DTD 07112019<br>Richmond, IN |
| 8. | Makio Hayakawa<br>Tokyo<br>Japan |
| 9. | Edna R. Shuey<br>Edna R. Shuey TTEE<br>U/A DTD 01/19/2005<br>Las Vegas, NV |
| 10. | Edwin J. Allen<br>North Chili, NY |
| 11. | Michele A. Braatz<br>San Deigo, CA |
| 12. | Wim Bosch & Nancy Bosch<br>Avilla, IN |
| 13. | Lois J. Hopf<br>Jasper, IN |
| 14. | Kencarolla Self-Managed<br>Superannuation Fund<br>Kenneth William Berndt &<br>Carol-Ann Berndt (Trustees)<br>Queensland<br>Australia |
| 15. | Entreprises Fiscali Taxe R.L. Inc.<br>C/O Robert Gagnon<br>Quebec<br>Canada |
| 16. | Nordea Bank S.A. (in liquidation)<br>C/O KPMG Luxembourg S.A.<br>Luxembourg City<br>Luxembourg |
| 17. | Deborah Jane Novakowski<br>Parrish, FL |
| 18. | William L. Chan<br>Dunellen, NJ |
| 19. | Carol Susan Petrick<br>Dubuque, IA |
| 20. | Ruby G. Theilmann<br>British Columbia, Canada |
| 21. | Arturo McKeon &<br>Graciela Enriqueta Fallo<br>Buenos Aires<br>Argentina |

# EXCLUSION REQUESTS

22. Schwab Capital Trust on behalf of its series Schwab Total Stock Market Index Fund, Schwab Health Care Fund, Schwab Dividend Equity Fund, Schwab Large-Cap Growth Fund, Schwab S&P 500 Index Fund, Schwab Core Equity Fund, Schwab Hedged Equity Fund, Schwab U.S. Large-Cap Growth Index Fund, and Schwab Fundamental US Large Company Index Fund; Schwab Strategic Trust on behalf of its series Schwab Fundamental U.S. Large Company Index ETF, Schwab Fundamental U.S. Broad Market Index ETF, Schwab U.S. Broad Market ETF, Schwab U.S. Large-Cap ETF, Schwab U.S. Large-Cap Growth ETF, and Schwab 1000 Index ETF; Schwab Annuity Portfolios on behalf of its series Schwab S&P 500 Index Portfolio; and Laudus Trust on behalf of its series Landus U.S. Large Cap Growth Fund
C/O Daniel L. Berger
Grant & Eisenhofer P.A.
Kansas City, MO

23. California Public Employees' Retirement System
C/O Daniel L. Berger
Grant & Eisenhofer P.A.
Sacramento, CA

24. GIC Private Limited
Singapore
C/O Daniel L. Berger
Grant & Eisenhofer P.A.

25. Thomas S. Ogata &
Jean H. Ogata (Trustees)
JWM Revocable Living Trust
Plano, TX

26. DFA Investment Dimensions Group Inc. ("DFAIDG"), on behalf of its series, U.S. Core Equity 1 Portfolio, U.S. Core Equity 2 Portfolio, U.S. Sustainability Core 1 Portfolio, U.S. Large Cap Equity Portfolio, U.S. Large Cap Growth Portfolio, and U.S. High Relative Profitability Portfolio; Dimensional ETF Trust, on behalf of its series, Dimensional U.S. Equity ETF and Dimensional U.S. Core Equity 2 ETF; Dimensional Investment Group Inc. ("DIG"), on behalf of its series, U.S. Large Company Portfolio; Dimensional Funds pic, on behalf of its sub-funds Global Core Equity Fund, Global Sustainability Core Equity Fund, World Equity Fund, and U.S. Core Equity Fund; Dimensional Global Core Equity Trust and Dimensional Global Sustainability Trust (the "Dimensional Australian Trusts"), by DFA Australia Limited ("DFA Australia") solely in its capacity as single responsible entity; and DFA U.S. Core Equity Fund, by Dimensional Fund Advisors Canada ULC ("DFAC") solely in its capacity as Trustee
C/O Daniel L. Berger
Grant & Eisenhofer P.A.
Austin, TX

# EXCLUSION REQUESTS

| | |
|---|---|
| 27. American Century Mutual Funds, Inc., solely on behalf of its series Select Fund, Ultra Fund, Growth Fund (solely as successor-in-interest to All Cap Growth Fund, a series of American Century Mutual Funds, Inc.), Balanced Fund, and Sustainable Equity Fund; American Century Variable Portfolios, Inc., solely on behalf of its series VP Balanced Fund, VP Disciplined Core Value Fund, VP Ultra Fund, and VP Large Company Value Fund; American Century Capital Portfolios, Inc., solely on behalf of its series Value Fund (solely as successor-in-interest to Capital Value Fund, a series of American Century Mutual Funds, Inc.), NT Focused Large Cap Value Fund, and Focused Large Cap Value Fund; American Century Strategic Asset Allocations, Inc., solely on behalf of its series Strategic Allocation: Conservative Fund, Strategic Allocation: Moderate Fund, and Strategic Allocation: Aggressive Fund; American Century Growth Funds, Inc., solely on behalf of its series Focused Dynamic Growth Fund; Nomura Funds Ireland pic, solely on behalf of its sub-funds American Century Global Growth Equity Fund and American Century Concentrated Global Growth Equity Fund; | 28. Kensuke Koda<br>Tokyo<br>Japan<br><br>29. John Peter Welch<br>New South Wales<br>Australia<br><br>30. Roger James Calvert Heale<br>Christchurch<br>New Zealand |

# EXCLUSION REQUESTS

| | |
|---|---|
| Nomura Institutional Fund Select, solely on behalf of its sub-fund Nomura Institutional Fund Select – American Century Global Growth Fund; Nomura Currency Fund, solely on behalf of its sub-fund Nomura Currency Fund - US Growth Equity Fund; and American Century Quantitative Equity Funds, Inc., solely on behalf of its series AC Alternatives Equity Market Neutral Fund, Disciplined Growth Fund, NT Equity Growth Fund, NT Core Equity Plus Fund, NT Disciplined Growth Fund, Equity Growth Fund, Core Equity Plus Fund, and Disciplined Core Value Fund<br>C/O Daniel L. Berger<br>Grant & Eisenhofer P.A.<br>Kansas City, MO | |

# EXHIBIT A

**Exhibit A**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE CELGENE CORPORATION SECURITIES LITIGATION | Case No. 2:18-cv-04772 (MEF) (JBC)<br><br>CLASS ACTION |

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE OF SETTLEMENT

WHEREAS, a consolidated securities class action is pending in this Court entitled *In re Celgene Corporation Securities Litigation*, Case No. 2:18-cv-04772 (MEF) (JBC) (D.N.J.) (the "Action");

WHEREAS, by Order dated November 25, 2020 (ECF No. 115), the Court certified the Action to proceed as a class action on behalf of all persons and entities who purchased the common stock of Celgene between April 27, 2017 and April 27, 2018, inclusive, and were damaged thereby.[1]  The Court also appointed Lead Plaintiff AMF Tjänstepension AB as Class Representative for the Class, and appointed Lead Counsel Kessler Topaz Meltzer & Check, LLP as Class Counsel for the Class;

WHEREAS, by Order dated April 21, 2022 (ECF No. 199), the Court approved the proposed form and content of the Class Notice to be disseminated to the Class Members to notify them of, among other things: (i) the Action pending against Defendants; (ii) the Court's

---

[1]    Excluded from the Class are: (i) Defendants; (ii) any directors and officers of Celgene during the Class Period and members of their Immediate Families; (iii) the subsidiaries, parents and affiliates of Celgene; (iv) any firm, trust, corporation or other entity in which Celgene has or had a controlling interest; and (v) the legal representatives, heirs, successors and assigns of any such excluded party. *See* Stipulation and Agreement of Settlement dated November 4, 2025 (the "Stipulation"), at ¶ 1(i).  Also excluded from the Class are the persons and entities who excluded themselves from the Class pursuant to the Class Notice as listed in Exhibit C to ECF No. 215, attached to the Stipulation as Appendix 1.

certification of the Action to proceed as a class action on behalf of the Class; and (iii) Class Members' right to request to be excluded from the Class by July 11, 2022, the effect of remaining in the Class or requesting exclusion, and the requirements for requesting exclusion; and approved the method of dissemination of the Class Notice;

WHEREAS, the Class Notice was mailed beginning on May 11, 2022 to all potential Class Members who could be identified through reasonable effort, resulting in the mailing of 751,520 copies of the Postcard Class Notice and 6,176 copies of the longer Class Notice, and thirty (30) requests for exclusion from the Class were received by July 11, 2022 (ECF No. 215, at ¶¶ 10, 18 & Ex. C);

WHEREAS, (a) Class Representative, on behalf of itself and the Class; and (b) defendant Celgene Corporation ("Celgene" or the "Company") and defendants Terrie Curran and Philippe Martin (collectively, the "Individual Defendants," and together with Celgene, "Defendants," and, together with Class Representative, the "Parties"), have determined to settle and dismiss with prejudice all claims asserted in this Action on the terms and conditions set forth in the Stipulation, subject to approval of this Court (the "Settlement");

WHEREAS, Class Representative has made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Class Representative's motion for preliminary approval of the Settlement and authorization to send notice of the Settlement to the Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

2

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.     **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

2.     **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2026 at __:__ _.m. in Courtroom 4 of the Frank Lautenberg Post Office & U.S. Courthouse, 2 Federal Square, Newark, NJ 07102 for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Class Counsel for attorneys' fees and Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in paragraph 4 of this Order.

3.     The Court may adjourn the Settlement Hearing without further notice to the Class and may approve the proposed Settlement with such modifications as the Parties may agree to, if

appropriate, without further notice to the Class. The Court may decide to hold the Settlement Hearing by telephone or video conference without further mailed notice to the Class. If the Court orders that the Settlement Hearing be conducted telephonically or by video conference, that decision will be posted on the case website. Any Class Member (or his, her, or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's docket and/or the case website for any change in date, time, or format of the hearing.

4.    **Retention of Claims Administrator and Manner of Giving Notice** – JND Legal Administration ("JND") was previously retained to supervise and administer the distribution of the Class Notice and receive and process requests for exclusion from the Class. Class Counsel is now authorized to retain JND as Claims Administrator to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given as follows:

(a)    not later than fifteen (15) business days after the date of entry of this Order (such date that is fifteen (15) business days after the date of entry of this Order, the "Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form attached hereto as Exhibit 1, to be mailed by first-class mail and/or emailed to potential Class Members who were previously sent a copy of the Class Notice or Postcard Class Notice; and to any other potential Class Member who otherwise may be identified through reasonable effort; and shall cause copies of the Settlement Notice and Claim Form, substantially in the forms attached hereto as Exhibits 2 and 3, respectively (together, the "Settlement Notice Packet"), to be mailed to the brokers and other nominees ("Nominees") contained in the Claims Administrator's broker database;

(b)      by no later than the Notice Date, the Claims Administrator shall cause copies of the Settlement Notice and the Claim Form to be posted on the Website previously established for the Action, www.CelgeneSecuritiesLitigation.com.  In addition, the Claims Administrator will mail a copy of the Settlement Notice Packet to any person who makes such a request;

(c)      not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Settlement Notice, substantially in the form attached hereto as Exhibit 4, to be published once in *The Wall Street Journal* and to be transmitted once over the *PR Newswire*; and

(d)      not later than seven (7) calendar days prior to the Settlement Hearing, Class Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing, posting, and publication.

5.      **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Postcard Notice, Settlement Notice, Claim Form, and Summary Settlement Notice, attached hereto as Exhibits 1, 2, 3, and 4, respectively, and (b) finds that the mailing, distribution, and/or posting of the Postcard Notice, Settlement Notice, and Claim Form and the publication of the Summary Settlement Notice in the manner and form set forth in paragraph 4 of this Order (i) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Class Counsel's motion for an award of attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses, and of their right to appear at the Settlement Hearing; (ii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive

notice of the proposed Settlement; and (iii) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Postcard Notice, Settlement Notice, and Summary Settlement Notice before they are mailed and/or emailed, posted, or published.

6. **Nominee Procedures** – In connection with the previously disseminated Class Notices, Nominees were advised that, if they purchased or otherwise acquired Celgene common stock during the Class Period for the beneficial interest of persons or entities other than themselves, they must either: (i) within seven (7) calendar days of receipt of the Class Notice, request from JND sufficient copies of the Postcard Class Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Class Notices forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of the Class Notice, provide a list of the names and mailing addresses (and e-mail addresses, if available) of all such beneficial owners to JND.

(a) For Nominees who chose the first option (*i.e.*, elected to mail or email the Postcard Class Notice directly to beneficial owners), JND shall forward the same number of Postcard Notices to such Nominees no later than the Notice Date, and the Nominees shall, by no later than seven (7) calendar days after receipt of the Postcard Notices, mail and/or email the Postcard Notices to their beneficial owners;

(b) For Nominees who chose the second option (*i.e.*, provided a list of names, addresses, and, if available, email addresses of beneficial holders to JND), JND shall, by no later than the Notice Date, mail or email a copy of the Postcard Notice to each of the

beneficial owners whose names and addresses and/or email addresses the Nominee previously supplied. Unless the Nominee purchased or otherwise acquired Celgene common stock during the Class Period for beneficial owners whose names and addresses were not previously provided to JND, or is aware of a name or address change of one of its beneficial owners, such Nominees need not take any further action;

(c)    For Nominees that purchased or otherwise acquired Celgene common stock during the Class Period for beneficial owners whose names and addresses were not previously provided to JND or if a Nominee is aware of name, address, or email address changes for beneficial owners whose names, addresses, and email addresses were previously provided to JND, such Nominees shall, by no later than seven (7) calendar days after receipt of the Settlement Notice Packet, provide a list of the names, addresses, and, if available, email addresses of all such beneficial owners to JND, or shall request from JND sufficient copies of the Postcard Notice to forward to all such beneficial owners, which the Nominee shall, within seven (7) calendar days of receipt of the Postcard Notices from JND, mail to the beneficial owners; and

(d)    Upon full and timely compliance with this Order, Nominees who mail or email the Postcard Notices to beneficial owners may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing JND with proper documentation supporting the expenses for which reimbursement is sought. Reasonable expenses shall not exceed $0.05 plus postage at the pre-sort rate used by the Claims Administrator per Postcard Notice mailed; $0.05 per Postcard Notice emailed; or $0.05 per mailing record provided to the Claims Administrator. Such properly documented expenses incurred by Nominees in compliance with the terms of this Order shall be paid

from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

7.      **CAFA Notice** – As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court.  Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice.  No later than seven (7) days before the Settlement Hearing, Defendants shall cause to be served on Class Counsel and filed with the Court proof of Defendants' compliance with the notice requirements of CAFA.

8.      **Participation in the Settlement** – Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked no later than ninety (90) calendar days after the Notice Date.  Notwithstanding the foregoing, Class Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

9.      Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and

holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Class Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Class Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

10.     Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiff's Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 8 above.

11.     **No Further Opportunity to Request Exclusion from the Class** – JND mailed 751,520 Postcard Class Notices and 6,176 Class Notices to potential Class Members beginning on May 11, 2022.  (ECF No.  215, at ¶ 10.)  The Postcard Class Notice and Class Notice expressly informed potential Class Members that if they did not request exclusion by July 11, 2022, they would be bound by all orders, whether favorable or unfavorable, that the Court enters in this case.

(*See* ECF No. 215, at 12, 17.)[2]  In light of this extensive notice program and the ample opportunity provided to Class Members to request exclusion from the Class in connection with the Class Notice, and in accordance with Rule 23(e)(4) of the Federal Rules of Civil Procedure, there is no need for a further opportunity for Class Members to exclude themselves from the Class in connection with the Settlement proceedings.  *See, e.g.*, *Denney v. Deutsche Bank AG*, 443 F.3d 253, 271 (2d Cir. 2006) ("Neither due process nor Rule 23(e)(3) requires . . . a second opt-out period"); *Winn-Dixie Stores, Inc. v. Eastern Mushroom Mkg. Cooperative*, 2020 WL 5211035, at *13 (E.D. Pa. Sept. 1, 2020) (same); *In re Flonase Antitrust Litig.*, 2013 WL 12148283, at *2 (E.D. Pa. Jan. 14, 2013) (same).

12.    **Appearance and Objections at Settlement Hearing** – Any Class Member may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Court and delivering a notice of appearance to both Class Counsel and Defendants' Counsel, at the addresses set forth in paragraph 13 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Class Member that does not enter an appearance will be represented by Class Counsel.

13.    Any Class Member may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Class Member shall be heard or

---

[2]    In addition, the Class Notice expressly stated that "it is within the Court's discretion whether to allow a second opportunity to request exclusion from the Class if there is a settlement," and that no such opportunity was guaranteed.  (ECF No. 215, at 12.)

entitled to contest the approval of the terms and conditions of the proposed Settlement, the

proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless

that person or entity has filed a written objection with the Court and served copies of such objection

on Class Counsel and Defendants' Counsel at the addresses set forth below (either by U.S. mail or

email) such that they are received no later than twenty-one (21) calendar days prior to the

Settlement Hearing, or submitted an objection by email to Class Counsel and Defendants' Counsel

at the email addresses set forth below no later than twenty-one (21) calendar days prior to the

Settlement Hearing.

| **Class Counsel** | **Defendants' Counsel** |
|:---:|:---:|
| KESSLER TOPAZ<br>MELTZER & CHECK, LLP<br>Matthew L. Mustokoff<br>280 King of Prussia Road<br>Radnor, PA 19087<br>info@ktmc.com | LATHAM & WATKINS LLP<br>Kevin M. McDonough<br>1271 Avenue of the Americas<br>New York, NY 10020<br>kevin.mcdonough@lw.com |

14.     Any objections, filings, and other submissions by the objecting Class Member must

include: (1) the name of this proceeding: *In re Celgene Corporation Securities Litigation*, Case

No. 2:18-cv-04772 (MEF) (JBC); (2) the objector's full name, current address, email address (if

applicable), and telephone number; (3) the objector's signature; (4) a statement providing the

specific reasons for the objection, including a detailed statement of the specific legal and factual

basis for each and every objection and whether the objection applies only to the objector, to a

specific subset of the Class, or to the entire Class; and (5) documents sufficient to prove

membership in the Class, including documents showing the number of shares of Celgene common

stock that the objecting Class Member purchased/acquired and/or sold during the Class Period, as

well as the dates, number of shares, and prices of each such purchase/acquisition and sale.  The

documentation establishing membership in the Class must consist of copies of brokerage

confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

15.    Any Class Member who wishes to be heard orally at the Settlement Hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Class Counsel's motion for attorneys' fees and Litigation Expenses must also file a notice of appearance with the Court and serve it on Class Counsel and Defendants' Counsel at the addresses set forth in paragraph 13 above (either by U.S. mail or email) so that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

16.    Any Class Member who or that does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Class Counsel's motion for attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

17.    **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement

should be approved, the Court bars and enjoins Class Representative, and all other members of the Class, from commencing or prosecuting any and all of the Released Plaintiff's Claims against each and all of the Defendants' Releasees.

18. **Settlement Administration Fees and Expenses** – All reasonable Notice and Administration Costs actually incurred and paid or payable, up to seven hundred and fifty thousand dollars ($750,000) may be paid from the Settlement Fund as set forth in the Stipulation without further order of the Court. Additional reasonable Notice and Administration Costs may be paid prior to the Effective Date of the Settlement upon order of the Court.

19. **Settlement Fund** – The contents of the Settlement Fund held by The Huntington, National Bank (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

20. **Taxes** – Class Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

21. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Class Representative, the other Class Members, and Defendants, and the

Parties shall revert to their respective positions in the Action as of September 25, 2025, as provided in the Stipulation.

22.    **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Parties' mediations and subsequent Settlement, the communications and/or discussions leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Class Representative or the validity or infirmity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees, or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Plaintiff's Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants or the other Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or with

respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial;

*provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

23.    **Supporting Papers** – Class Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Class Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

24.    **Jurisdiction** – The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2025.

_____
The Honorable Michael E. Farbiarz
United States District Judge

# EXHIBIT A-1

Exhibit A-1

*THIS POSTCARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*Please visit www.CelgeneSecuritiesLitigation.com for more information.*

The parties in the securities class action *In re Celgene Corporation Securities Litigation,* Case No. 2:18-cv-04772 (MEF) (JBC) (D.N.J.) (the "Action") have reached a proposed settlement of all claims asserted in the Action against Celgene Corporation ("Celgene") and former Celgene officers Terrie Curran and Philippe Martin (together, the "Individual Defendants" and, with Celgene, "Defendants"). If approved, the Settlement will resolve the Action. In the Action, Class Representative AMF Tjänstepension AB alleges that Defendants made materially false and misleading statements between April 27, 2017 and April 27, 2018, inclusive (the "Class Period") concerning certain Celgene products and product candidates, including the pharmaceutical drugs and drug candidates known as GED-0301, Otezla, and Ozanimod. Defendants deny any liability or wrongdoing. You received this notice because you, or an account for which you serve as a custodian, may be a member of the following certified Class: <u>all persons and entities who purchased Celgene common stock during the Class Period and were damaged thereby.</u>

Pursuant to the Settlement, Defendants have agreed to pay **$239,000,000 in cash**, which, after deducting any Court-awarded fees and expenses, notice and administration costs, and taxes, will be allocated among Class Members who submit valid claims, in exchange for the Settlement of the Action and the release of all claims asserted in the Action and related claims. **For additional information regarding the Settlement, please review the full Settlement Notice available at www.CelgeneSecuritiesLitigation.com.** If you are a Class Member, your *pro rata* share of the Settlement will depend on the number of valid claims submitted, and the number, size, and timing of your transactions in Celgene common stock during the relevant time period. If all Class Members elect to participate in the Settlement, the estimated average recovery per eligible share will be approximately $0.58 *before* deducting any Court-approved fees, expenses, and costs. Your actual share of the Settlement will be determined pursuant to the Plan of Allocation set forth in the full Settlement Notice, or other plan ordered by the Court.

**To be eligible for a payment, you must submit a valid Claim Form.** The Claim Form can be found and submitted on **www.CelgeneSecuritiesLitigation.com**, or you can request that one be mailed to you. **Claim Forms must be postmarked (if mailed), or submitted online, by _____, 2026.** If you want to object to any aspect of the Settlement, you must file, mail or email an objection by _____, 202_. The full Settlement Notice provides instructions on how to submit a Claim Form and how to object, and you must comply with all the instructions in the Settlement Notice. Because Class Members were previously provided the opportunity to request exclusion from the Class in connection with class certification, the Court is not permitting a second opportunity to request exclusion in connection with the Settlement.

The Court will hold a hearing on _____, 2026, at __:00 _.m., to consider, among other things, whether to approve the Settlement and a request by the lawyers representing the Class for up to 30% of the Settlement Fund in attorneys' fees, plus expenses of no more than $5.75 million (which equals a cost of approximately $0.19 per eligible share). You may attend the hearing and ask to be heard by the Court, but you do not have to. **For more information, call 1-855-648-0893, email info@CelgeneSecuritiesLitigation.com, or visit www.CelgeneSecuritiesLitigation.com.**

Exhibit A-1

Celgene Corp. Securities Litigation
c/o JND Legal Administrator
P.O. Box 91422
Seattle, WA 98111

**COURT-ORDERED LEGAL NOTICE**

*In re Celgene Corporation Securities Litigation,*
Case No. 2:18-cv-04772 (MEF) (JBC) (D.N.J.)

**Your legal rights may be affected by this securities
class action. You may be eligible for a cash
payment from the Settlement. Please read this
Postcard Notice carefully.**

**For more information, please visit
www.CelgeneSecuritiesLitigation.com
or call 1-855-648-0893.**

**[ADD QR CODE HERE]**

# EXHIBIT A-2

Exhibit A-2

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE CELGENE CORPORATION SECURITIES LITIGATION | Case No. 2:18-cv-04772 (MEF) (JBC)<br><br>CLASS ACTION |

## NOTICE OF (I) PROPOSED CLASS ACTION SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

**TO:**   **All persons and entities who purchased the common stock of Celgene Corporation ("Celgene") between April 27, 2017 and April 27, 2018, inclusive (the "Class Period"), and were damaged thereby.**

*A Federal Court authorized this Settlement Notice.*
*This is not a solicitation from a lawyer.*

**NOTICE OF SETTLEMENT:**  Please be advised that the Class Representative AMF Tjänstepension AB ("Class Representative" or "Lead Plaintiff"), on behalf of itself and the Class (as defined in ¶ 30 below), has reached a proposed settlement of the Action for **$239,000,000** in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Office of the Clerk of the Court, Celgene, any other Defendants in the Action, or their counsel. All questions should be directed to Class Counsel or the Claims Administrator (*see* ¶ 78 below).** [1]

1.   **Description of the Action and the Class:**  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging that Celgene and certain of its officers, Terrie Curran and Philippe Martin (together, the "Individual Defendants"), violated the federal securities laws by making false and misleading statements during the Class Period regarding certain Celgene products and product candidates, including the pharmaceutical drugs and drug candidates known as GED-0301, Otezla, and Ozanimod. A more detailed description of the Action is set forth in paragraphs 10-29 below. If the Court approves the proposed Settlement, the Action will be dismissed and members of the

---

[1]    All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings set forth in the Stipulation and Agreement of Settlement dated November 4, 2025 (the "Stipulation"), which is available at www.CelgeneSecuritiesLitigation.com.

Class (defined in paragraph 30 below) will settle and release all Released Plaintiff's Claims (defined in paragraph 41 below).

2.  **Statement of the Class's Recovery:**  Subject to Court approval, Class Representative, on behalf of itself and the Class, has agreed to settle the Action in exchange for a settlement payment of $239,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any reasonable Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, (d) any attorneys' fees awarded by the Court; and (e) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Class.  The proposed plan of allocation (the "Plan of Allocation") is attached hereto as Appendix A.

3.  **Estimate of Average Amount of Recovery Per Share:**  Based on Class Representative's damages expert's estimate of the number of Celgene common stock shares that may have been affected by the misstatements alleged in the Action and assuming that all Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) is $0.58 per eligible share of Celgene common stock.  **Class Members should note, however, that the foregoing average recovery per share is only an estimate.**  Some Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased or sold their Celgene common stock, and the total number and value of valid Claim Forms submitted.  Distributions to Class Members will be made based on the Plan of Allocation set forth in Appendix A or such other plan of allocation as may be ordered by the Court.

4.  **Average Amount of Damages Per Share:**  The Parties disagree about both liability and damages and do not agree on the average amount of damages per share that would be recoverable if Class Representative were to prevail in the Action.  Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any Class Members as a result of their conduct.

5.  **Attorneys' Fees and Expenses Sought:**  Plaintiff's Counsel, which have been prosecuting the Action on a wholly contingent basis for more than seven years, have not received any payment of attorneys' fees for their representation of the Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action.  Court-appointed Class Counsel, Kessler Topaz Meltzer & Check, LLP, will apply to the Court for an award of attorneys' fees for all Plaintiff's Counsel in an amount not to exceed 30% of the Settlement Fund.[2]  In addition, Class Counsel will apply for payment of the Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the Action, in an amount not to exceed $5.75 million, which may include an application for reimbursement of the reasonable costs and expenses incurred by Class Representative directly related to its representation of the Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.  If the Court approves Class Counsel's fee and expense application, the estimated average cost will be $0.19 per affected share of Celgene common stock.

---

[2]     "Plaintiff's Counsel" are Class Counsel Kessler Topaz Meltzer & Check, LLP; Liaison Counsel Carella, Byrne, Cecchi, Brody & Agnello, P.C. and Seeger Weiss, LLP; and additional counsel for the Class, Bernstein Litowitz Berger & Grossmann LLP.

6.    **Identification of Attorneys' Representatives:**    Class Representative and the Class are represented by Matthew L. Mustokoff of Kessler Topaz Meltzer & Check, LLP, 280 King of Prussia Road, Radnor, PA 19087, (610) 667-7706; info@ktmc.com.  Further information regarding the Action, the Settlement, and this Settlement Notice may be obtained by contacting the Claims Administrator at: *Celgene Corporation Securities Litigation*, c/o JND Legal Administration, P.O. Box 91422, Seattle, WA 98111; info@CelgeneSecuritiesLitigation.com; (855) 648-0893; or by or by visiting the case website, www.CelgeneSecuritiesLitigation.com.

7.    **Reasons for the Settlement:**    Class Representative's principal reason for entering into the Settlement is the immediate cash benefit for the Class without the risk or the delays inherent in further litigation.  Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery—or no recovery at all—might be achieved after a trial of the Action and the likely appeals that would follow a trial.  This process could be expected to last several years.  Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** *POSTMARKED OR SUBMITTED ONLINE* **NO LATER THAN _____, 2026.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Class Member, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiff's Claims (defined in ¶ 40 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 41 below), so it is in your interest to submit a Claim Form. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS** *RECEIVED* **NO LATER THAN _____, 2026.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Class Member. |
| **GO TO A HEARING ON _____, 2026 AT __:00 __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS** *RECEIVED* **NO LATER THAN _____, 2026.** | Filing a written objection and notice of intention to appear by _____, 2026 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**These rights and options—and the deadlines to exercise them—are further explained in this Notice. Please Note: the date and time of the Settlement Hearing—currently scheduled for [_____], 2026**

at [__]:00 _.m. Eastern Time—is subject to change without further notice to the Class.  If you plan
to attend the hearing, you should check the case website, www.CelgeneSecuritiesLitigation.com, or
with Class Counsel as set forth above to confirm that no change to the date and/or time of the
hearing has been made.

| WHAT THIS NOTICE CONTAINS |
|---|

Why Did I Get This Settlement Notice? ........................................................................... Page [___]
What Is This Case About? ............................................................................................... Page [___]
How Do I Know If I Am Affected By The Settlement?
   Who Is Included In The Class? ..................................................................................... Page [___]
What Are Class Representative's Reasons For The Settlement? ......................................... Page [___]
What Might Happen If There Were No Settlement? .......................................................... Page [___]
How Are Class Members Affected By The Action And The Settlement? ............................. Page [___]
How Do I Participate In The Settlement?  What Do I Need To Do? ................................... Page [___]
How Much Will My Payment Be? .................................................................................... Page [___]
What Payment Are The Attorneys For The Class Seeking?
   How Will The Lawyers Be Paid? .................................................................................. Page [___]
When And Where Will The Court Decide Whether To Approve The Settlement?
   Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
   Don't Like The Settlement? ........................................................................................ Page [___]
What If I Bought or Held Celgene Common Stock On Someone Else's Behalf? ................. Page [___]
Can I See The Court File?  Whom Should I Contact If I Have Questions? .......................... Page [___]
Appendix A: Plan of Allocation of the Net Settlement Fund ............................................. Page [___]

| WHY DID I GET THIS SETTLEMENT NOTICE? |
|---|

8.    The purpose of this Notice is to inform potential Class Members of the terms of the proposed
Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy
of the Settlement, the proposed Plan of Allocation, and the motion by Class Counsel for attorneys' fees
and Litigation Expenses (the "Settlement Hearing").  See ¶¶ 63-64 below for details about the Settlement
Hearing, including the date and location of the hearing.

9.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits
of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the
Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be
made after any appeals are resolved and after the completion of all claims processing.  Please be patient,
as this process can take some time to complete.

| WHAT IS THIS CASE ABOUT? |
|---|

10.    The initial complaint in this Action was filed on March 29, 2018.

11.    On September 26, 2018 the Court appointed: AMF Tjänstepension AB (then known as AMF
Pensionsförsäkring AB) as Lead Plaintiff and Kessler Topaz Meltzer & Check, LLP as Lead Counsel for
the putative class.

12.    On February 27, 2019, Lead Plaintiff filed the Second Amended Consolidated Class Action Complaint (the "Second Amended Complaint"), which sets forth the claims of the Class, including claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") (15 U.S.C. §§ 78j(b),and 78t(a)) and SEC Rule 10b-5 (17 C.F.R. § 240.10b-5).  The Second Amended Complaint alleged that during the period from January 12, 2015 through and including April 27, 2018, Defendants made materially false or misleading representations and omissions regarding certain Celgene products and product candidates, including the pharmaceutical drugs and drug candidates known as GED-0301, Otezla, and Ozanimod.  The Second Amended Complaint asserted that Defendants' alleged misrepresentations and omissions caused investors to purchase Celgene common stock at artificially inflated prices, and to suffer damages when the truth was revealed.

13.    On December 19, 2019, the Court granted in part and denied in part Defendants' motion to dismiss the Second Amended Complaint.

14.    On March 5, 2020, Defendants answered the Second Amended Complaint, denying Lead Plaintiff's claims and asserting various affirmative defenses.

15.    On May 1, 2020, Lead Plaintiff filed a motion for class certification, along with an expert report in support.  On June 25, 2020, Defendants filed their opposition to Lead Plaintiff's motion for class certification, along with an expert report.  On November 29, 2020, the Court granted Lead Plaintiff's motion for class certification, certifying the case as a class action on behalf of the Class defined in ¶ 30 below, and appointing Lead Plaintiff as Class Representative.

16.    On September 10, 2021, Class Representative filed an unopposed motion for Court approval of its proposed form and manner of providing notice to the Class of the pendency of the class action.  On April 21, 2022, the Court entered an Order granting the motion ("Class Notice Order").

17.    From May 11, 2022 through July 27, 2022, the Court-approved Notice Administrator, JND Legal Administration mailed 751,520 postcard notices of pendency of the Action as a class action ("Postcard Class Notice") and 6,176 copies of the longer Class Notice to potential Class Members and nominees.  Pursuant to the Class Notice Order, the Postcard Class Notice and Class Notice provided Class Members with the opportunity to request exclusion from the Class, explained that right, and set forth the deadline and procedures for doing so.  The Postcard Class Notice and Class Notice also informed Class Members that if they chose to remain a member of the Class, they would "be bound by all past, present, and future orders and judgments in the Action, whether favorable or unfavorable" and they "may not pursue a lawsuit on [their] own behalf with regard to any of the issues in the Action in connection with [their] purchase of Celgene common stock."  The Class Notice further informed Class Members that they might not have the further opportunity to exclude themselves from the Class at the time of any settlement.

18.    The deadline for requesting exclusion from the Class pursuant to the Class Notice was July 11, 2022.  Attached as Appendix A to the Stipulation is a list of the persons and entities who requested exclusion from the Class pursuant to the Class Notice.

19.    Fact discovery in the Action commenced in March 2020 and concluded in November 2022.  Pursuant to detailed document requests and substantial negotiations, Defendants produced over 4.8 million pages of documents to Class Representative.  Class Representative also produced more than 1,100 pages of documents to Defendants.  Class Representative also served subpoenas on and negotiated document discovery with more than 10 third parties.  In addition, the Parties conducted depositions of 21 fact witnesses, including Individual Defendants and other senior Celgene employees, and 10 expert witnesses.  The Parties also served and responded to interrogatories and requests for admission and exchanged

numerous letters concerning disputes between the Parties and with non-parties on discovery issues and litigated multiple discovery disputes concerning the production of responsive documents.

20.    On April 21, 2023, Defendants moved for summary judgment.  The Parties filed over 400 exhibits, and over 300 pages of statements of fact, in connection with the summary judgment motion.  On September 8, 2023, the Court granted in part and denied in part Defendants' motion for summary judgment.  On October 27, 2023, Defendants moved for partial summary judgment, and the motion was fully briefed on December 8, 2023.

21.    The Parties participated in a two-day mediation session on June 3 and 5, 2024, which did not result in a settlement.

22.    On July 23, 2024, the Court partially granted Defendants' partial motion for summary judgment and ordered further briefing as to some issues.  On October 10, 2024, the Court denied the remainder of Defendants' motion for summary judgment.  On November 15, 2024, Defendants sought leave to file a motion pursuant to Fed. R. Civ. P. 12(c), which was denied on April 30, 2025.  On November 21, 2024, Defendants moved to bifurcate the forthcoming trial by issue, and that motion was denied on May 1, 2025.

23.    On December 19, 2024, the Court held the final pretrial conference and entered the final pretrial order.  On April 7, 2025, the Parties filed numerous pre-trial motions concerning the admissibility of certain expert testimony and other categories of evidence at trial.  These motions were fully briefed on June 20, 2025.

24.    On August 25, 2025, the Court granted Class Representative leave to file a "narrow" further amended complaint, and on August 29, 2025, Class Representative filed the Fourth Amended Consolidated Class Action Complaint (the "Complaint").

25.    On August 25, 2025, the Court granted Class Representative's motion to bifurcate the trial into two phases for liability and individual damages.

26.    On September 10, 2025, the Parties participated in an additional mediation session with former U.S. District Judge Layn Phillips and David Murphy, Esq., both of Phillips ADR Enterprises.  In advance of the mediation, the Parties exchanged comprehensive mediation statements attaching documents produced in discovery.  The mediation did not result in a settlement.  However, the Parties continued settlement discussions that were facilitated by Judge Phillips and Mr. Murphy.

27.    On September 25, 2025, the Parties reached an agreement in principle to settle the Action in return for a cash payment of $239,000,000, subject to the execution of a customary "long form" stipulation and agreement of settlement and related papers.

28.    On November 4, 2025, the Parties entered into a Stipulation and Agreement of Settlement (the "Stipulation"), which sets forth the full terms and conditions of the Settlement.  The Stipulation can be viewed at www.CelgeneSecuritiesLitigation.com.

29.    On [_____], 2025, the Court preliminarily approved the Settlement, authorized notice of the Settlement to be disseminated to potential Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
## WHO IS INCLUDED IN THE CLASS?

30.    If you are a member of the Class, you are subject to the Settlement, unless you previously requested to be excluded from the Class.  The Class was certified by the Court's Order dated November 25, 2020 and consists of:

**All persons and entities who purchased the common stock of Celgene between April 27, 2017 and April 27, 2018, inclusive, and were damaged thereby**

Excluded from the Class are: (i) Defendants; (ii) any directors and officers of Celgene during the Class Period and members of their Immediate Families; (iii) the subsidiaries, parents and affiliates of Celgene; (iv) any firm, trust, corporation or other entity in which Celgene has or had a controlling interest; and (v) the legal representatives, heirs, successors and assigns of any such excluded party).  Also excluded from the Class are all persons and entities who previously requested exclusion from the Class in connection with the mailing of the Class Notice.  A list of the persons and entities who requested exclusion is available at www.CelgeneSecuritiesLitigation.com.

**Please Note:  Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to receive proceeds from the Settlement.**

**If you are a Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit a Claim Form and the required supporting documentation as set forth therein postmarked (or submitted online) no later than _____, 2026. The Claim Form is available at www.CelgeneSecuritiesLitigation.com, and an online claim can be submitted through that website.**

## WHAT ARE CLASS REPRESENTATIVE'S REASONS FOR THE SETTLEMENT?

31.    Class Representative and Class Counsel believe that the claims asserted against Defendants have merit.  Nonetheless, there were very significant risks to ongoing litigation, including the risk of an adverse outcome at trial or on appeal.  If Class Representative had proceeded to trial, it would have faced a number of substantial arguments regarding liability and damages from Defendants.

32.    Defendants would have argued at trial (as they had throughout the litigation) that the alleged misrepresentations at issue were not false or misleading at the time they were made and that Defendants sincerely believed the truth of the statements.  For example, Defendants would argue that Class Representative would be unable to prove scienter on its fraud claim based on the alleged misrepresentation of the sales environment for Otezla because Defendants had a reasonable basis to believe that Otezla's market share and prescription levels were growing (not static, as Class Representative claimed). Specifically, Defendant Curran would likely have testified that she honestly believed that her April and July 2017 statements regarding Otezla were true at the time she made them and that her statements were consistent with data and other information reflected in various internal Company documents.

33.    With respect to the Ozanimod statements, Defendants would have argued that these statements were also true when made and that they had a reasonable, good faith belief that the U.S. Food & Drug Association ("FDA") would accept for filing the December 2017 new drug application for Ozanimod based on the advice the Company received from its consultants—former FDA officials—and on regulatory

precedent. Thus, Defendants would contend that Class Representative could not establish scienter for the alleged Ozanimod misstatements because Defendants had a good faith belief that the application would be approved by the FDA and because the FDA ultimately did approve the drug.

34.    With respect to damages and loss causation, Defendants had challenged—and would continue to challenge—the damages models developed by Class Representative's expert, arguing that his measurements of the Class's damages failed to account for various, non-fraud-related "confounding" events that, when properly accounted for, would substantially reduce the potentially damages. Had Defendants prevailed on these arguments at trial, the Class's recovery would have been significantly reduced or eliminated.

35.    In light of these and other risks, the amount of the Settlement, and the immediacy of recovery to the Class, Class Representative and Class Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class. The Settlement provides a substantial benefit to the Class, namely $239,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery at all, after further pretrial proceedings, at trial, and on any appeals, possibly years in the future.

36.    Defendants expressly deny that Class Representative has asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, or wrongdoing whatsoever. Defendants further deny that Class Members were harmed or suffered any damages as a result of the conduct alleged in the Action. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

37.    If there were no Settlement and Class Representative failed to establish any essential legal or factual element of its claims against Defendants, neither Class Representative nor the other Class Members would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at trial or on appeal, the Class could recover less than the amount provided in the Settlement, or nothing at all.

## HOW ARE CLASS MEMBERS AFFECTED
## BY THE ACTION AND THE SETTLEMENT?

38.    As a Class Member, you are represented by Class Representative and Class Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page [___] below.

39.    If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, or Class Counsel's application for attorneys' fees and Litigation Expenses, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page [___] below.

40.    If you are a Class Member, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice

the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Class Representative and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment or the Alternate Judgment, if applicable, shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiff's Claim (as defined in ¶ 41 below) (including, without limitation, Unknown Claims) against Defendants and the other Defendants' Releasees (as defined in ¶ 42 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims directly or indirectly against any of the Defendants and the other Defendants' Releasees.

41.    "Released Plaintiff's Claims" means all claims, demands, losses, rights and causes of action of every nature and description whatsoever, that have been or could have been asserted in this Action or could in the future be asserted in any forum, whether known claims or Unknown Claims (defined herein), whether foreign or domestic, whether arising under federal, state, common, or foreign law, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, by Class Representative or its related parties, or any other Class Member and their related parties, which: (i) arise out of, are based upon, or relate to in any way any of the allegations, acts, transactions, facts, events, matters, occurrences, representations, or omissions involved, set forth, alleged, or referred to, or asserted in the Action, or which could have been alleged in the Action, and (ii) arise out of, are based upon, or relate to in any way the purchase or acquisition of Celgene common stock during the class period alleged in the Second Amended Complaint filed on February 27, 2019 (ECF No. 57) (i.e., January 12, 2015 through April 27, 2018, inclusive).  Released Plaintiff's Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any derivative or ERISA claims; or (iii) any claims of any person or entity who or which is excluded from the Class.

42.    "Defendants' Releasees" means Defendants and Former Defendants, and any and all of their current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, divisions, joint ventures, and partnerships, and each of their respective current or former officers, directors, partners, trustees, trusts, members, contractors, auditors, principals, agents, managing agents, employees, insurers, reinsurers, and attorneys, in their capacities as such, as well as each of the Individual Defendant's and Former Defendants' Immediate Family Members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, and assigns.

43.    "Unknown Claims" means any Released Plaintiff's Claims which either Class Representative or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Class Representative and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not
> know or suspect to exist in his or her favor at the time of executing the release and that, if

known by him or her, would have materially affected his or her settlement with the debtor or released party.

Class Representatives or other Class Members may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiff's Claims, but Class Representative and each Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment have settled and released, fully, finally, and forever, any and all Released Plaintiff's Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Class Representative and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

44.    The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents, in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in ¶ 45 below) (including, without limitation, Unknown Claims) against Class Representative and the other Plaintiff's Releasees (as defined in ¶ 46 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims directly or indirectly against any of the Plaintiff's Releasees.

45.    "Released Defendants' Claims" means any and all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Action.  Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement.

46.    "Plaintiff's Releasees" means Class Representative and all other Class Members, and any and all of their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, divisions, joint ventures, and partnerships, and each of their respective current or former officers, directors, partners, trustees, trusts, members, contractors, auditors, principals, agents, managing agents, employees, insurers, reinsurers, and attorneys, in their capacities as such, as well as each of the individual Class Members' Immediate Family Members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, and assigns.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

47.    To be eligible for a payment from the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation *postmarked (if mailed), or submitted online* at www.CelgeneSecuritiesLitigation.com **no later than _____, 2026**. You may obtain a Claim Form from the website maintained by the Claims Administrator for the case, www.CelgeneSecuritiesLitigation.com.  You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at 1-855-648-0893 or by emailing the Claims Administrator at info@CelgeneSecuritiesLitigation.com.  **Please retain all records of your ownership of and transactions in Celgene common stock, as they will be needed to document your Claim.**  The Parties and Claims Administrator do not have information about your transactions and holdings in Celgene common stock.

48.   If you do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

49.   At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

50.   Pursuant to the Settlement, Defendants have agreed to cause $239,000,000 in cash (the "Settlement Amount") to be paid into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the reasonable costs and expenses incurred in connection with providing notices to Class Members and administering the Settlement on behalf of Class Members; (c) any attorneys' fees and Litigation Expenses awarded by the Court; and (d) any other costs or fees approved by the Court) will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

51.   The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

52.   Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

53.   Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

54.   Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form postmarked (or submitted online) on or before _____, 2026 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Class Member releases the Released Plaintiff's Claims (as defined in ¶ 41 above) against the Defendants and other Defendants' Releasees (as defined in ¶ 42 above) and will be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims directly or indirectly against any of the Defendants and the other Defendants' Releasees whether or not such Class Member submits a Claim Form.

55.   Participants in and beneficiaries of any employee retirement and/or benefit plan covered by ERISA ("ERISA Plan") should NOT include any information relating to shares of Celgene common stock purchased or held through the ERISA Plan in any Claim Form they submit in this Action.  They should include ONLY shares of Celgene common stock purchased or held outside of an ERISA Plan.  Claims based on any ERISA Plan's purchases or holdings of Celgene common stock may be made by the plan's trustees.

56.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any Class Member.

57.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

58.    Only Class Members or persons authorized to submit a claim on their behalf will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Class by definition or that previously excluded themselves from the Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

59.    **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Class Representative.  At the Settlement Hearing, Class Representative will request that the Court approve the Plan of Allocation.  The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Class.**

| **WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING?** |
| :---: |
| **HOW WILL THE LAWYERS BE PAID?** |

60.    Plaintiff's Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Class, nor have Plaintiff's Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlement, Class Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 30% of the Settlement Fund.  At the same time, Class Counsel also intends to apply for payment of Litigation Expenses in an amount not to exceed $5.75 million, which may include an application for reimbursement of the reasonable costs and expenses incurred by Class Representative directly related to its representation of the Class, pursuant to the PSLRA.

61.    Class Counsel's motion for attorneys' fees and Litigation Expenses will be filed by _____, 2026.  A copy of Class Counsel's motion will be available for review at www.CelgeneSecuritiesLitigation.com.  The Court will determine the amount of any award of attorneys' fees or Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  *Class Members are not personally liable for any such fees or expenses*.

| **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE** |
| :---: |
| **SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?** |
| **MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?** |

62.    **Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing**.

63.    <u>**Please Note**</u>:  The date and time of the Settlement Hearing may change without further written notice to Class Members.  The Court may decide to allow Class Members to appear at the hearing by phone, without further written notice to the Class.  **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members may participate by phone or video, it is important that you monitor the Court's docket and the case website, <u>www.CelgeneSecuritiesLitigation.com</u>, before making any plans to attend the Settlement Hearing.**

**Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the case website, www.CelgeneSecuritiesLitigation.com. If the Court allows Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the telephone or video conference will be posted to the case website, www.CelgeneSecuritiesLitigation.com.**

64.    The Settlement Hearing will be held on _____, 2026 at __:00 _.m., before the Honorable Michael E. Farbiarz of the United States District Court for the District of New Jersey, either in person in Courtroom 4 of the Frank Lautenberg Post Office & U.S. Courthouse, 2 Federal Square, Newark, NJ 07102, or by telephone or videoconference, in the discretion of the Court. At the Settlement Hearing, the Court will consider: (a) whether the proposed Settlement is fair, reasonable, and adequate to the Class, and should be finally approved; (b) whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) whether the motion by Class Counsel for attorneys' fees and Litigation Expenses should be approved; and (e) other matters that may properly be brought before the Court in connection with the Settlement. The Court reserves the right to approve the Settlement, the Plan of Allocation, Class Counsel's motion for attorneys' fees and Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Class.

65.    Any Class Member may object to the Settlement, the proposed Plan of Allocation, or Class Counsel's motion for attorneys' fees and Litigation Expenses. Objections must be in writing. You may file any written objection, together with copies of all other papers and briefs supporting the objection, electronically with the Court or by letter mailed to the Clerk's Office at the United States District Court for the District of New Jersey, at the address set forth below **on or before _____, 2026**. If you submit your objection directly to the Court, you must also send the objections and supporting papers to Class Counsel and Defendants' Counsel at the addresses set forth below (either by U.S. mail or email) so that the papers are *received* **on or before _____, 2026.** You can also send an objection by email to Class Counsel and Defendants' Counsel at the email addresses set forth below **on or before _____, 2026**.

| **Clerk's Office** | **Class Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court District of New Jersey Clerk of the Court Martin Luther King Building & U.S. Courthouse 50 Walnut Street Room 4015 Newark, NJ 07101 | KESSLER TOPAZ MELTZER & CHECK, LLP Matthew L. Mustokoff 280 King of Prussia Road Radnor, PA 19087 **or** info@ktmc.com | LATHAM & WATKINS LLP Kevin M. McDonough 1271 Avenue of the Americas New York, NY 10020 **or** kevin.mcdonough@lw.com |

66.    Any objection must include: (a) the name of this proceeding, *In re Celgene Corporation Securities Litigation*, Case No. 2:18-cv-04772 (MEF) (JBC); (b) the objector's full name, current address, email address (if applicable), and telephone number; (c) the objector's signature; (d) a statement providing the specific reasons for the objection, including a detailed statement of the specific legal and factual basis for

each and every objection and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (e) documents sufficient to prove membership in the Class, including documents showing the number of shares of Celgene common stock that the objecting Class Member purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale. The documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

67. **You may not object to the Settlement, the Plan of Allocation, or Class Counsel's motion for attorneys' fees and Litigation Expenses if you are excluded from the Class (including if you excluded yourself by request in connection with the Class Notice and are listed in Appendix 1 to the Stipulation).**[3]

68. You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

69. If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Class Counsel's motion for attorneys' fees and Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office so that it is *received* on or before _____, 2026. Such persons may be heard orally at the discretion of the Court. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

70. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court so that the notice is *received* **on or before** _____, **2026**.

71. The Settlement Hearing may be adjourned by the Court without further written notice to the Class, other than a posting of the adjournment on the case website, www.CelgeneSecuritiesLitigation.com. If you plan to attend the Settlement Hearing, you should confirm the date and time with Class Counsel.

72. **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Class Counsel's motion for attorneys' fees and Litigation Expenses. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

---

[3]    As this Class was previously certified and, in connection with class certification, Class Members had the opportunity to request exclusion from the Class, the Court has exercised its discretion not to allow a second opportunity to request exclusion in connection with the Settlement proceedings.

| WHAT IF I BOUGHT OR HELD CELGENE |
| COMMON STOCK ON SOMEONE ELSE'S BEHALF? |

73.    In connection with the previously disseminated Class Notice, Nominees were advised that if they purchased or otherwise acquired Celgene common stock during the Class Period (April 27, 2017 through April 27, 2018, inclusive) for the beneficial interest of persons or entities other than themselves. they must either (a) provide a list of the names, addresses, and, if available, email addresses of all such beneficial owners to JND Legal Administration ("JND"); or (b) request from JND sufficient copies of the Postcard Class Notice to forward to all such beneficial owners for whom email addresses were not available, and then forward those Postcard Class Notices to all such beneficial owners.

74.    **If you previously provided the names and addresses of such beneficial owners identified above in connection with the Class Notice, and (i) those names and addresses remain current and (ii) you have no additional names and addresses for potential Class Members to provide to the Claims Administrator,** *you need do nothing further at this time*. The Claims Administrator will mail the Postcard Notice of the Settlement ("Postcard Notice") to the beneficial owners whose names and addresses were previously provided in connection with the Class Notice mailing.

75.    If you elected to mail or email the Class Notice directly to beneficial owners, you were advised that you must retain the mailing records for use in connection with any further notices that may be provided in the Action.  If you elected this option, the Claims Administrator will forward the same number of Postcard Notices to you to send to the beneficial owners, **and you must mail and/or email the Postcard Notices to those beneficial owners by no later than seven (7) calendar days after receipt of the Settlement Notice Packets.**  If you require more copies of the Postcard Notice than you previously requested in connection with the Class Notice mailing, please contact the Claims Administrator, JND, toll-free at 1-855-648-0893, and let them know how many notices you require.

76.    If you have <u>not</u> already provided the names and addresses for all persons and entities on whose behalf you purchased or acquired Celgene common stock from April 27, 2017 through April 27, 2018; or if you have additional names or updated or changed information, then the Court has ordered that you must, WITHIN SEVEN (7) CALENDAR DAYS OF YOUR RECEIPT OF THIS SETTLEMENT NOTICE, either: (i) send a list of the names, addresses, and, if available, email addresses of such beneficial owners to the Claims Administrator at *Celgene Corporation Securities Litigation*, c/o JND Legal Administration, P.O. Box 91422, Seattle, WA 98111, in which event the Claims Administrator shall promptly mail Postcard Notice to such beneficial owners, or (ii) request from JND sufficient copies of the Postcard Notice to forward to all such beneficial owners, and mail or email the Postcard Notice to the beneficial owners within seven (7) calendar days of receipt.  **AS STATED ABOVE, IF YOU HAVE ALREADY PROVIDED THIS INFORMATION IN CONNECTION WITH THE CLASS NOTICE, UNLESS THAT INFORMATION HAS CHANGED (*E.G.*, BENEFICIAL OWNER HAS CHANGED ADDRESS), IT IS UNNECESSARY TO PROVIDE SUCH INFORMATION AGAIN.**

77.    Upon full and timely compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Reasonable expenses shall not exceed $0.05 plus postage at the pre-sort rate used by the Claims Administrator per Postcard Notice mailed; $0.05 per Postcard Notice emailed; or $0.05 per mailing record provided to the Claims Administrator.  Such properly documented expenses incurred by Nominees in compliance with these directions shall be paid from the

Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

| **CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?** |
|---|

78.     This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be reviewed by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.njd.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street Room 4015, Newark, NJ 07101.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained, www.CelgeneSecuritiesLitigation.com.

All inquiries concerning this Settlement Notice and the Claim Form should be directed to:

*Celgene Corporation Securities Litigation*          and/or          KESSLER TOPAZ MELTZER
c/o JND Legal Administration                                                    & CHECK, LLP
P.O. Box 91422                                                              Matthew L. Mustokoff
Seattle, WA 98111                                                           280 King of Prussia Road
Radnor, PA 19087

(855) 648-0893
info@CelgeneSecuritiesLitigation.com                                    (610) 667-7706
info@ktmc.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2025                                    By Order of the Court
United States District Court
District of New Jersey

<u>Appendix A</u>

**<u>PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND</u>**

79.    As discussed above, the Settlement provides $239,000,000 in cash for the benefit of the Class. The Settlement Amount and any interest it earns constitute the "Settlement Fund." The Settlement Fund, after deduction of Court-approved attorneys' fees and Litigation Expenses, Notice and Administration Costs, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants—*i.e.*, Class Members who timely submit valid Claim Forms that are accepted for payment by the Court—in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve. Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Class. Any order modifying the Plan of Allocation will be posted on the www.CelgeneSecuritiesLitigation.com.

80.    The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement. The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

81.    The Plan of Allocation was developed in consultation with Class Representative's damages expert. In developing the Plan of Allocation, Class Representative's damages expert calculated the estimated amount of alleged artificial inflation in the per-share price of Celgene common stock that was allegedly proximately caused by Defendants' alleged materially false and misleading statements and omissions that were sustained following the Court's rulings on Defendants' motions for summary judgment. In calculating the estimated artificial inflation allegedly caused by those misrepresentations and omissions, Class Representative's damages expert considered price changes in Celgene common stock in reaction to public disclosures that allegedly corrected the alleged misrepresentations and omissions, adjusting the price change for factors that were attributable to market or industry forces or other Company-specific information unrelated to Class Representative's allegations.

82.    In order to have recoverable damages in connection with purchases of Celgene common stock during the Class Period, disclosure of the alleged misrepresentations or omissions must be the cause of the decline in the price of the Celgene common stock. In this case, Class Representative alleges that Defendants made false statements and omitted material facts during the Class Period, which had the effect of artificially inflating the prices of Celgene common stock. Alleged artificial inflation was removed from the price of Celgene common stock as the result of alleged corrective disclosures that occurred on October 26, 2017, February 27, 2018, and April 29, 2018, which partially removed the artificial inflation from the price of Celgene common stock on October 26, 2017, February 28, 2018, and April 30, 2018. In order to have a "Recognized Claim Amount" under the Plan of Allocation, shares of Celgene common stock must have been purchased during the Class Period and held through at least one of the dates where new

corrective information was released to the market and partially removed the alleged artificial inflation from the price of Celgene common stock.

## CALCULATION OF RECOGNIZED CLAIM AMOUNT

83.   Based on the formulas stated below, a "Recognized Loss Amount" will be calculated for each purchase of Celgene common stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that Recognized Loss Amount will be zero.[4]

84.   For each share of Celgene common stock purchased during the period from April 27, 2017 through April 27, 2018, inclusive, and:

    A.    Sold prior to the close of trading on October 25, 2017, the Recognized Loss Amount per share is zero.

    B.    Sold from October 26, 2017 through and including the close of trading on April 27, 2018, the Recognized Loss Amount will be *the lesser of*: (i) the amount of artificial inflation per share on the date of purchase as stated in Table A *minus* the amount of artificial inflation per share on the date of sale as stated in Table A, or (ii) the purchase price *minus* the sale price;

    C.    Sold from April 28, 2018 through and including the close of trading on July 27, 2018, the Recognized Loss Amount will be *the least of*: (i) the amount of artificial inflation per share on the date of purchase as stated in Table A; (ii) the purchase price *minus* the sale price, or (iii) the purchase price *minus* the average closing price between April 30, 2018 and the date of sale as stated in Table B at the end of this Notice; and

    D.    Held as of the close of trading on July 27, 2018, the Recognized Loss Amount will be *the lesser of*: (i) the amount of artificial inflation per share on the date of purchase as stated in Table A; or (ii) the purchase price *minus* $81.48, the average closing price for Celgene common stock from April 30, 2018 through July 27, 2018 (the last entry on Table B at the end of this Notice).[5]

---

[4] Any transactions in Celgene common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

[5] Under Section 21D(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  Consistent with the requirements of the statute, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Celgene common stock during the 90-day look-back period from April 30, 2018 through July 27, 2018.  The mean (average) closing price for Celgene common stock during period was $81.48.

## **ADDITIONAL PROVISIONS**

85.    **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated under ¶ 84 above.

86.    **FIFO Matching:** If a Claimant made more than one purchase or sale of Celgene common stock during the Class Period, all purchases and sales will be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

87.    **Purchase/Sale Prices:** For the purposes of calculations in ¶ 84 above, "purchase price" means the actual price paid, excluding any fees, commissions, and taxes, and "sale price" means the actual amount received, not deducting any fees, commissions, and taxes.

88.    **"Purchase/Sale" Dates:** Purchases and sales of Celgene common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Celgene common stock during the Class Period will not be deemed a purchase or sale of Celgene common stock for the calculation of a Claimant's Recognized Loss Amount, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase/sale of Celgene common stock unless (i) the donor or decedent purchased or sold such Celgene common stock during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to shares of such shares of Celgene common stock.

89.    **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase of the Celgene common stock.  The date of a "short sale" is deemed to be the date of sale of the Celgene common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

90.    In the event that a Claimant has an opening short position in Celgene common stock, the earliest purchases of Celgene common stock during the Class Period will be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

91.    **Common Stock Purchased/Sold Through the Exercise of Options:** Option contracts are not securities eligible to participate in the Settlement.  With respect to Celgene common stock purchased or sold through the exercise of an option, the purchase/sale date of the security is the exercise date of the option and the purchase/sale price is the exercise price of the option.

92.    **Market Gains and Losses:** The Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in Celgene common stock during the Class Period.  For purposes of making this calculation, the Claims Administrator will determine the difference between (i) the Claimant's Total Purchase Amount[6] and (ii) the sum of the

---

[6] The "Total Purchase Amount" is the total amount the Claimant paid (excluding any fees, commissions, and taxes) for all shares of Celgene common stock purchased during the Class Period.

Claimant's Total Sales Proceeds[7] and the Claimant's Holding Value.[8]  If the Claimant's Total Purchase Amount minus the sum of the Claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

93.    If a Claimant had a Market Gain with respect to his, her, or its overall transactions in Celgene common stock during the Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement.  If a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in Celgene common stock during the Class Period but that Market Loss was less than the Claimant's Recognized Claim, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

94.    **Determination of Distribution Amount:** If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant will receive his, her, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

95.    If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

96.    If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

97.    After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the Net Settlement Fund seven (7) months after the initial distribution, if Class Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Class Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-

---

[7] The Claims Administrator will match any sales of Celgene common stock during the Class Period first against the Claimant's opening position in Celgene common stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (not deducting any fees, commissions, and taxes) for sales of the remaining shares of Celgene common stock sold during the Class Period is the "Total Sales Proceeds."

[8] The Claims Administrator will ascribe a "Holding Value" of $87.10 to each share of Celgene common stock purchased during the Class Period that was still held as of the close of trading on April 27, 2018.

effective, the remaining balance will be contributed to a 501(c)(3) organization to be agreed upon by the Parties and approved by the Court with any dispute between the Parties to be settled by the Court.

98.   Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Claimants.  No person shall have any claim against Class Representative, Plaintiff's Counsel, Class Representative's damages or consulting experts, Defendants, Defendants' Counsel, or any of the other Plaintiff's Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Class Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court.  Class Representative, Defendants, and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

## TABLE A

### Estimated Artificial Inflation in Celgene Common Stock
### from April 27, 2017 through April 27, 2018

| Date Range | Artificial Inflation Per Share |
|---|---|
| April 27, 2017 through October 25, 2017 | $12.37 |
| October 26, 2017 through October 29, 2017 | $0.00 |
| October 30, 2017 through October 31, 2017 | $7.77 |
| November 1, 2017 through February 27, 2018 | $10.58 |
| February 28, 2018 through April 27, 2018 | $2.82 |

**TABLE B**

**90-Day Look-Back Table for Celgene Common Stock**
**(Closing Price and Average Closing Price:  April 30, 2018 – July 27, 2018)**

| Date | Closing Price | Average Closing Price Between April 30, 2018, and Date Shown | Date | Closing Price | Average Closing Price Between April 30, 2018, and Date Shown |
|---|---|---|---|---|---|
| 4/30/2018 | $87.10 | $87.10 | 6/14/2018 | $78.39 | $80.73 |
| 5/1/2018 | $87.93 | $87.52 | 6/15/2018 | $78.08 | $80.65 |
| 5/2/2018 | $86.90 | $87.31 | 6/18/2018 | $77.73 | $80.57 |
| 5/3/2018 | $85.40 | $86.83 | 6/19/2018 | $79.44 | $80.54 |
| 5/4/2018 | $86.89 | $86.84 | 6/20/2018 | $79.77 | $80.52 |
| 5/7/2018 | $84.57 | $86.47 | 6/21/2018 | $79.14 | $80.48 |
| 5/8/2018 | $83.13 | $85.99 | 6/22/2018 | $78.80 | $80.44 |
| 5/9/2018 | $82.80 | $85.59 | 6/25/2018 | $78.53 | $80.39 |
| 5/10/2018 | $82.38 | $85.23 | 6/26/2018 | $78.31 | $80.34 |
| 5/11/2018 | $84.54 | $85.16 | 6/27/2018 | $77.25 | $80.27 |
| 5/14/2018 | $85.31 | $85.18 | 6/28/2018 | $76.66 | $80.18 |
| 5/15/2018 | $81.98 | $84.91 | 6/29/2018 | $79.42 | $80.16 |
| 5/16/2018 | $81.36 | $84.64 | 7/2/2018 | $79.51 | $80.15 |
| 5/17/2018 | $79.98 | $84.31 | 7/3/2018 | $78.65 | $80.12 |
| 5/18/2018 | $78.37 | $83.91 | 7/5/2018 | $80.39 | $80.12 |
| 5/21/2018 | $74.69 | $83.33 | 7/6/2018 | $82.44 | $80.17 |
| 5/22/2018 | $76.61 | $82.94 | 7/9/2018 | $83.85 | $80.25 |
| 5/23/2018 | $77.66 | $82.64 | 7/10/2018 | $84.56 | $80.33 |
| 5/24/2018 | $79.54 | $82.48 | 7/11/2018 | $83.33 | $80.39 |
| 5/25/2018 | $78.63 | $82.29 | 7/12/2018 | $85.60 | $80.49 |
| 5/29/2018 | $77.83 | $82.08 | 7/13/2018 | $85.69 | $80.59 |
| 5/30/2018 | $77.97 | $81.89 | 7/16/2018 | $85.23 | $80.68 |
| 5/31/2018 | $78.68 | $81.75 | 7/17/2018 | $85.85 | $80.77 |
| 6/1/2018 | $79.04 | $81.64 | 7/18/2018 | $85.78 | $80.86 |
| 6/4/2018 | $78.65 | $81.52 | 7/19/2018 | $85.34 | $80.94 |
| 6/5/2018 | $77.97 | $81.38 | 7/20/2018 | $85.10 | $81.01 |
| 6/6/2018 | $78.79 | $81.29 | 7/23/2018 | $85.08 | $81.08 |
| 6/7/2018 | $78.79 | $81.20 | 7/24/2018 | $87.17 | $81.18 |
| 6/8/2018 | $79.06 | $81.12 | 7/25/2018 | $87.67 | $81.29 |
| 6/11/2018 | $78.33 | $81.03 | 7/26/2018 | $88.31 | $81.40 |
| 6/12/2018 | $77.47 | $80.91 | 7/27/2018 | $86.43 | $81.48 |
| 6/13/2018 | $77.38 | $80.80 | | | |

# EXHIBIT A-3

Exhibit A-3

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE CELGENE CORPORATION SECURITIES LITIGATION | Case No. 2:18-cv-04772 (MEF) (JBC)<br><br>CLASS ACTION |

## SUMMARY NOTICE OF (I) PROPOSED CLASS ACTION SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

**TO:** **All persons and entities who purchased the common stock of Celgene Corporation ("Celgene") between April 27, 2017 and April 27, 2018, inclusive (the "Class Period"), and were damaged thereby (the "Class")[1]:**

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, that Class Representative AMF Tjänstepension AB, on behalf of itself and the Court-certified Class, has reached a proposed settlement of the above-captioned securities class action (the "Action") for **$239,000,000** in cash (the "Settlement"). If approved, the Settlement will resolve all claims in the Action.

The Action involves allegations that Celgene and two of its former officers, Terrie Curran and Philippe Martin (collectively, "Defendants") violated the federal securities laws. Class Representative alleges that Defendants made material misrepresentations and omissions during the Class Period regarding certain Celgene products and product candidates, including the pharmaceutical drugs and drug candidates known as GED-0301, Otezla, and Ozanimod, in violation of Section 10(b) of the Securities Exchange Act of 1934. Defendants deny all allegations in the Action and deny any violations of the federal securities laws.[2]

A hearing (the "Settlement Hearing") will be held on _____, 2026, at __:__ __.m., before the Honorable Michael E. Farbiarz of the United States District Court for the District of New Jersey, either in person at Courtroom 4 of the Frank Lautenberg Post Office & U.S. Courthouse, 2 Federal Square, Newark, NJ 07102, or by telephone or videoconference, to determine: (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the

---

[1] Certain persons and entities are excluded from the Class by definition and others are excluded pursuant to their prior request. The full definition of the Class, including a complete description of who is excluded from the Class, is set forth in the full Settlement Notice referred to below.

[2] Capitalized terms not otherwise defined herein shall have the same meaning as in the Stipulation and Agreement of Settlement dated November 4, 2025 ("Stipulation"). The Stipulation can be viewed at www.CelgeneSecuritiesLitigation.com.

Releases specified and described in the Stipulation (and in the Settlement Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Class Counsel's motion for attorneys' fees in an amount not to exceed 30% of the Settlement Fund and payment of expenses in an amount not to exceed $5.75 million (which amount may include a request for reimbursement of the reasonable costs incurred by Class Representative directly related to its representation of the Class) should be approved.  Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the case website, www.CelgeneSecuritiesLitigation.com.

**If you are a member of the Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**.  This notice provides only a summary of the information contained in the full Notice of (I) Proposed Class Action Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Settlement Notice").  You may obtain copies of the Settlement Notice and the Claim Form on the case website, www.CelgeneSecuritiesLitigation.com; by contacting the Claims Administrator at: *Celgene Corporation Securities Litigation*, c/o JND Legal Administration, P.O. 91422, Seattle, WA 98111; by calling toll free 1-855-648-0893; or by emailing info@CelgeneSecuritiesLitigation.com.

If you are a Class Member, in order to be eligible to receive a payment from the Settlement, you must submit a Claim Form *postmarked* **(if mailed) or online by no later than _____, 2026**.  To submit a claim online, visit www.CelgeneSecuritiesLitigation.com. If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to receive a payment from the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Class Counsel's motion for attorneys' fees and expenses must be filed with the Court and delivered to Class Counsel and Defendants' Counsel or emailed to Class Counsel and Defendants' Counsel such that they are *received* **no later than _____, 202\_**, in accordance with the instructions set forth in the Settlement Notice. As this Class was previously certified and, in connection with class certification, Class Members had the opportunity to request exclusion from the Class, the Court has exercised its discretion not to allow a second opportunity to request exclusion in connection with the Settlement proceedings.

**Please do not contact the Court, the Office of the Clerk of the Court, Defendants, or their counsel regarding this notice.  All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Class Counsel.**

Requests for the Settlement Notice and Claim Form should be made to:

*Celgene Corporation Securities Litigation*
c/o JND Legal Administration
P.O. Box 91422
Seattle, WA 98111

(855) 648-0893
info@CelgeneSecuritiesLitigation.com
www.CelgeneSecuritiesLitigation.com

All other inquiries should be made to Class Counsel:

KESSLER TOPAZ MELTZER
& CHECK, LLP
Matthew L. Mustokoff
280 King of Prussia Road
Radnor, PA 19087

(610) 667-7706
info@ktmc.com

By Order of the Court

# EXHIBIT A-4

***Celgene Corporation Securities Litigation***
**Toll-Free Number: (855) 648-0893**
**Email:  info@CelgeneSecuritiesLitigation.com**
**Website:  www.CelgeneSecuritiesLitigation.com**

# PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by First-Class Mail to the address below, or submit it online at www.CelgeneSecuritiesLitigation.com, with supporting documentation, ***postmarked* (if mailed) or submitted online no later than _____, 2026**.

## Mail to:

***Celgene Corporation Securities Litigation***
**c/o JND Legal Administration**
**P.O. Box 91422**
**Seattle, WA 98111**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the Parties to the Action, or their counsel.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| **TABLE OF CONTENTS** | **PAGE #** |
|---|---|
| **PART I – CLAIMANT INFORMATION** | **2** |
| **PART II – GENERAL INSTRUCTIONS** | **3** |
| **PART III – SCHEDULE OF TRANSACTIONS IN CELGENE COMMON STOCK (NYSE: CELG; CUSIP: 151020104)** | **6** |
| **PART IV – RELEASE OF CLAIMS, CERTIFICATION, AND SIGNATURE** | **7** |

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's Name
First Name

Last Name

Joint Beneficial Owner's Name (*if applicable*)
First Name

Last Name

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (*e.g.*, Jones IRA).

Entity Name (if the Beneficial Owner is not an individual)

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

Street Address (second line, if needed)

City

State/Province   Zip Code

Foreign Postal Code (if applicable)

Foreign Country (if applicable)

Telephone Number (Day)

Telephone Number (Evening)

Email Address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim):

**Type of Beneficial Owner:**

Specify one of the following:

☐ Individual(s)   ☐ Corporation   ☐ UGMA Custodian   ☐ IRA

☐ Partnership   ☐ Estate   ☐ Trust   ☐ Other (describe: _____)

## PART II – GENERAL INSTRUCTIONS

1.       It is important that you completely read and understand the Notice of (I) Proposed Class Action Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Settlement Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Settlement Notice.  The Settlement Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Settlement Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. Other definitions of defined terms indicated by initial capital letters are set forth in the Stipulation and Agreement of Settlement dated November 4, 2025 (the "Stipulation"), which is available at www.CelgeneSecuritiesLitigation.com.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Settlement Notice, including the terms of the releases described therein and provided for herein.

2.       By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Settlement Notice.  If you are not a Class Member (see the definition of the Class on page [ __ ] of the Settlement Notice), or if you, or someone acting on your behalf, submitted a request for exclusion from the Class in connection with the previously disseminated Class Notice and are listed on Appendix 1 to the Stipulation, do not submit a Claim Form. **You may not, directly or indirectly, participate in the Settlement if you are not a Class Member.**  Thus, if you are excluded from the Class, any Claim Form that you submit, or that may be submitted on your behalf, will not be accepted.

3.       **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Settlement Notice or by such other plan of allocation as the Court approves.**

4.       On the Schedule of Transactions in Part III of this Claim Form, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Celgene common stock (including free transfers and deliveries), whether such transactions resulted in a profit or a loss.  **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

5.       **Please note**:  Only purchases of the common stock of Celgene Corporation ("Celgene") between April 27, 2017 and April 27, 2018, inclusive, are eligible under the Settlement and the proposed Plan of Allocation set forth in the Settlement Notice.  However, under the "90-day look-back period" (described in the Plan of Allocation), sales of Celgene common stock during the period from April 28, 2018 through the close of trading on July 27, 2018 will be used for purposes of calculating Recognized Claims under the Plan of Allocation. Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase information during this period must also be provided.

6.       You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Celgene common stock set forth in the Schedule of Transactions in Part III. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties and the Claims Administrator do not independently have information about your investments in Celgene common stock.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR

BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.

7.      **Please keep a copy of all documents that you send to the Claims Administrator.  Also, do not highlight any portion of the Claim Form or any supporting documents.**

8.      Use Part I of this Claim Form entitled "CLAIMANT INFORMATION" to identify the beneficial owner(s) of Celgene common stock.  The complete name(s) of the beneficial owner(s) must be entered.  If you held the Celgene common stock in your own name, you were the beneficial owner as well as the record owner.  If, however, your shares of Celgene common stock were registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of these shares, but the third party was the record owner.  The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement.  If there were joint beneficial owners each must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.

9.      **One Claim should be submitted for each separate legal entity or separately managed account.**  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, an individual should not combine his, her or their IRA transactions with transactions made solely in the individual's name).  Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form.  However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account.  The Claims Administrator reserves the right to request information on all the holdings and transactions in Celgene common stock made on behalf of a single beneficial owner.

10.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

    (a)     expressly state the capacity in which they are acting;

    (b)     identify the name, account number, Social Security Number (or Taxpayer Identification Number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Celgene common stock; and

    (c)     furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

11.     By submitting a signed Claim Form, you will be swearing that you:

    (a)     own(ed) the Celgene common stock you have listed in the Claim Form; or

    (b)     are expressly authorized to act on behalf of the owner thereof.

12.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

13.     Payments to eligible Authorized Claimants will be made only if the Court approves the Settlement, after any appeals are resolved, and after the completion of all claims processing.

14.    **PLEASE NOTE:**  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant.

15.    If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Settlement Notice, you may contact the Claims Administrator, JND Legal Administration, at the above address, by email at info@CelgeneSecuritiesLitigation.com, or by toll-free phone at (855) 648-0893, or you can visit the website, www.CelgeneSecuritiesLitigation.com, where copies of the Claim Form and Settlement Notice are available for downloading.

16.    NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the *mandatory* electronic filing requirements and file layout, you may visit the website www.CelgeneSecuritiesLitigation.com, or you may email the Claims Administrator's electronic filing department at info@CelgeneSecuritiesLitigation.com.  **Any file not in accordance with the required electronic filing format will be subject to rejection.**  The *complete* name of the beneficial owner of the securities must be entered where called for (*see* ¶ 8 above).  No electronic files will be considered to have been submitted unless the Claims Administrator issues an email confirming receipt of your submission.  **Do not assume that your file has been received until you receive that email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@CelgeneSecuritiesLitigation.com to inquire about your file and confirm it was received.**

## IMPORTANT:  PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS.  IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL-FREE AT (855) 648-0893.**

## PART III – SCHEDULE OF TRANSACTIONS IN CELGENE COMMON STOCK

The only eligible security is the common stock of Celgene Corporation ("Celgene").  During the Class Period, Celgene common stock traded on the NASDAQ.  Its ticker symbol was **CELG**, and its **CUSIP** was **151020104**.  Do not include information regarding securities other than Celgene common stock.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions ¶ 6, above.

| **1. HOLDINGS AS OF APRIL 27, 2017 –** State the total number of shares of Celgene common stock held as of the opening of trading on April 27, 2017.  (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ☐ |
|---|---|

**2. PURCHASES/ACQUISITIONS FROM APRIL 27, 2017 THROUGH APRIL 27, 2018, INCLUSIVE** – Separately list each and every purchase or acquisition (including free receipts) of Celgene common stock from April 27, 2017 through the close of trading on April 27, 2018.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding any taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |

**3. PURCHASES/ACQUISITIONS FROM APRIL 28, 2018 THROUGH JULY 27, 2018, INCLUSIVE** – State the total number of shares of Celgene common stock purchased or acquired (including free receipts) from April 28, 2018 through the close of trading on July 27, 2018.  If none, write "zero" or "0." _____

| **4. SALES FROM APRIL 27, 2017 THROUGH JULY 27, 2018** – Separately list each and every sale or disposition (including free deliveries) of Celgene common stock from April 27, 2017 through the close of trading on July 27, 2018.  (Must be documented.) | **IF NONE, CHECK HERE** ☐ |
|---|---|

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting any taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |

| **5. HOLDINGS AS OF JULY 27, 2018 –** State the total number of shares of Celgene common stock held as of the close of trading on July 27, 2018.  (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ☐ |
|---|---|

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.** ☐

## PART IV – RELEASE OF CLAIMS, CERTIFICATION, AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 8 OF THIS CLAIM FORM.**

I (We) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) (the claimant(s)') respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiff's Claim (including, without limitation, Unknown Claims) against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any and all of the Released Plaintiff's Claims directly or indirectly against any of the Defendants and the other Defendants' Releasees.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.      that I (we) have read and understand the contents of the Settlement Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.      that the claimant(s) is a (are) Class Member(s), as defined in the Settlement Notice, and is (are) not excluded by definition from the Class as set forth in the Settlement Notice;

3.      that the claimant(s) did ***not*** submit a request for exclusion from the Class;

4.      that I (we) own(ed) the Celgene common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.      that the claimant(s) has (have) not submitted any other claim covering the same purchases of Celgene common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.      that the claimant(s) has (have) not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any Released Plaintiff's Claim against any of the Defendants' Releasees;

7.      that the claimant(s) submit(s) to the jurisdiction of the United States District Court for the District of New Jersey with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

8.      that I (we) agree to furnish such additional information with respect to this Claim Form as Class Counsel, the Claims Administrator, or the Court may require;

9.      that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this Claim, and waive(s) any right of appeal or review with respect to such determination;

10.      that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

11.    that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the claimant(s) is (are) exempt from backup withholding or (ii) the claimant(s) has (have) not been notified by the IRS that he, she, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the claimant(s) that he, she, or it is no longer subject to backup withholding.  **If the IRS has notified the claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.


_____    _____
Signature of claimant                                                                                                              Date


_____
Print claimant name here


_____    _____
Signature of joint claimant, if any                                                                                         Date


_____
Print joint claimant name here


***If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:***


_____    _____
Signature of person signing on behalf of claimant                                                             Date


_____
Print name of person signing on behalf of claimant here


_____
Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – *see* ¶ 10 on page 4 of this Claim Form.)

## **REMINDER CHECKLIST**

1. Sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Attach only *copies* of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at (855) 648-0893.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address.  If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your claim, contact the Claims Administrator at the address below, by email at info@CelgeneSecuritiesLitigation.com, or by toll-free phone at (855) 648-0893, or you may visit www.CelgeneSecuritiesLitigation.com.  DO NOT call Celgene, the other Defendants, or their counsel with questions regarding your claim.

**This Claim Form must be mailed to the Claims Administrator by First-Class Mail or submitted online to www.CelgeneSecuritiesLitigation.com, postmarked (or submitted online) no later than _____, 2026.  If mailed, the Claim Form should be addressed as follows:**

*Celgene Corporation Securities Litigation*
c/o JND Legal Administration
P.O. Box 91422
Seattle, WA 98111

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

# EXHIBIT B

**Exhibit B**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE CELGENE CORPORATION SECURITIES LITIGATION | Case No. 2:18-cv-04772 (MEF) (JBC) |
| | CLASS ACTION |

## [PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a consolidated securities class action is pending in this Court entitled *In re Celgene Corporation Securities Litigation*, Case No. 2:18-cv-04772 (MEF) (JBC) (D.N.J.) (the "Action");

WHEREAS, by Order dated November 25, 2020 (ECF No. 115), the Court certified the Action to proceed as a class action on behalf of all persons and entities who purchased the common stock of Celgene between April 27, 2017 and April 27, 2018, inclusive, and were damaged thereby.[1]    The Court also appointed Lead Plaintiff AMF Tjänstepension AB as Class Representative for the Class, and appointed Lead Counsel Kessler Topaz Meltzer & Check, LLP as Class Counsel for the Class;

WHEREAS, by Order dated April 21, 2022 (ECF No. 199), the Court approved the proposed form and content of the Class Notice to be disseminated to the Class Members to notify them of, among other things: (i) the Action pending against Defendants; (ii) the Court's certification of the Action to proceed as a class action on behalf of the Class; and (iii) Class

---

[1]    Excluded from the Class are: (i) Defendants; (ii) any directors and officers of Celgene during the Class Period and members of their Immediate Families; (iii) the subsidiaries, parents and affiliates of Celgene; (iv) any firm, trust, corporation or other entity in which Celgene has or had a controlling interest; and (v) the legal representatives, heirs, successors and assigns of any such excluded party.  *See* Stipulation and Agreement of Settlement dated November 4, 2025 (the "Stipulation"), at ¶ 1(i).  Also excluded from the Class are the persons and entities who excluded themselves from the Class pursuant to the Class Notice as listed in Exhibit 1 hereto.

Members' right to request to be excluded from the Class by July 11, 2022, the effect of remaining in the Class or requesting exclusion, and the requirements for requesting exclusion; and approved the method of dissemination of the Class Notice;

WHEREAS, the Class Notice was mailed beginning on May 11, 2022 to all potential Class Members who could be identified through reasonable effort, resulting in the mailing of 751,520 copies of the Postcard Class Notice and 6,176 copies of the longer Class Notice, and thirty (30) requests for exclusion from the Class were received by July 11, 2022 (ECF No. 215, at ¶ 18 & Ex. C);

WHEREAS, (a) Class Representative, on behalf of itself and the Class; and (b) defendant Celgene Corporation ("Celgene" or the "Company") and defendants Terrie Curran and Philippe Martin (collectively, the "Individual Defendants," and together with Celgene, "Defendants," and, together with Class Representative, the "Parties") have entered into the Stipulation, that provides for a complete dismissal with prejudice and release of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meanings as they have in the Stipulation;

WHEREAS, by Order dated _____, 2025 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (b) ordered that notice of the proposed Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on _____, 2026 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.    **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2.    **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on November 4, 2025; and (b) the Postcard Notice, Settlement Notice, and Summary Settlement Notice, which were filed with the Court on _____, 20__.

3.    **Notice** – The Court finds that the dissemination of the Postcard Notice, Settlement Notice, and Claim Form and the publication of the Summary Settlement Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the effect of the proposed Settlement (including the Releases to be provided thereunder); (ii) Class Counsel's motion for attorneys' fees and Litigation Expenses; (iii) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation

Expenses; and (iv) their right to appear at the Settlement Hearing; (c) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (d) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

4.    **CAFA Notice** – The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied.

5.    [**Objections** – The Court has considered each of the objections to the Settlement submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure.  The Court finds and concludes that each of the objections is without merit, and each is hereby overruled.]

6.    **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class.  Specifically, the Court finds that: (a) Class Representative and Class Counsel have adequately represented the Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal; the proposed means of distributing the Settlement Fund to the Class; and the proposed attorneys' fee award; and (d) the Settlement treats members of the Class equitably relative to each other.  The

Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.      The Action and all of the claims asserted against Defendants in the Action by Class Representative and the other Class Members are hereby dismissed with prejudice.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8.      **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Class Representative, and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

9.      **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.   The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)      Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Class Representative and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiff's Claim (including, without limitation, Unknown Claims) against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims directly or indirectly against any of the Defendants and the other Defendants' Releasees.

(b)     Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (including, without limitation, Unknown Claims) against Class Representative and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims directly or indirectly against any of the other Plaintiffs' Releasees.

10.     Notwithstanding paragraphs 9(a)–(b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11.     **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12.     **No Admissions** – Neither this Judgment, the Stipulation, including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Parties' mediations and subsequent Settlement, the communications and/or discussions leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by

any of the Defendants' Releasees with respect to the truth of any fact alleged by Class Representative or the validity or infirmity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees, or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)    shall be offered against any of the Plaintiff's Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants or the other Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial;

*provided, however*, that the Parties and any other of the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

13. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

14. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Class Counsel for an award of attorneys' fees and Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

15. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Class Representative, the other Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of September 25, 2025, as provided in the Stipulation.

16.    __Entry of Final Judgment__ – There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____, 2026.


_____
The Honorable Michael E. Farbiarz
United States District Judge

9

**EXHIBIT 1**

| | | | |
|---|---|---|---|
| 1. | Jeannette Mondou<br>Voisins le Bretonneux<br>France | 11. | Michele A. Braatz<br>San Deigo, CA |
| 2. | Nicholas E. Smaby &<br>Sofie Grace Boyer<br>Michigan | 12. | Wim Bosch & Nancy Bosch<br>Avilla, IN |
| 3. | Leonard DeStefano &<br>Eileen DeStefano<br>Drexel Hill, PA | 13. | Lois J. Hopf<br>Jasper, IN |
| 4. | Aline H. Rolaff Revocable Trust<br>UAD 11/30/1995<br>First Hawaiian Bank (Trustee)<br>Honolulu, HI | 14. | Kencarolla Self-Managed<br>Superannuation Fund<br>Kenneth William Berndt &<br>Carol-Ann Berndt (Trustees)<br>Queensland<br>Australia |
| 5. | Maryanne T. Harris<br>Mashpee, MA | 15. | Entreprises Fiscali Taxe R.L. Inc.<br>C/O Robert Gagnon<br>Quebec<br>Canada |
| 6. | Jeffrey A. Hays<br>Edmond, OK | 16. | Nordea Bank S.A. (in liquidation)<br>C/O KPMG Luxembourg S.A.<br>Luxembourg City<br>Luxembourg |
| 7. | Margaret L. Rodeghero TTEE<br>Margaret L. Rodeghero Trust<br>UA DTD 07112019<br>Richmond, IN | 17. | Deborah Jane Novakowski<br>Parrish, FL |
| 8. | Makio Hayakawa<br>Tokyo<br>Japan | 18. | William L. Chan<br>Dunellen, NJ |
| 9. | Edna R. Shuey<br>Edna R. Shuey TTEE<br>U/A DTD 01/19/2005<br>Las Vegas, NV | 19. | Carol Susan Petrick<br>Dubuque, IA |
| | | 20. | Ruby G. Theilmann<br>British Columbia, Canada |
| 10. | Edwin J. Allen<br>North Chili, NY | 21. | Arturo McKeon &<br>Graciela Enriqueta Fallo<br>Buenos Aires<br>Argentina |

| | |
|---|---|
| 22. Schwab Capital Trust on behalf of its series Schwab Total Stock Market Index Fund, Schwab Health Care Fund, Schwab Dividend Equity Fund, Schwab Large-Cap Growth Fund, Schwab S&P 500 Index Fund, Schwab Core Equity Fund, Schwab Hedged Equity Fund, Schwab U.S. Large-Cap Growth Index Fund, and Schwab Fundamental US Large Company Index Fund; Schwab Strategic Trust on behalf of its series Schwab Fundamental U.S. Large Company Index ETF, Schwab Fundamental U.S. Broad Market Index ETF, Schwab U.S. Broad Market ETF, Schwab U.S. Large-Cap ETF, Schwab U.S. Large-Cap Growth ETF, and Schwab 1000 Index ETF; Schwab Annuity Portfolios on behalf of its series Schwab S&P 500 Index Portfolio; and Laudus Trust on behalf of its series Landus U.S. Large Cap Growth Fund<br>C/O Daniel L. Berger<br>Grant & Eisenhofer P.A.<br>Kansas City, MO | 25. Thomas S. Ogata &<br>Jean H. Ogata (Trustees)<br>JWM Revocable Living Trust<br>Plano, TX<br><br>26. DFA Investment Dimensions Group Inc. ("DFAIDG"), on behalf of its series, U.S. Core Equity 1 Portfolio, U.S. Core Equity 2 Portfolio, U.S. Sustainability Core 1 Portfolio, U.S. Large Cap Equity Portfolio, U.S. Large Cap Growth Portfolio, and U.S. High Relative Profitability Portfolio; Dimensional ETF Trust, on behalf of its series, Dimensional U.S. Equity ETF and Dimensional U.S. Core Equity 2 ETF; Dimensional Investment Group Inc. ("DIG"), on behalf of its series, U.S. Large Company Portfolio; Dimensional Funds plc, on behalf of its sub-funds Global Core Equity Fund, Global Sustainability Core Equity Fund, World Equity Fund, and U.S. Core Equity Fund; Dimensional Global Core Equity Trust and Dimensional Global Sustainability Trust (the "Dimensional Australian Trusts"), by DFA Australia Limited ("DFA Australia") solely in its capacity as single responsible entity; and DFA U.S. Core Equity Fund, by Dimensional Fund Advisors Canada ULC ("DFAC") solely in its capacity as Trustee<br>C/O Daniel L. Berger<br>Grant & Eisenhofer P.A.<br>Austin, TX |
| 23. California Public Employees' Retirement System<br>C/O Daniel L. Berger<br>Grant & Eisenhofer P.A.<br>Sacramento, CA | |
| 24. GIC Private Limited<br>Singapore<br>C/O Daniel L. Berger<br>Grant & Eisenhofer P.A. | |

| | | | |
|---|---|---|---|
| 27. | American Century Mutual Funds, Inc., solely on behalf of its series Select Fund, Ultra Fund, Growth Fund (solely as successor-in-interest to All Cap Growth Fund, a series of American Century Mutual Funds, Inc.), Balanced Fund, and Sustainable Equity Fund; American Century Variable Portfolios, Inc., solely on behalf of its series VP Balanced Fund, VP Disciplined Core Value Fund, VP Ultra Fund, and VP Large Company Value Fund; American Century Capital Portfolios, Inc., solely on behalf of its series Value Fund (solely as successor-in-interest to Capital Value Fund, a series of American Century Mutual Funds, Inc.), NT Focused Large Cap Value Fund, and Focused Large Cap Value Fund; American Century Strategic Asset Allocations, Inc., solely on behalf of its series Strategic Allocation: Conservative Fund, Strategic Allocation: Moderate Fund, and Strategic Allocation: Aggressive Fund; American Century Growth Funds, Inc., solely on behalf of its series Focused Dynamic Growth Fund; Nomura Funds Ireland pic, solely on behalf of its sub-funds American Century Global Growth Equity Fund and American Century Concentrated Global Growth Equity Fund; Nomura Institutional Fund Select, solely on behalf of its sub-fund Nomura Institutional Fund Select – American Century Global | | Growth Fund; Nomura Currency Fund, solely on behalf of its sub-fund Nomura Currency Fund - US Growth Equity Fund; and American Century Quantitative Equity Funds, Inc., solely on behalf of its series AC Alternatives Equity Market Neutral Fund, Disciplined Growth Fund, NT Equity Growth Fund, NT Core Equity Plus Fund, NT Disciplined Growth Fund, Equity Growth Fund, Core Equity Plus Fund, and Disciplined Core Value Fund C/O Daniel L. Berger Grant & Eisenhofer P.A. Kansas City, MO |
| | | 28. | Kensuke Koda Tokyo Japan |
| | | 29. | John Peter Welch New South Wales Australia |
| | | 30. | Roger James Calvert Heale Christchurch New Zealand |