UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE CELGENE CORPORATION SECURITIES LITIGATION | Case No. 2:18-cv-04772 (MEF) (JBC) <br><br> CLASS ACTION |

**ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE OF SETTLEMENT**

WHEREAS, a consolidated securities class action is pending in this Court entitled *In re Celgene Corporation Securities Litigation*, Case No. 2:18-cv-04772 (MEF) (JBC) (D.N.J.) (the "Action");

WHEREAS, by Order dated November 25, 2020 (ECF No. 115), the Court certified the Action to proceed as a class action on behalf of all persons and entities who purchased the common stock of Celgene between April 27, 2017 and April 27, 2018, inclusive, and were damaged thereby.[1] The Court also appointed Lead Plaintiff AMF Tjänstepension AB as Class Representative for the Class, and appointed Lead Counsel Kessler Topaz Meltzer & Check, LLP as Class Counsel for the Class;

WHEREAS, by Order dated April 21, 2022 (ECF No. 199), the Court approved the proposed form and content of the Class Notice to be disseminated to the Class Members to notify

---

[1] Excluded from the Class are: (i) Defendants; (ii) any directors and officers of Celgene during the Class Period and members of their Immediate Families; (iii) the subsidiaries, parents and affiliates of Celgene; (iv) any firm, trust, corporation or other entity in which Celgene has or had a controlling interest; and (v) the legal representatives, heirs, successors and assigns of any such excluded party. *See* Stipulation and Agreement of Settlement dated November 4, 2025 (the "Stipulation"), at ¶ 1(i). Also excluded from the Class are (i) the persons and entities who excluded themselves from the Class pursuant to the Class Notice as listed in Exhibit C to ECF No. 215, attached to the Stipulation as Appendix 1; and (ii) Judge Michael E. Farbiarz, Judge James B. Clark, III, their current or former chambers staff, and any of their family members.

them of, among other things: (i) the Action pending against Defendants; (ii) the Court's certification of the Action to proceed as a class action on behalf of the Class; and (iii) Class Members' right to request to be excluded from the Class by July 11, 2022, the effect of remaining in the Class or requesting exclusion, and the requirements for requesting exclusion; and approved the method of dissemination of the Class Notice;

WHEREAS, the Class Notice was mailed beginning on May 11, 2022 to all potential Class Members who could be identified through reasonable effort, resulting in the mailing of 751,520 copies of the Postcard Class Notice and 6,176 copies of the longer Class Notice, and thirty (30) requests for exclusion from the Class were received by July 11, 2022 (ECF No. 215, at ¶¶ 10, 18 & Ex. C);

WHEREAS, (a) Class Representative, on behalf of itself and the Class; and (b) defendant Celgene Corporation ("Celgene" or the "Company") and defendants Terrie Curran and Philippe Martin (collectively, the "Individual Defendants," and together with Celgene, "Defendants," and, together with Class Representative, the "Parties"), have determined to settle and dismiss with prejudice all claims asserted in this Action on the terms and conditions set forth in the Stipulation, subject to approval of this Court (the "Settlement");

WHEREAS, on November 4, 2025, Class Representative made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Class Members as more fully described herein ("Preliminary Approval Motion");

WHEREAS, on November 24, 2025, Class Counsel made a supplemental submission in further support of the Preliminary Approval Motion, attaching evidentiary support and a declaration from Class Representative's damages expert;

WHEREAS, by Opinion and Order dated December 5, 2025 ("December 5 Opinion and Order"), the Court granted Class Representative's motion but required certain revisions to the Claim Form and notice materials;

WHEREAS, as reflected in the December 5 Opinion and Order, the Court has worked through the factors for preliminary approval of class action settlements set forth in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975) and its progeny, evaluated (among other things) the recovery contemplated by the Settlement and the risks to the Class posed by continued litigation through trial and appeal, and is satisfied that this is a settlement that it likely could approve;

WHEREAS, on December 16, 2025, Class Counsel submitted a revised Claim Form and notice materials; and

WHEREAS, the Court has read and considered: (a) Class Representative's motion for preliminary approval of the Settlement and authorization to send notice of the Settlement to the Class, and the papers filed and arguments made in connection therewith; (b) the Stipulation and the exhibits attached thereto; and (c) Class Counsel's November 24, 2025 and December 16, 2025 supplemental submissions in further support of the Preliminary Approval Motion; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

2. **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on May 4, 2026 at 9:00 a.m. in Courtroom 4 of the Frank Lautenberg Post Office & U.S. Courthouse, 2 Federal Square, Newark, NJ 07102 for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Class Counsel for attorneys' fees and Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in paragraph 4 of this Order.

3. The Court may adjourn the Settlement Hearing without further notice to the Class and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class. The Court may decide to hold the Settlement Hearing by telephone or video conference without further mailed notice to the Class. If the Court orders that the Settlement Hearing be conducted telephonically or by video conference, that decision will be posted on the case website. Any Class Member (or his, her, or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's docket and/or the case website for any change in date, time, or format of the hearing.

4. **Retention of Claims Administrator and Manner of Giving Notice** – JND Legal Administration ("JND") was previously retained to supervise and administer the distribution of

the Class Notice and receive and process requests for exclusion from the Class. Class Counsel is now authorized to retain JND as Claims Administrator to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given as follows:

      (a)    not later than fifteen (15) business days after the date of entry of this Order (such date that is fifteen (15) business days after the date of entry of this Order, the "Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form attached hereto as Exhibit 1, to be mailed by first-class mail and/or emailed to potential Class Members who were previously sent a copy of the Class Notice or Postcard Class Notice; and to any other potential Class Member who otherwise may be identified through reasonable effort; and shall cause copies of the Settlement Notice and Claim Form, substantially in the forms attached hereto as Exhibits 2 and 3, respectively (together, the "Settlement Notice Packet"), to be mailed to the brokers and other nominees ("Nominees") contained in the Claims Administrator's broker database;

      (b)    by no later than the Notice Date, the Claims Administrator shall cause copies of the Settlement Notice and the Claim Form to be posted on the Website previously established for the Action, www.CelgeneSecuritiesLitigation.com. In addition, the Claims Administrator will mail a copy of the Settlement Notice Packet to any person who makes such a request;

      (c)    not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Settlement Notice, substantially in the form

attached hereto as Exhibit 4, to be published once in *The Wall Street Journal* and to be transmitted once over the *PR Newswire*; and

(d) not later than seven (7) calendar days prior to the Settlement Hearing, Class Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing, posting, and publication.

5. **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Postcard Notice, Settlement Notice, Claim Form, and Summary Settlement Notice, attached hereto as Exhibits 1, 2, 3, and 4, respectively, and (b) finds that the mailing, distribution, and/or posting of the Postcard Notice, Settlement Notice, and Claim Form and the publication of the Summary Settlement Notice in the manner and form set forth in paragraph 4 of this Order (i) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Class Counsel's motion for an award of attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses, and of their right to appear at the Settlement Hearing; (ii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iii) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Postcard Notice, Settlement Notice, and Summary Settlement Notice before they are mailed and/or emailed, posted, or published.

6.    **Nominee Procedures** – In connection with the previously disseminated Class Notices, Nominees were advised that, if they purchased or otherwise acquired Celgene common stock during the Class Period for the beneficial interest of persons or entities other than themselves, they must either: (i) within seven (7) calendar days of receipt of the Class Notice, request from JND sufficient copies of the Postcard Class Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Class Notices forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of the Class Notice, provide a list of the names and mailing addresses (and e-mail addresses, if available) of all such beneficial owners to JND.

(a)    For Nominees who chose the first option (*i.e.*, elected to mail or email the Postcard Class Notice directly to beneficial owners), JND shall forward the same number of Postcard Notices to such Nominees no later than the Notice Date, and the Nominees shall, by no later than seven (7) calendar days after receipt of the Postcard Notices, mail and/or email the Postcard Notices to their beneficial owners;

(b)    For Nominees who chose the second option (*i.e.*, provided a list of names, addresses, and, if available, email addresses of beneficial holders to JND), JND shall, by no later than the Notice Date, mail or email a copy of the Postcard Notice to each of the beneficial owners whose names and addresses and/or email addresses the Nominee previously supplied. Unless the Nominee purchased or otherwise acquired Celgene common stock during the Class Period for beneficial owners whose names and addresses were not previously provided to JND, or is aware of a name or address change of one of its beneficial owners, such Nominees need not take any further action;

7

(c) For Nominees that purchased or otherwise acquired Celgene common stock during the Class Period for beneficial owners whose names and addresses were not previously provided to JND or if a Nominee is aware of name, address, or email address changes for beneficial owners whose names, addresses, and email addresses were previously provided to JND, such Nominees shall, by no later than seven (7) calendar days after receipt of the Settlement Notice Packet, provide a list of the names, addresses, and, if available, email addresses of all such beneficial owners to JND, or shall request from JND sufficient copies of the Postcard Notice to forward to all such beneficial owners, which the Nominee shall, within seven (7) calendar days of receipt of the Postcard Notices from JND, mail to the beneficial owners; and

(d) Upon full and timely compliance with this Order, Nominees who mail or email the Postcard Notices to beneficial owners may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing JND with proper documentation supporting the expenses for which reimbursement is sought. Reasonable expenses shall not exceed $0.05 plus postage at the pre-sort rate used by the Claims Administrator per Postcard Notice mailed; $0.05 per Postcard Notice emailed; or $0.05 per mailing record provided to the Claims Administrator. Such properly documented expenses incurred by Nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

7. **CAFA Notice** – As provided in the Stipulation, Defendants have served the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.* ("CAFA") with the Court. Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA

notice. No later than seven (7) days before the Settlement Hearing, Defendants shall cause to be served on Class Counsel and filed with the Court proof of Defendants' compliance with the notice requirements of CAFA.

8. **Participation in the Settlement** – Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than ninety (90) calendar days after the Notice Date. Notwithstanding the foregoing, Class Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

9. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Class Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Class Counsel or the Claims Administrator; and (d) the Claim Form must be

complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

10. Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiff's Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 8 above.

11. **<u>No Further Opportunity to Request Exclusion from the Class</u>** – JND mailed 751,520 Postcard Class Notices and 6,176 Class Notices to potential Class Members beginning on May 11, 2022. (ECF No. 215, at ¶ 10.) The Postcard Class Notice and Class Notice expressly informed potential Class Members that if they did not request exclusion by July 11, 2022, they would be bound by all orders, whether favorable or unfavorable, that the Court enters in this case. (*See* ECF No. 215, at 12, 17.)[2] In light of this extensive notice program and the ample opportunity provided to Class Members to request exclusion from the Class in connection with the Class Notice, and in accordance with Rule 23(e)(4) of the Federal Rules of Civil Procedure, there is no

---

[2] In addition, the Class Notice expressly stated that "it is within the Court's discretion whether to allow a second opportunity to request exclusion from the Class if there is a settlement," and that no such opportunity was guaranteed. (ECF No. 215, at 12.)

need for a further opportunity for Class Members to exclude themselves from the Class in connection with the Settlement proceedings. *See, e.g.*, *Denney v. Deutsche Bank AG*, 443 F.3d 253, 271 (2d Cir. 2006) ("Neither due process nor Rule 23(e)(3) requires . . . a second opt-out period"); *Winn-Dixie Stores, Inc. v. Eastern Mushroom Mkg. Cooperative*, 2020 WL 5211035, at *13 (E.D. Pa. Sept. 1, 2020) (same); *In re Flonase Antitrust Litig.*, 2013 WL 12148283, at *2 (E.D. Pa. Jan. 14, 2013) (same).

12.     **Appearance and Objections at Settlement Hearing** – Any Class Member may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Court and delivering a notice of appearance to both Class Counsel and Defendants' Counsel, at the addresses set forth in paragraph 13 below, such that it is received on or before April 23, 2026 at 5:00 p.m., or as the Court may otherwise direct. Any Class Member that does not enter an appearance will be represented by Class Counsel.

13.     Any Class Member may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Class Counsel and Defendants' Counsel at the addresses set forth below (either by U.S. mail or email) such that they are received on or before April 23, 2026 at 5:00 p.m., or submitted an

objection by email to Class Counsel and Defendants' Counsel at the email addresses set forth below on or before April 23, 2026 at 5:00 p.m.

| **Class Counsel** | **Defendants' Counsel** |
|---|---|
| KESSLER TOPAZ MELTZER & CHECK, LLP<br>Matthew L. Mustokoff<br>280 King of Prussia Road<br>Radnor, PA 19087<br>info@ktmc.com | LATHAM & WATKINS LLP<br>Kevin M. McDonough<br>1271 Avenue of the Americas<br>New York, NY 10020<br>kevin.mcdonough@lw.com |

14. Any objections, filings, and other submissions by the objecting Class Member must include: (1) the name of this proceeding: *In re Celgene Corporation Securities Litigation*, Case No. 2:18-cv-04772 (MEF) (JBC); (2) the objector's full name, current address, email address (if applicable), and telephone number; (3) the objector's signature; (4) a statement providing the specific reasons for the objection, including a detailed statement of the specific legal and factual basis for each and every objection and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (5) documents sufficient to prove membership in the Class, including documents showing the number of shares of Celgene common stock that the objecting Class Member purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale. The documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

15. Any Class Member who wishes to be heard orally at the Settlement Hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Class Counsel's motion for attorneys' fees and Litigation Expenses must also file a notice of appearance with the Court and

serve it on Class Counsel and Defendants' Counsel at the addresses set forth in paragraph 13 above (either by U.S. mail or email) so that it is received on or before April 23, 2016 at 5:00 p.m. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

16. Any Class Member who or that does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Class Counsel's motion for attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

17. **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Class Representative, and all other members of the Class, from commencing or prosecuting any and all of the Released Plaintiff's Claims against each and all of the Defendants' Releasees.

18. **Settlement Administration Fees and Expenses** – All reasonable Notice and Administration Costs actually incurred and paid or payable, up to seven hundred and fifty thousand dollars ($750,000) may be paid from the Settlement Fund as set forth in the Stipulation without

further order of the Court. Additional reasonable Notice and Administration Costs may be paid prior to the Effective Date of the Settlement upon order of the Court.

19. **Settlement Fund** – The contents of the Settlement Fund held by The Huntington, National Bank (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

20. **Taxes** – Class Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

21. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Class Representative, the other Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of September 25, 2025, as provided in the Stipulation.

22. **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Parties' mediations and subsequent Settlement, the communications and/or discussions leading to the execution of the Stipulation, nor

any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Class Representative or the validity or infirmity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees, or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Plaintiff's Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants or the other Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

15

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial;

*provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

23. **Supporting Papers** – Class Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Class Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

24. **Jurisdiction** – The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this __19th__ day of __December__, 2025.

_____
The Honorable Michael E. Farbiarz
United States District Judge